**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2121
Facsimile: 503.778.2200

**Michelle Mancino Marsh**, *pro hac vice*
michelle.marsh@arentfox.com
**Allen G. Reiter**, *pro hac vice*
allen.reiter@arentfoxcom
**Eric Roman**, *pro hac vice*
eric.roman@arentfox.com
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: 212.484.3900
Facsimile: 212.484.3990

Attorneys for Defendant TRB Acquisitions LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity, | Case No. 3:15-CV-02113-SI |
| | Defendant TRB Acquisitions LLC's FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE COMPLAINT |
| Plaintiffs, | |
| v. | |
| **TRB ACQUISITIONS LLC,** a New York limited liability company, | |
| Defendant. | |

PAGE 1 -   FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
## COUNTERCLAIMS TO THE COMPLAINT

Defendant TRB Acquisitions LLC ("TRB"), by and through its undersigned counsel Lane

Powell PC and Arent Fox LLP hereby answers the Complaint filed by Plaintiffs adidas America,

Inc., adidas AG, adidas International Marketing B.V., Reebok International Ltd., and Reebok

International Limited ("Plaintiffs"), and submits the following Counterclaims, as follows:

### I.      INTRODUCTION

1.      TRB is without knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 1 of the Complaint and therefore denies the

same.

2.      TRB is without knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 2 of the Complaint and therefore denies the

same.

3.      TRB is without knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 3 of the Complaint and therefore denies the

same.

4.      TRB is without knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 4 of the Complaint and therefore denies the

same.

5.      TRB is without knowledge or information sufficient to form a belief as to the

truth of the allegations as set forth in paragraph 5 of the Complaint and therefore denies the

same.

PAGE 2 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

6.      In answer to paragraph 6 of the Compliant, TRB admits that it is the owner of U.S. Trademark Registration Nos. 4,466,857, 4,721,056, 4,664,665, 4,724,666, 4,721,054, and 4,466,856 (the "RBX Federal Registrations"), as well as all common law rights, to the trademark RBX and design shown below (and in earlier variations), and the RBX word mark alone (collectively the "RBX Marks") for use in connection with apparel and footwear, as well as other goods across a wide range of product categories.



TRB further admits that it or its predecessors in interest have used the RBX Marks on products that have been offered for sale or sold in the United States since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel. TRB further admits that the letters "RB" have been used by TRB's predecessor in interest since as early as 2007. TRB specifically denies that its use or the use by its predecessors in interest of the RBX Marks is recent or confusing with any of Plaintiffs' marks, or that its use of the RBX Marks was wrongful, in bad faith or otherwise in violation of any of Plaintiffs' alleged rights in any way. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 6.

7.      In answer to paragraph 7 of the Complaint, TRB admits that it is the owner of the RBX Federal Registrations and RBX Marks for apparel, including without limitation, clothing and sportswear, t-shirts, sweatshirts, shorts, pants, and jackets, among other goods across a wide range of product categories. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 7.

PAGE 3 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

8.      In answer to paragraph 8 of the Complaint, TRB admits that products that bear the RBX Marks have been offered for sale or sold in interstate commerce by TRB or its predecessors in interest since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel. TRB denies that it sold a product with three stripes as allegedly depicted in Paragraph 8, which appears to have been manipulated either physically or through photography to appear to be a garment with three stripes down the side. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 8.

9.      In answer to paragraph 9 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. TRB denies any other allegations contained in paragraph 9.

10.      In answer to paragraph 10 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. TRB denies any other allegations contained in paragraph 10.

## II.      PARTIES

11.      TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 11 of the Complaint concerning adidas AG's corporate organization, status, and place of business, and therefore denies the same.

12.      TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 12 of the Complaint concerning adidas International Marketing B.V.'s corporate organization, status, and place of business, and therefore denies the same.

13.      TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 13 of the Complaint concerning adidas America,

PAGE 4 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

Inc.'s corporate organization, status, place of business, or business, and therefore denies the same.

14.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 14 of the Complaint concerning Reebok International Ltd.'s corporate organization, status, and place of business, and therefore denies the same.

15.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 15 of the Complaint concerning Reebok International Limited's corporate organization, status, and place of business, and therefore denies the same.

16.     TRB admits the allegations of paragraph 16 of the Complaint, except that it denies its principal place of business is located on the 9th floor; the principal place of business is located on the 5th floor.

### III.     JURISDICTION AND VENUE

17.     TRB admits the allegations of paragraph 17 of the Complaint.

18.     TRB admits the allegations of paragraph 18 of the Complaint.

19.     TRB admits the allegations of paragraph 19 of the Complaint.

### IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 20 of the Complaint and therefore denies the same.

PAGE 5 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

21.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 21 of the Complaint and therefore denies the same.

22.     In answer to paragraph 22 of the Complaint, TRB admits that the U.S. Patent and Trademark Office's ("USPTO") records shows that ADIDAS AG is the last listed owner of federal trademark registration number 1,815,956, and that Exhibit 2 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 22 of the Complaint and therefore denies the same.

23.     In answer to paragraph 23 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 1,833,868, and that Exhibit 3 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 23 of the Complaint and therefore denies the same.

24.     In answer to paragraph 24 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 2,278,589, and that Exhibit 4 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 24 of the Complaint and therefore denies the same.

25.     In answer to paragraph 25 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number

PAGE 6 -   FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

3,029,129, and that Exhibit 5 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 25 of the Complaint and therefore denies the same.

26.    In answer to paragraph 26 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 3,029,135, and that Exhibit 6 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 26 of the Complaint and therefore denies the same.

27.    TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 27 of the Complaint, and therefore denies the same.

28.    In answer to paragraph 28 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 2,058,619, and that Exhibit 8 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 28 of the Complaint and therefore denies the same.

29.    In answer to paragraph 29 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 3,029,127, and that Exhibit 9 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form

PAGE 7 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

a belief as to the truth of the allegations as set forth in paragraph 29 of the Complaint and therefore denies the same.

30.     In answer to paragraph 30 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 3,087,329, and that Exhibit 10 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 30 of the Complaint and therefore denies the same.

31.     In answer to paragraph 31 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 2,278,591, and that Exhibit 11 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 31 of the Complaint and therefore denies the same.

32.     In answer to paragraph 32 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration numbers 870,136, 0961,353, 2,016,963, 2,284,308, 2,909,861, 2,999,646, 3,183,656, and 3,183,663, and that ADIDAS INTERNATIONAL MARKETING B.V. is the registrant and owner of federal trademark registration numbers 3,063,742, and 3,063,745, and that Exhibit 12 purports to include copies of the certificate of registration for those marks. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 32 of the Complaint and therefore denies the same.

PAGE 8 -    FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

33.     In answer to paragraph 33 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 1,674,229, and that Exhibit 13 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 33 of the Complaint and therefore denies the same.

34.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 34 of the Complaint, and therefore denies the same.

35.     In answer to paragraph 35 of the Complaint, TRB admits that the USPTO's records shows that ADIDAS AG is the last listed owner of federal trademark registration number 2,179,796 and that ADIDAS INTERNATIONAL MARKETING B.V. is the last listed owner of federal trademark registration numbers 2,411,802, 2,532,007, 2,651,325, 2,627,645, and 3,708,658, and that Exhibit 14 purports to include copies of the certificate of registration for those marks. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 35 of the Complaint and therefore denies the same.

36.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 36 of the Complaint and therefore denies the same.

37.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 37 of the Complaint, and therefore denies the same.

PAGE 9 -     FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
              COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

38.     In answer to paragraph 38 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 38, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

39.     TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 39 of the Complaint, and therefore denies the same.

40.     In answer to paragraph 40 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. TRB avers that adidas has co-existed with third party owners of "triangular" shaped marks containing lines for many years, including without limitation, the following federally registered marks for use on apparel and other products:

          

As to any other allegations set forth in paragraph 40, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

41.     In answer to paragraph 41 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 41, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

PAGE 10 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
              COUNTERCLAIMS TO THE COMPLAINT

42. TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 2 of the Complaint, and therefore denies the same.

43. TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 43 of the Complaint, and therefore denies the same.

44. TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 44 of the Complaint, and therefore denies the same.

45. In answer to paragraph 45 of the Complaint, TRB admits that the USPTO's records shows that REEBOK INTERNATIONAL LIMITED COMPANY is the last listed owner of federal trademark registration numbers 1,133,704, 1,390,793, 1,534,383, and 1,736,143, and that Exhibit 18 purports to include copies of the certificate of registration for those marks. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 45 of the Complaint and therefore denies the same.

46. In answer to paragraph 46 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 46, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

47. In answer to paragraph 47 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any

PAGE 11 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
             COUNTERCLAIMS TO THE COMPLAINT

other allegations set forth in paragraph 47, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

48.    TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 48 of the Complaint, and therefore denies the same.

49.    In answer to paragraph 49 of the Complaint, TRB admits that the USPTO's records shows that REEBOK INTERNATIONAL LIMITED COMPANY is the last listed owner of federal trademark registration number 3,074,802, and that Exhibit 20 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 49 of the Complaint and therefore denies the same.

50.    In answer to paragraph 50 of the Complaint, TRB admits that the USPTO's records shows that REEBOK INTERNATIONAL LIMITED COMPANY is the registrant and owner of the cancelled federal trademark registration number 3,612,991, and that Exhibit 21 purports to be a copy of the certificate of registration for that mark. Except as expressly admitted herein, TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 50 of the Complaint and therefore denies the same.

51.    TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 51 of the Complaint, and therefore denies the same.

52.    TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 52 of the Complaint, and therefore denies the same.

PAGE 12 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

53.    In answer to paragraph 53 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 53, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

54.    TRB is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 54 of the Complaint, and therefore denies the same.

55.    In answer to paragraph 55 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. TRB admits that products that bear the RBX Marks have been offered for sale or sold in interstate commerce by TRB or its predecessors in interest since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel. TRB specifically denies that its use or the use by its predecessors in interest of the RBX Marks is confusing with any of Plaintiffs' marks. As to any other allegations set forth in paragraph 55, TRB denies the same.

56.    In answer to paragraph 56 of the Complaint, TRB admits that TRB is the owner of RBX Registrations for the design mark shown below for, without limitation, apparel and footwear, as well as other goods across a wide range of product categories. TRB denies that the RBX design mark shown below bears a "three-stripe design."

PAGE 13 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
         COUNTERCLAIMS TO THE COMPLAINT

TRB further admits that it or its predecessors in interest have used the RBX Marks on products that have been offered for sale or sold in the United States since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel. TRB further admits that the letters "RB" have been used by TRB's predecessor in interest in connection with apparel since as early as 2007.  TRB specifically denies that its use or the use by its predecessors in interest of the RBX Marks is recent or confusing with any of Plaintiffs' marks, or that its use of the RBX Marks was wrongful, in bad faith or otherwise in violation of any of Plaintiffs' alleged rights in any way. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 56.

57.    In answer to paragraph 57 of the Complaint, TRB admits that products that bear the RBX Marks have been offered for sale or sold in retail channels of trade by TRB or its predecessors in interest since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel. TRB further denies that it sold a product with three stripes as allegedly depicted in Paragraphs 8 and 57, which appears to have been manipulated either physically or through photography to appear to be a garment with three stripes down the side. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 57.

58.    In answer to paragraph 58 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 58, TRB denies the same.

59.    In answer to paragraph 59 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. TRB admits that Plaintiffs do not manufacture TRB's products that bear TRB's federally registered RBX mark. TRB further admits that it is not associated, affiliated or connected with Plaintiffs, or

PAGE 14 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

sponsored by Plaintiffs. Except as expressly admitted herein, TRB denies the allegations contained in paragraph 59.

60.    In answer to paragraph 60 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 60, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

61.    In answer to paragraph 61 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 61, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

62.    In answer to paragraph 62 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 62, TRB denies the same.

63.    In answer to paragraph 63 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 63, TRB denies the same.

64.    In answer to paragraph 64 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 64, TRB denies the same.

65.    In answer to paragraph 65 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 65, TRB denies the same.

PAGE 15 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
             COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

66.    In answer to paragraph 66 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 66, TRB denies the same.

67.    In answer to paragraph 67 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 67, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

68.    In answer to paragraph 68 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 68, TRB denies the same.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

69.    TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 68.

70.    In answer to paragraph 70 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 70, TRB denies the same.

71.    In answer to paragraph 71 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 71, TRB denies the same.

72.    In answer to paragraph 72 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 72, TRB denies the same.

PAGE 16 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

73.     In answer to paragraph 73 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 73, TRB denies the same.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

74.     TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 73.

75.     In answer to paragraph 75 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 75, TRB denies the same.

76.     In answer to paragraph 76 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 76, TRB denies the same.

77.     In answer to paragraph 77 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 77, TRB denies the same.

78.     In answer to paragraph 78 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 78, TRB denies the same.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution of the Three-Stripe Mark and REEBOK Mark)

79.     TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 78.

PAGE 17 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

80.    In answer to paragraph 80 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 80, with respect to its own actions, TRB denies the same. As to any other allegations with respect to Plaintiffs' conduct, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

81.    In answer to paragraph 81 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 81, TRB denies the same.

82.    In answer to paragraph 82 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 82, TRB denies the same.

83.    In answer to paragraph 83 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 83, TRB denies the same.

## FOURTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices)

84.    TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 83.

85.    In answer to paragraph 85 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 85, TRB denies the same.

PAGE 18 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                  COUNTERCLAIMS TO THE COMPLAINT

86.     In answer to paragraph 86 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 86, TRB denies the same.

87.     In answer to paragraph 87 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 87, TRB denies the same.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

88.     TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 87.

89.     In answer to paragraph 89 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 89, TRB denies the same.

90.     In answer to paragraph 90 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 90, TRB denies the same.

91.     In answer to paragraph 91 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 91, TRB denies the same.

92.     In answer to paragraph 92 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 92, TRB denies the same.

PAGE 19 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                    COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## SIXTH CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Business Reputation)

93.    TRB reaffirms, realleges, and incorporates herein by reference the answers set forth in paragraphs 1 through 92.

94.    In answer to paragraph 94 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 94, with respect to its own actions, TRB denies the same. As to any other allegations with respect to Plaintiffs' conduct, TRB is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

95.    In answer to paragraph 95 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 95, TRB denies the same.

96.    In answer to paragraph 96 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 96, TRB denies the same.

97.    In answer to paragraph 97 of the Complaint, to the extent that the allegations contained therein constitute a legal conclusion or argument, no answer is required. As to any other allegations set forth in paragraph 97, TRB denies the same.

### PRAYER FOR RELIEF

TRB denies that Plaintiffs are entitled to any of the relief requested and also denies that such requested relief could properly be granted to Plaintiffs.

PAGE 20 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Plaintiffs fail to state a claim against TRB on which the Court can grant relief, and therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint and alleged claim or claims raised therein must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Plaintiffs' claims are barred in whole or in part by the applicable two year statute of limitations in the state of Oregon and any other applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.     Plaintiffs' claims are barred in whole or in part due to waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     Plaintiffs' claims are barred in whole or in part pursuant to the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiffs' claims are barred in whole or in part due to their unclean hands, including without limitation, attempting to prevent lawful competition in the marketplace, failure to perform a reasonable pre-suit investigation, asserting cancelled or otherwise unenforceable trademark registrations, and failure to alert the Court to TRB's numerous *prima facie* valid federal trademark registrations, obtained without any objection from any of the Plaintiffs.

AFDOCS/13050773.1                    **LANE POWELL** PC
                              601 SW SECOND AVENUE, SUITE 2100
                               PORTLAND, OREGON 97204-3158
                               503.778.2100  FAX: 503.778.2200

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.    Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

7.    Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

### (Federal Preemption of State Law Dilution Claims)

8.    Plaintiffs' state law dilution claims are barred because they are preempted by federal law and TRB's ownership of federal trademark registrations.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    Plaintiffs have failed to mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

10.    Plaintiffs would be unjustly enriched if allowed to recover on their Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Trademark Misuse)

11.    Plaintiffs have used their trademark registrations to improperly and unfairly promote a monopoly and restrict competition, and therefore should be denied enforcement of any purported rights therein.

AFDOCS/13050773.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## TWELFTH AFFIRMATIVE DEFENSE

### (Abandonment)

12.     Plaintiffs' claims with respect to the mark "RBK" are barred in whole or in part by their abandonment of any rights they may have had in the mark.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Non-Trademark Usage of Stripes)

13.     Plaintiffs' claims are barred in whole or in part by the fact that TRB's use of stripes on clothing and footwear is merely ornamental, decorative, non-source identifying, aesthetically functional, functional, and/or generic.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

14.     TRB reserves the right to allege additional defenses in the event that discovery or other analysis indicates that additional affirmative or other defenses are appropriate.

## TRB'S PRAYER FOR FURTHER RELIEF

TRB requests that each prayer for relief sought by Plaintiffs be denied, that this Court enter judgment for TRB and against Plaintiffs on all counts, and that the Complaint be dismissed with prejudice, and further that this Court:

A.     Award TRB its costs of defending against the Complaint, together with reasonable attorneys' fees and costs as may be allowed by applicable law and/or the equity powers of this Court; and

B.     Award TRB such other and further relief this Court deems just and proper.

AFDOCS/13050773.1                    LANE POWELL PC
                            601 SW SECOND AVENUE, SUITE 2100
                             PORTLAND, OREGON 97204-3158
                            503.778.2100  FAX: 503.778.2200

## COUNTERCLAIMS

For its counterclaims against Counterclaim-Defendants Adidas America, Inc., Adidas AG, Adidas International Marketing B.V., Reebok International Ltd., and Reebok International Limited (each individually "Counterclaim-Defendant" and together "Counterclaim-Defendants"), Counterclaimant TRB Acquisitions LLC ("Counterclaimant" or "TRB") asserts the following counterclaims.

## THE PARTIES

1.      Counterclaimant TRB Acquisitions LLC is a New York limited liability company, with its principal place of business at 34 West 33rd Street, 5th Floor, New York, New York 10001.

2.      On information and belief, Counterclaim-Defendant adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

3.      On information and belief, Counterclaim-Defendant adidas International Marketing B.V. is organized under the laws of the Netherlands, having a principal place of business at Atlas Arena Offices, Africa Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

4.      On information and belief, Counterclaim-Defendant adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.

5.      On information and belief, Counterclaim-Defendant Reebok International Ltd. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts,

PAGE 24 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

having its principal place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts 02021.

6.       On information and belief, Counterclaim-Defendant Reebok International Limited is a corporation organized and existing under the laws of England, having its principal place of business at 11/12 Pall Mall, London SW1Y 5LU, England.

7.       On information and belief, Reebok International Ltd. and Reebok International Limited are wholly owned by adidas AG.

## JURISDICTION AND VENUE

8.       This Court has jurisdiction over the subject matter of this counterclaim pursuant to 15 U.S.C. §§ 1064, 1119, 1121 and 28 U.S.C. §§ 1331, 1338, 1367, 2201.

9.       In their Complaint, Counterclaim-Defendants have charged Counterclaimant with federal trademark infringement, federal unfair competition, federal trademark dilution, unfair and deceptive trade practices, common law trademark infringement and unfair competition, and state trademark dilution and injury to business reputation under numerous state laws.

10.      This Court has personal jurisdiction over Counterclaim-Defendants based on, *inter alia*, Counterclaim-Defendants filing of this lawsuit in this jurisdiction. On information and belief, this Court also has personal jurisdiction, pursuant to ORS § 14.080, over adidas America, Inc. because it resides in Portland, Multnomah County, Oregon.

11.      Based solely on Plaintiff's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least to 28 U.S.C. § 1391.

12.      An immediate, real, and justiciable controversy exists between Counterclaimant and the Counterclaim-Defendants as to whether TRB's six trademark registrations for the mark RBX and design, as depicted below, namely, U.S. Trademark Registration Number 4,466,856,

PAGE 25 -   FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

U.S. Trademark Registration Number 4,466,857, U.S. Trademark Registration Number 4,664,665, U.S. Trademark Registration Number 4,721,054, U.S. Trademark Registration Number 4,721,056, and U.S. Trademark Registration Number 4,724,666 (the "RBX Federal Registrations") are valid.

13.    An immediate, real, and justiciable controversy also exists between Counterclaimant and the Counterclaim-Defendants as to whether TRB has, or is likely to, infringe any of Counterclaim-Defendants' U.S. trademark rights asserted in the Complaint or before the Trademark Trial and Appeal Board ("TTAB").

14.    An immediate, real, and justiciable controversy also exists between Counterclaimant and the Counterclaim-Defendants as to whether Counterclaim-Defendants have abandoned the RBK trademarks, such that U.S. Trademark Registration Number 3,074,802, U.S. Trademark Registration Number 3,612,991, and U.S. Trademark Registration Number 3,234,100 are all invalid and subject to cancellation.

15.    An immediate, real, and justiciable controversy also exists between Counterclaimant and the Counterclaim-Defendants as to adjudicating the proper scope of U.S. Trademark Registration Number 3,234,100 and rectifying that registration record at the U.S. Patent and Trademark Office ("USPTO").

PAGE 26 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIMS TO THE COMPLAINT

16.     An immediate, real, and justiciable controversy also exists between Counterclaimant and the Counterclaim-Defendants as to the invalidity and unenforceability of U.S. Trademark Registration Number 3,612,991.

## FACTS PERTINENT TO COUNTERCLAIMS

17.     In March 2011, TRB acquired all right, title, and interest in and to the RBX trademarks from its predecessor-in-interest, The Rugged Bear Company f/d/b/a RB Acquisition Corp., a Delaware Corporation ("RBC").

18.     Upon information and belief, RBC was founded in and about 1980, as a family business by Alan McDonough, who was previously a co-founder of the highly successful outdoor adult clothing and gear retailer Eastern Mountain Sports.

19.     Upon information and belief, Alan McDonough founded RBC, in part, to offer for children the same high-quality, durable outwear that Eastern Mountain Sports was known for in the adult outdoor clothing field.

20.     Upon information and belief, since the early 1980's, RBC operated retail stores throughout New England, New York, and New Jersey, selling a wide variety of children's apparel, footwear, and accessories.

21.     Upon information and belief, RBC was a beloved brand, known for selling high quality, well-designed apparel, footwear, and accessories at reasonable prices.

22.     Upon information and belief, in or about March 2005, RBC designed and created the RBX trademark (an abbreviation of "Rugged Bear Xtreme") and the distinctive logo as shown below, and used the marks in connection with the sale and marketing of apparel and accessories from as early as Fall 2006 to 2011. Upon information and belief, the six elongated

PAGE 27 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
              COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

ovals in the logo represented bear claw marks, and were not intended to, and do not, represent

stripes.



    23.    Examples of RBC's RBX branded apparel is shown below:



PAGE 28 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200



PAGE 29 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT



24.    Upon information and belief, RBC sold its RBX branded apparel and accessories in at least 29 retail stores and over the Internet.

25.    Upon information and belief, Counterclaim-Defendants were aware of RBC.

26.    Upon information and belief, Counterclaim-Defendants never objected to RBC's use of the RBX trademarks.

27.    Additionally, TRB also owns through acquisition, all right, title, and interest in and to the mark RBX for use in connection with socks, a mark that TRB's predecessor-in-interest, SmartWool LLC ("Smartwool"), used since as early as 2002.

28.    Upon information and belief, Counterclaim-Defendants were aware of Smartwool.

29.    Counterclaim-Defendants never objected to Smartwool's use of the RBX trademark.

30.    Since 2012, after the acquisition, TRB, by and through itself and authorized licensees have designed, manufactured, marketed, distributed, and sold high quality, affordable athletic apparel and fitness tools and accessories under the RBX trademarks.

PAGE 30 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

31.    TRB's RBX branded apparel are stylish, comfortable, and moderately priced active wear sold throughout the United States in well-known department stores and popular online retailers.

32.    As a result of its long and extensive sales across the United States, TRB's RBX branded designs and sportswear are well-known and well-received, and are a recipient of substantial industry and consumer praise for its innovative designs and affordable prices.

33.    On August 24, 2011, TRB filed a U.S. trademark application for the mark identified in Paragraph 12 of these Counterclaims , in connection with "All purpose bags, backpacks, knapsacks, school book bags, pouches for school supplies, luggage bags, tote bags, shopping bags, beach and pool tote bags" in International Class 18, assigned U.S. Trademark Serial No. 85/405,682 (the "'682 Application").

34.    The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '682 Application.

35.    The '682 Application was published for opposition on August 14, 2012.

36.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '682 Application.

37.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '682 Application.

38.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '682 Application during its publication period.

PAGE 31 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

39.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition proceeding against the '682 Application during its publication period.

40.     No third parties filed an Opposition proceeding against the '682 Application during its publication period.

41.     The '682 Application matured into U.S. Trademark Registration Number 4,466,856, which issued on January 14, 2014, claiming a first use date of at least as early as February 15, 2013, for the mark identified in Paragraph 12 in International Class 18 for "all purpose carrying bags, all purpose sport bags, backpacks, knapsacks, school book bags, pouches for school supplies, luggage bags, tote bags, excluding bags used specifically for cycling" ("'856 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 1.**

42.     On August 24, 2011, TRB applied for a U.S. trademark application for the mark identified in Paragraph 12, in connection with "Clothing; footwear" in International Class 25, assigned U.S. Trademark Serial No. 85/405,693 (the "'693 Application").

43.     The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '683 Application.

44.     The '693 Application was published for opposition on August 14, 2012.

45.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '693 Application.

46.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '693 Application.

PAGE 32 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

47.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '693 Application during its publication period.

48.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition proceeding against the '693 Application during its publication period.

49.     No third parties filed an Opposition proceeding against the '693 Application during its publication period.

50.     The '693 Application matured into U.S. Trademark Registration Number 4,466,857, which issued on January 14, 2014, claiming a first use date of at least as early as July 2012, for the mark identified in Paragraph 12, in International Class 25 for "clothing and sportswear, namely, t-shirts, shirts, knit sport shirts, pants, shorts, sweaters, socks, swimwear, sweatshirts, hooded sweatshirts, sweatpants, warm-up suits, tights, gloves, jackets, parkas, vests, wind-resistant jackets and vests, snow pants, ski bibs, headwear, headbands, hats, caps, neckwear, wristbands, underwear, undershirts; footwear, excluding clothing and footwear designed specifically for cycling" ("'857 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 2.**

51.     On October 22, 2013, TRB applied for a U.S. trademark application for the mark identified in Paragraph 12, in connection with "Protective covers and cases for cell phones, smart phones and portable media players; carrying cases specially adapted for electronic equipment, namely, cell phones, smart phones and portable media players; pedometer; body scale; kitchen scale; bathroom scale" in International Class 9, assigned U.S. Trademark Serial No. 86/097,779 (the "'779 Application").

PAGE 33 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

52.    The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '779 Application.

53.    The '779 Application was published for opposition on April 8, 2014.

54.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '779 Application.

55.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '779 Application.

56.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '779 Application during its publication period.

57.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition proceeding against the '779 Application during its publication period.

58.    No third parties filed an Opposition proceeding against the '779 Application during its publication period.

59.    The '779 Application matured into U.S. Trademark Registration Number 4,721,054, which issued on April 14, 2015, claiming a first use date of at least as early as December 5, 2013, for the mark identified in Paragraph 12, in International Class 9 for "Protective covers and cases for cell phones, smart phones and portable media players; carrying cases specially adapted for electronic equipment, namely, cell phones, smart phones and portable media players; pedometer; body scale; kitchen scale; bathroom scale; calorie calculators; calorie

PAGE 34 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                        COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

consumption activity meters; electronic calorie measuring meter; electronic calorie counter" ("'054 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 3.**

60.     On October 22, 2013, TRB applied for a U.S. trademark application for the mark identified in Paragraph 12, in connection with "Heart rate monitors; calorie monitors; body fat analyzers; fitness monitors" in International Class 10, assigned U.S. Trademark Serial No. 86/097,880 (the "'880 Application").

61.     The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '880 Application.

62.     The '880 Application was published for opposition on April 8, 2014.

63.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '880 Application.

64.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '880 Application.

65.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '880 Application during its publication period.

66.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition proceeding against the '880 Application during its publication period.

PAGE 35 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                 COUNTERCLAIMS TO THE COMPLAINT

67.    No third parties filed an Opposition proceeding against the '880 Application during its publication period.

68.    The '880 Application matured into U.S. Trademark Registration Number 4,724,666 issued on April 21, 2015, claiming a first use date of at least as early as December 5, 2013, for the mark identified in Paragraph 12, in International Class 10 for "Heart rate monitors; body fat monitors; fitness monitors for measuring heart rate and body fat" ("'666 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 4.**

69.    On October 22, 2013, TRB applied for a U.S. trademark application for the mark identified in Paragraph 12, in connection with "Sports watches; stop watches" in International Class 14, assigned U.S. Trademark Serial No. 86/097,886 (the "'886 Application").

70.    The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '886 Application.

71.    The '886 Application was published for opposition on March 18, 2014.

72.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '886 Application.

73.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '886 Application.

74.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '886 Application during its publication period.

75.    Counterclaim-Defendants Reebok International Ltd. and Reebok International

PAGE 36 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
               COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

Limited did not file an Opposition proceeding against the '886 Application during its publication period.

76.     No third parties filed an Opposition proceeding against the '886 Application during its publication period.

77.     The '886 Application matured into U.S. Trademark Registration Number 4,664,665, which issued on December 30, 2014, claiming a first use date of at least as early as August 29, 2014, for the mark identified in Paragraph 12, in International Class 14 for "Sports watches; stop watches" ("'665 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 5.**

78.     On October 22, 2013, TRB applied for a U.S. trademark application for the mark identified in Paragraph 12, in connection with "Wrist and ankle weights; exercise weight cuffs; resistance bands; hand resistance grips; jump ropes; push up grips; chest expanders and chest pulls; slimming belts; yoga mats and carrying straps and bags; yoga blocks; yoga balls; yoga rollers; foam exercise rollers inflatable exercise balls; dumb-bells" in International Class 28, assigned U.S. Trademark Serial No. 86/097,892 (the "'892 Application").

79.     The USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the '892 Application.

80.     The '892 Application was published for opposition on April 8, 2014.

81.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '892 Application.

PAGE 37 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

82.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '892 Application.

83.    Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition proceeding against the '892 Application during its publication period.

84.    Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition proceeding against the '892 Application during its publication period.

85.    No third parties filed an Opposition proceeding against the '892 Application during its publication period.

86.    The '892 Application matured into U.S. Trademark Registration Number 4,721,056, which issued on April 14, 2015, claiming a first use date of at least as early as December 5, 2013, for the mark identified in Paragraph 12, in International Class 28 for "Wrist and ankle weights for exercise; exercise weight cuffs; resistance bands for fitness training; hand resistance grips for exercise; jump ropes; push up grips for exercise; chest expanders and chest pulls; non-electric slimming belts worn during exercise; yoga mats and carrying straps and bags; yoga blocks; yoga balls; exercise equipment, namely, yoga rollers and foam exercise rollers; inflatable exercise balls; dumb-bells" ("'056 Registration"). A copy of the Certificate of Registration for this mark is attached as **Exhibit 6.**

87.    TRB's RBX Federal Registrations, namely, the '856 Registration, '857 Registration, '665 Registration, '054 Registration, '056 Registration, and '666 Registration, as applied to those goods and services recited in each registration, are not confusingly similar to any of the Counterclaim-Defendants' marks depicted in their asserted U.S. trademark registrations.

PAGE 38 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

88.    TRB is also the owner of the following pending U.S. trademark applications, all for the mark identified in Paragraph 12, and many of which are already in use in commerce for the applied for goods or services ("RBX Trademark Applications"):

| Application Serial No. | Filing Date | International Class and Goods/Services |
|---|---|---|
| 86674663 | Jun. 25, 2015 | IC 009. Swim goggles, swim masks, snorkels |
| 86258549 | Apr. 22, 2014 | IC 035. Retail store and online store services featuring clothing, athletic apparel, footwear, headwear, outerwear, swimwear, bags, backpacks, luggage, sporting goods, athletic equipment, fitness monitors and watches |
| 86674714 | Jun. 25, 2015 | IC 028. swim boards, kick boards and flotation devices for recreational use; recreational water toys; sports equipment for swimming pools; exercise weights, foam weights for water use; swim fins; pet toys |
| 86674700 | Jun. 25, 2015 | IC 025. Infant, baby and toddler apparel, footwear and accessories; hosiery and legwear; slippers, slipper-socks, socks and leggings; thermal and long underwear; sleepwear and loungewear; bras, shape wear and sports bras; camisoles and tanks; sleep masks; water shoes and sandals |
| 86674688 | Jun. 25, 2015 | IC 024. Cooling towels; pillows and pillow cases; crib bedding, children's bedding |
| 86674677 | Jun. 25, 2015 | IC 018. Shaving bags sold empty, toiletry bags sold empty, shoe bags, all-purpose athletic bags, luggage tags, luggage straps, travel bags, satchels, wearable strap-on pouches; pet accessories; pet car seat covers, harnesses, leashes and collars |
| 86674655 | Jun. 25, 2015 | IC 003. Personal care products, namely, skin soap, anti-bacterial soap, liquid soap, facial scrub, shampoo, bath and shower gel, hair conditioner, body lotion, body spray, non-medicated skin creams, shaving cream, shaving cases, after shave, deodorant and cologne, hair gels |
| 86674647 | Jun. 25, 2015 | IC 032. Pre-fitness energy drinks and shots, post fitness recovery drinks and shots, fitness drinks to promote fat burning |

PAGE 39 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                     COUNTERCLAIMS TO THE COMPLAINT

89.     As of the date of filing of this counterclaim, the USPTO did not cite any of Counterclaim-Defendants' U.S. trademark registrations, nor any other prior existing registrations or applications, against the pending RBX Trademark Applications.

90.     TRB's U.S. Trademark Application Serial No. 86/258,549 (the "'549 Application") was published for opposition on September 16, 2014.

91.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. had actual and/or constructive notice of the publication of the '549 Application.

92.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited had actual and/or constructive notice of the publication of the '549 Application.

93.     Counterclaim-Defendants Adidas America, Inc., Adidas AG, and Adidas International Marketing B.V. did not file an Opposition against the '549 Application during its publication period.

94.     Counterclaim-Defendants Reebok International Ltd. and Reebok International Limited did not file an Opposition against the '549 Application during its publication period.

95.     No third parties filed an Opposition proceeding against the '549 Application during its publication period.

96.     TRB's RBX Trademark Applications, as applied to those goods and services recited in each application, are not confusingly similar to any of the Counterclaim-Defendants' marks depicted in their asserted U.S. trademark registrations.

97.     Counterclaim-Defendants Reebok International Ltd. and/or Reebok International Limited were aware of TRB and the RBX Mark at least as early as May 2013.

98.     TRB's use of the RBX trademarks in the marketplace are not confusingly similar

PAGE 40 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
               COUNTERCLAIMS TO THE COMPLAINT

to any of the Counterclaim-Defendants' marks, including those depicted in their asserted U.S. trademark registrations.

99.    On December 16, 2015, six days after TRB answered the Complaint in this Action, Counterclaim-Defendants adidas AG, adidas International Marketing B.V., and Reebok International Limited ("TTAB Plaintiffs") filed a Trademark Cancellation proceeding (No. 92062918) against the RBX Federal Registrations (the "Cancellation Proceeding") and a Trademark Opposition proceeding (No. 91225378) against TRB's U.S. Trademark Application Serial No. 86/674,663 (the "'663 Application") (the "Opposition Proceeding") at the Trademark Trial and Appeal Board ("TTAB") challenging TRB's rights in those registrations and the application. A copy of the Petition to Cancel in the Cancellation Proceeding is attached as **Exhibit 7.** A copy of the Notice of Opposition in the Opposition Proceeding is attached as **Exhibit 8.**

100.    In the Cancellation Proceeding and the Opposition Proceeding, the TTAB Plaintiffs have asserted that the RBX Federal Registrations and the pending '663 Application are likely to cause confusion in violation of Section 2(d) of the Lanham Act and are likely to dilute in violation of Section 43(a)(1) of the Lanham Act the Counterclaim-Defendants' asserted trademark registrations.

101.    In the Cancellation Proceeding and Opposition Proceeding, the TTAB Plaintiffs assert thirty-eight trademark registrations against TRB, including U.S. Trademark Registration No. 3,074,802 for the mark RBK (the "'802 Registration"), U.S. Trademark Registration Number 3,234,100 (the "'100 Registration") for the  mark RBK , and U.S. Trademark Registration Number 3,612,991 (the "'991 Registration") for the logo mark depicted below,

PAGE 41 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                    COUNTERCLAIMS TO THE COMPLAINT

(all three registrations collectively referred to as the "RBK Mark" or "RBK Marks"). A copy of the '100 Registration Certificate is attached as **Exhibit 9.**

102.    On information and belief and according to the records of the USPTO, the '991 Registration registered on April 28, 2009.

103.    On information and belief and according to the records of the USPTO, Counterclaim-Defendant Reebok International Limited failed to file maintenance documents under Section 8 of the Lanham Act for the '991 Registration by the October 28, 2015 deadline.

104.    On information and belief and according to the records of the USPTO, the '991 Registration was officially cancelled on December 4, 2015 by the USPTO because registrant and Counterclaim-Defendant Reebok International Limited did not file an acceptable declaration under Section 8 of the Lanham Act.

105.    A true and correct copy of the USPTO Trademark Status & Document Retrieval, status page for '991 Registration indicating that the registration is cancelled is attached as **Exhibit 10.**

106.    On information and belief, at the time Counterclaim-Defendant Reebok International Limited filed the Complaint in this action, it knew or should have known that it had failed to timely file maintenance documents for the "991 Registration.

107.    Specifically, Counterclaim-Defendants in this Action and the TTAB Plaintiffs in the Cancellation Proceeding and Opposition Proceeding, have falsely asserted that the '991

PAGE 42 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
               COUNTERCLAIMS TO THE COMPLAINT

Registration is still **active, valid and enforceable** against TRB, and that it covers the following

goods:

> **Class 9:** Hockey helmets, protective pants;

> **Class 18:** Athletic bags; sports bags; gym bags; backpacks; all purpose carrying bags; trunks, namely, luggage; and traveling suitcases;

> **Class 25:** Leisure and athletic footwear; headgear, namely, caps, toques, hats, visors, headbands; clothing, namely, T-shirts, pants, long sleeve tops, sleeveless tops, sweaters, sweatshirts, polo shirts, jackets, coats, tracksuits, training suits, underwear, socks, shorts, and hooded sweaters;

> **Class 28:** Sports balls, namely, basketballs, footballs, soccer balls, volleyballs, baseballs, and lacrosse balls; sporting articles and equipment, namely, baseball gloves, batting gloves, football gloves, goalkeepers' gloves, hockey gloves, baseball bats, exercise equipment, namely, exercise machines, exercise platforms, exercise balls, weights, exercise bands, exercise mats, and jump ropes, hockey sticks, in-line skates, protective padding for playing baseball, basketball goal sets, lacrosse equipment, namely, handles, protective shoulder pads, protective elbow pads, protective arm pads and protective wrist pads, protective gloves, and equipment bags; hockey equipment, namely, ice hockey sticks, ice skates; protective apparel for hockey players, namely, shoulder pads, elbow pads, shin guards, and hockey gloves.

108.    Counterclaim-Defendants in this Action and the TTAB Plaintiffs in the

Cancellation Proceeding and Opposition Proceeding, have improperly asserted the invalid and

unenforceable '991 Registration against TRB.

109.    On information and belief and according to the records of the USPTO, the '100

Registration registered on April 24, 2007 for:

> **Class 9:** Goggles;

> **Class 18:** Luggage, all purpose sports bags, duffel bags, tote bags;

> **Class 28:** Sports equipment, namely, baseballs, softballs, volleyballs, exercise machines, namely, treadmills; baseball protective equipment, namely shin pads; protective football equipment, namely, shoulder pads, hip and thigh pads; baseball batting gloves, baseball and softball fielding mitts, exercise mats, fitness and resistance bands;

PAGE 43 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**Class 35:** Retail stores and retail outlet stores in the field of clothing, shoes, bags and related accessories and audio and video taps (*sic*);

**Class 36:** Financial sponsorship of sports camps and athletic events.

110.    On information and belief and according to the records of the USPTO, on April 24, 2013, in a Section 8 renewal filing for the '100 Registration, an attorney for the registrant Reebok International Limited amended that registration to delete the classes 9, 18, 35, and 36 in their entireties and to narrow the goods designation of class 28 to only cover "sports equipment, namely, volleyballs." A copy of the April 24, 2013 Section 8 Renewal Filing for the '100 Registration is attached as **Exhibit 11.**

111.    On information and belief and according to the records of the USPTO, for the '100 Registration, the registrant Reebok International Limited did not file an affidavit pursuant to 15 U.S.C. § 1065 swearing that the RBK Mark "has been in continuous use for [] five consecutive years and is still in use in commerce."

112.    On information and belief and according to the records of the USPTO, for the '802 Registration, the registrant Reebok International Limited did not file an affidavit pursuant to 15 U.S.C. § 1065 swearing that the RBK Mark "has been in continuous use for [] five consecutive years and is still in use in commerce."

113.    In the Cancellation Proceeding and Opposition Proceeding, the TTAB Plaintiffs have asserted the '100 Registration against TRB on the allegation that this registration covers the following goods and services:

**Class 9:** Goggles;

**Class 18:** Luggage, all purpose sports bags, duffel bags, tote bags;

**Class 28:** Sports equipment, namely, baseballs, softballs, volleyballs, exercise

PAGE 44 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

machines, namely, treadmills; baseball protective equipment, namely shin pads; protective football equipment, namely, shoulder pads, hip and thigh pads; baseball batting gloves, baseball and softball fielding mitts, exercise mats, fitness and resistance bands;

**Class 35:** Retail stores and retail outlet stores in the field of clothing, shoes, bags and related accessories and audio and video taps (*sic*);

**Class 36:** Financial sponsorship of sports camps and athletic events.

114.    The TTAB Plaintiffs have improperly asserted against TRB in the Cancellation Proceeding and Opposition Proceeding that the '100 Registration covers many more goods and services than just "volleyballs."

115.    In the 2007 Adidas Group Annual Report, in a section entitled "Group Brands and Divisions," Plaintiffs describe the Reebok business as incorporating the following brands:

AFDOCS/13050773.1                    **LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200



adidas
GROUP

**REEBOK** (23 % of Group sales)

## Reebok

**REEBOK** (79 % of Reebok sales)
Reebok is an American-inspired, global brand that creates and markets sports and lifestyle products built upon a strong heritage and authenticity in sports, fitness and women's categories. The brand is committed to designing products and marketing programs that reflect creativity and the desire to constantly challenge the status quo.

Reebok

**REEBOK-CCM HOCKEY** (9 % of Reebok sales)
Reebok-CCM Hockey is the world's largest designer, manufacturer and marketer of hockey equipment and apparel with two of the world's most recognized hockey brand names: Rbk Hockey and CCM.



**ROCKPORT** (12 % of Reebok sales)
Building on nearly four decades of engineering expertise and a commitment to innovation, Rockport designs and markets dress, casual and outdoor footwear as well as apparel and accessories that fuse dynamic technology and modern style to deliver real and tangible differences to the consumer.



PAGE 46 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO THE COMPLAINT

116.     The 2007 Adidas Group Annual Report identifies Rbk Hockey as a Reebok brand in the section entitled "Group Brands and Divisions."

117.     On August 23, 2007, the Patriot Ledger published an article entitled *Reebok's RBK brand discontinued* ("RBK Brand Discontinued Article").

118.     According to the RBK Brand Discontinued Article:

Reebok International will drop the RBK brand of athletic shoes and apparel as it simplifies its marketing approach, executives said Wednesday. The RBK line, which was designed to appeal to young urban males, was launched in 2002. Reebok promoted the line with endorsements from rappers such as 50 Cent. But as Reebok attempts to remake its image, it will drop RBK and sell all of its merchandise under the Reebok brand, Chief Marketing Officer Uli Becker said. ''We have to be a brand that's more accessible. We can't just limit us to being successful with the hip-hop group in the inner cities,'' Becker told an investor conference Wednesday. Canton-based Reebok has revamped its marketing strategy since being acquired by German sporting goods giant Adidas for $3.8 billion last year.

A copy of the RBK Brand Discontinued Article is attached as **Exhibit 12.**

119.     In the 2008 Adidas Group Annual Report section entitled "Our Brand Portfolio," Plaintiffs described the Reebok business as incorporating the following brands:



Inspired by its roots in sports and women's fitness, Reebok is a global brand that is committed to developing innovative products which will allow Reebok to own Women's Fitness, challenge Men's Sport and revive Classics. The Reebok segment also comprises the brands Reebok-CCM Hockey and Rockport.

PAGE 47 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

120.    The 2008 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Our Brand Portfolio."

121.    In the 2009 Adidas Group Annual Report section entitled "Group Brands," Plaintiffs described the Reebok business as incorporating the following brands:

**Reebok**    Reebok (16% of adidas Group sales)

Inspired by its roots in sport and fitness, Reebok is a global brand that is committed to developing innovative products which will allow Reebok to own Women's Fitness, challenge in the Men's Sport category and revive its Classics heritage.

**ⓇROCKPORT**    Rockport (2% of adidas Group sales)

Building on nearly four decades of engineering expertise and a commitment to innovation, Rockport designs and markets dress, casual and outdoor footwear that fuses contemporary style and engineered comfort targeting the metropolitan consumer.

**Reebok CCM**    Reebok-CCM Hockey (2% of adidas Group sales)

Reebok-CCM Hockey is one of the world's largest designers, manufacturers and marketers of hockey equipment and apparel with two of the world's most recognised hockey brand names: Reebok Hockey and CCM Hockey.

122.    The 2009 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Group Brands."

123.    In the 2010 Adidas Group Annual Report  section entitled "Group Brands," Plaintiffs described  the  Reebok  business  as  incorporating  the  following  brands:

PAGE 48 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                    COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**Reebok**            **Reebok** (16% of Group sales)

Throughout its history and again today, Reebok's success is based on its commitment to challenge convention: developing innovative products, creating new markets, and setting the latest athletic style. Inspired by its roots in fitness, Reebok is a global sports brand that is committed to preparing consumers to be fit for life.

**ⓇROCKPORT·**          **Rockport** (2% of Group sales)

Building on four decades of engineering expertise and a commitment to innovation, Rockport designs and markets dress, casual and outdoor footwear that fuses contemporary style and engineered comfort targeting the metropolitan professional consumer.

**Reebok** *CCM*         **Reebok-CCM Hockey** (2% of Group sales)

Reebok-CCM Hockey is one of the world's largest designers, manufacturers and marketers of hockey equipment and apparel with two of the world's most recognised hockey brand names: Reebok Hockey and CCM Hockey.

124.     The 2010 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Group Brands."

125.     In the 2011 Adidas Group Annual Report section entitled "Group Brands," Plaintiffs described the Reebok business as incorporating the following brands:

PAGE 49 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                COUNTERCLAIMS TO THE COMPLAINT

→ **Reebok**                    **Reebok**

Through its history and again today, Reebok's success is based
on its courage to challenge convention: developing innovative
products, creating new markets and the latest athletic style.
Inspired by its roots in fitness, Reebok is a global sports brand
that is committed to empowering consumers to be "Fit for Life".

→ **Rockport**                   ⓟROCKPORT

Building on four decades of engineering expertise and a
commitment to innovation, Rockport designs and markets
dress, casual and outdoor leather footwear that uses
performance technology to make style comfortable for the
metropolitan consumer.

→ **Reebok-CCM Hockey**          Reebok 

Reebok-CCM Hockey is one of the world's largest designers,
manufacturers and marketers of ice hockey equipment and
apparel with two of the world's most recognised ice hockey
brand names: Reebok Hockey and CCM.

126.    The 2011 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a

Reebok brand in the section entitled "Group Brands."

127.    In the 2012 Adidas Group Annual Report section entitled "Our Brands," Plaintiffs

described the Reebok business as incorporating the following brands:

PAGE 50 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## Reebok

Reebok is an American-inspired sports brand with the clear objective to become the leading fitness brand in the world. Understanding and embracing the multi-facets and lifestyle potential of fitness, Reebok provides consumers with innovative products, experiences and inspirations. Its strong roots and history in fitness allow Reebok to empower consumers to be fit for life.

## ⊙ROCKPORT·

Rockport was founded in 1971 on the idea of making fashion footwear comfortable by using the latest in athletic shoe technologies. More than 40 years later, Rockport combines its unique DNA with the innovation resources of the adidas Group and designs products which deliver uncompromised style with state-of-the-art engineered comfort for metropolitan professionals around the world.

## Reebok | 

Reebok-CCM Hockey is a leading designer and marketer of ice hockey equipment and apparel, with two of the world's most recognised ice hockey brand names: Reebok Hockey and CCM.

PAGE 51 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO THE COMPLAINT

128.    The 2012 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Our Brands."

129.    In the 2013 Adidas Group Annual Report section entitled "Our Brands," Plaintiffs described the Reebok business as incorporating the following brands:

PAGE 52 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**Reebok** ◮

Reebok is an American-inspired global brand with the clear objective to become the leading fitness brand in the world. Reebok believes that each person has tremendous potential that can be fulfilled when they fight complacency and allow themselves to push beyond the limits and expectations they've become accustomed to. Reebok provides consumers with innovative products, rewarding experiences and the inspiration to empower them to fulfil their potential and ultimately be fit for life.

**ROCKPORT**

Rockport was founded in 1971 on the idea of making fashion footwear comfortable by using the latest in athletic shoe technologies. Today, the brand continues to combine this DNA with the innovation resources of the adidas Group, to design products which deliver uncompromised style with state-of-the-art engineered comfort for metropolitan consumers around the world.

**Reebok | CCM**

Reebok-CCM Hockey is a leading designer and marketer of ice hockey equipment and apparel, with two of the world's most recognised ice hockey brand names: Reebok Hockey and CCM.

PAGE 53 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO THE COMPLAINT

130.    The 2013 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Our Brands."

131.    In the 2014 Adidas Group Annual Report section entitled "Our Brands," Plaintiffs described the Reebok business as incorporating the following brands:



Reebok is an American-inspired sports brand with the clear objective to become the leading fitness brand in the world. Understanding and embracing the multi-facets and lifestyle potential of fitness, Reebok provides consumers with innovative products, experiences and inspirations. Its strong roots and history in fitness allow Reebok to empower consumers to be fit for life.

Reebok-CCM Hockey is a leading designer and marketer of ice hockey equipment and apparel, with two of the world's most recognised ice hockey brand names: Reebok Hockey and CCM

132.    The 2013 Adidas Group Annual Report did not identify RBK or Rbk Hockey as a Reebok brand in the section entitled "Our Brands."

133.    As of February 25, 2016, the Adidas Group webpage entitled "Profile," and available at http://www.adidas-group.com/en/group/profile/, Plaintiffs describes the adidas Group as incorporating the following brands:

PAGE 54 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
         COUNTERCLAIMS TO THE COMPLAINT



134.   As of February 25, 2016, the Adidas Group webpage entitled "Profile," and available at http://www.adidas-group.com/en/group/profile/, does not identify RBK or Rbk Hockey as an adidas Group brand.

135.   Upon information and belief, and upon investigation, Counterclaim-Defendants abandoned the RBK Marks as a result of three or more consecutive years of nonuse with intent not to resume use on any goods or in association with any services.

136.   Upon information and belief, and upon investigation, Counterclaim-Defendants had  no plans to resume use of the RBK  Marks for any goods or services during the period of nonuse.

**FIRST COUNTERCLAIM**
**(Declaration of Validity of RBX Federal Trademark Registrations)**

137.   TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

138.   TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action and the Cancellation Proceeding and the Opposition Proceeding against TRB, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and

PAGE 55 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
              COUNTERCLAIMS TO THE COMPLAINT

that TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 that its RBX Federal Registrations are valid.

139.    In this Action, Counterclaim-Defendants allege, *inter alia*, that TRB's use of its RBX trademarks on footwear and apparel (which is protected in TRB's '857 Registration) is likely causing, and has caused confusion, deception, and mistake by creating the false and misleading impression that TRB's goods are manufactured or distributed by Counterclaim-Defendants, or are associated or connected with Counterclaim-Defendants, or have the sponsorship, endorsement, or approval of Counterclaim-Defendants.

140.    In the Cancellation Proceeding, the TTAB Plaintiffs allege that the RBX Federal Registrations are all invalid because, *inter alia*, the mark identified in Paragraph 12 of these Counterclaims as applied to the goods and services cited in those registrations is likely to cause members of the public to be confused, mistaken, or deceived that TRB's goods originate from, come from the same source as, or are sponsored by, endorsed by, or affiliated with adidas AG, adidas International Marketing B.V., or Reebok International Limited.

141.    TRB's RBX Federal Registrations all registered over the Counterclaim-Defendants' U.S. trademark applications and registrations.

142.    There is no likelihood of confusion between the mark identified in Paragraph 12 of these Counterclaims for the goods and services identified in the RBX Federal Registrations and any of Counterclaim-Defendants' asserted trademarks.

143.    TRB is entitled to a declaration confirming the validity and enforceability of RBX Federal Registrations.

PAGE 56 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
        COUNTERCLAIMS TO THE COMPLAINT

## SECOND COUNTERCLAIM
### (Declaration of Non-Infringement)

144.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

145.    TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action against TRB and the Cancellation Proceeding and the Opposition Proceeding, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and that TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 that its use of the RBX trademarks does not infringe upon the trademarks asserted by Counterclaim-Defendants against TRB in this Action, the Cancellation Proceeding, and the Opposition Proceeding.

146.    Counterclaim-Defendants allege in this Action that TRB's use of the RBX trademarks on apparel and footwear infringes Counterclaim-Defendants' asserted marks.

147.    In the Cancellation Proceeding, the TTAB Plaintiffs  allege that the RBX Federal Registrations are all invalid because, *inter alia*, the mark identified in Paragraph 12 of these Counterclaims as applied to the goods and services cited in those registrations is likely to cause members of the public to be confused, mistaken, or deceived that TRB's goods originate from, come from the same source as, or are sponsored by, endorsed by, or affiliated with the TTAB Plaintiffs.

148.    In the Opposition Proceeding, the TTAB Plaintiffs allege that the '663 Application should not register because, *inter alia*, the mark identified in Paragraph 12 of these Counterclaims as applied to the goods cited in that Application is likely to cause members of the

PAGE 57 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
              COUNTERCLAIMS TO THE COMPLAINT

public to be confused, mistaken, or deceived that TRB's goods originate from, come from the same source as, or are sponsored by, endorsed by, or affiliated with the TTAB Plaintiffs.

149.     TRB's use of the RBX trademarks for footwear, apparel, or any of the goods and services covered by the RBX Federal Registrations and RBX Trademark Applications and/or used by TRB does not cause a likelihood of confusion with Counterclaim-Defendants' marks.

150.     The Court should declare that TRB's use of the RBX trademarks does not infringe any of Counterclaim-Defendants' rights under 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a).

151.     In addition, the Court should declare that, as between TRB and Counterclaim-Defendants, TRB is entitled to registration of its currently pending RBX Trademark Applications.

### THIRD COUNTERCLAIM
#### (Cancellation of U.S. Trademark Registration No. 3,074,802)

152.     TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

153.     This is a claim for cancellation of U.S. Trademark Registration Number 3,074,802 arising under 15 U.S.C. §§ 1064 and 1119.

154.     On information and belief, the '802 Registration currently designates class 25 for "Footwear; headwear; apparel, namely, shirts" and class 28 for "Sports equipment, namely, hockey skates; protective hockey equipment, namely, shin pads, elbow pads, shoulder pads."

155.     On information and belief, Counterclaim-Defendants have for a period of three or more consecutive years ceased use of the RBK Mark on those goods currently identified in and covered by the '802 Registration.

PAGE 58 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

156.    On information and belief, Counterclaim-Defendants had no plans to resume use of the RBK Mark on the goods currently identified in and covered by the '802 Registration during the period of nonuse.

157.    By reason of the foregoing, the Counterclaim-Defendants have abandoned all right, title and interest in and to the mark as shown in the '802 Registration and therefore that registration should be cancelled under 15 U.S.C. § 1064(3) on the grounds that the mark is abandoned.

## FOURTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Registration No. 3,612,991)

158.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

159.    This is a claim for cancellation of U.S. Trademark Registration Number 3,612,991 arising under 15 U.S.C. §§ 1064 and 1119.

160.    On information and belief and according to the USPTO records, the '991 Registration is cancelled.

161.    On information and belief, Counterclaim-Defendants have for a period of three or more consecutive years ceased use of the RBK Mark on the goods identified in and covered by the '991 Registration.

162.    On information and belief, Counterclaim-Defendants had no plans to resume use of the RBK Mark on the goods identified in and covered by the '991 Registration during the period of nonuse.

163.    By reason of the foregoing, the Counterclaim-Defendants have abandoned all right, title and interest in and to the mark shown in the '991 Registration and therefore, to the

PAGE 59 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                  COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

extent that the '991 Registration is not already recognized as cancelled, it should be cancelled under 15 U.S.C. § 1064(3) on the grounds that the mark is abandoned.

## FIFTH COUNTERCLAIM
### (Cancellation of U.S. Trademark Registration No. 3,234,100)

164.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

165.    This is a claim for cancellation of U.S. Trademark Registration Number 3,234,100 arising under 15 U.S.C. §§ 1064 and 1119.

166.    On information and belief and according to the records of the USPTO, the '100 Registration currently designates class 28 for "sports equipment, namely, volleyballs."

167.    On information and belief, Counterclaim-Defendants have for a period of three or more consecutive years ceased use of the RBK Mark on the goods currently identified in and covered by the '100 Registration.

168.    On information and belief, Counterclaim-Defendants had no plans to resume use of the RBK Mark on the goods currently identified in and covered by the '100 Registration during the period of nonuse.

169.    By reason of the foregoing, the Counterclaim-Defendants have abandoned all right, title, and interest in and to the mark shown in the '100 Registration and therefore that Registration should be cancelled under 15 U.S.C. § 1064(3) on the grounds that the mark is abandoned.

AFDOCS/13050773.1                          **LANE POWELL** PC
                                    601 SW SECOND AVENUE, SUITE 2100
                                     PORTLAND, OREGON 97204-3158
                                     503.778.2100  FAX: 503.778.2200

## SIXTH COUNTERCLAIM
### (Rectification of Register as to Proper Narrow Scope of
### U.S. Trademark Registration No. 3,234,100)

170.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

171.    This is a claim for the Court to use its authority pursuant to 15 U.S.C. § 1119 to issue an order that the USPTO rectify U.S. Trademark Registration No. 3,234,100 by limiting the scope to class 28 for "sports equipment, namely, volleyballs," all without in anyway conceding that the '100 Registration is otherwise valid.

172.    In the Cancellation Proceeding and in the Opposition Proceeding, the TTAB Plaintiffs have asserted U.S. Trademark Registration No. 3,234,100 against TRB on the allegation that this registration covers:

**Class 9:** Goggles;

**Class 18:** Luggage, all purpose sports bags, duffel bags, tote bags;

**Class 28:** Sports equipment, namely, baseballs, softballs, volleyballs, exercise machines, namely, treadmills; baseball protective equipment, namely shin pads; protective football equipment, namely, shoulder pads, hip and thigh pads; baseball batting gloves, baseball and softball fielding mitts, exercise mats, fitness and resistance bands;

**Class 35:** Retail stores and retail outlet stores in the field of clothing, shoes, bags and related accessories and audio and video taps (*sic*);

**Class 36:** Financial sponsorship of sports camps and athletic events.

173.    As of the date this counterclaim filing is made, on information and belief and according to the records of the USPTO, on April 24, 2013, in a Section 8 Renewal Filing, an attorney for Reebok International Limited amended the '100 Registration to delete the classes 9, 18, 35, and 36 in their entireties from that registration and to narrow the goods designation of

PAGE 61 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                   COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

class 28 to only "sports equipment, namely, volleyballs." A copy of the April 24, 2013 Section 8 Renewal Filing for the '100 Registration is attached as **Exhibit 11.**

174.    Notwithstanding Reebok International Limited's amendment of the '100 Registration on April 24, 2013 to delete the classes 9, 18, 35, and 36 in their entireties from that registration and to narrow the goods designation of class 28, the TTAB Plaintiffs continue to assert this registration against TRB for all the goods, services, and classes originally designated in the '100 Registration.

175.    TRB is entitled, *inter alia*, to a correction and rectification of the Register that U.S. Trademark Registration Number 3,234,100 is limited by way of partial owner cancellation and amendment to only cover class 28 for "sports equipment, namely, volleyballs."

**SEVENTH COUNTERCLAIM**
**(Declaration of Non-Infringement and Invalidity of the Counterclaim-Defendants'**
**RBK Marks Based on Abandonment)**

176.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

177.    TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action and the Cancellation Proceeding and the Opposition Proceeding against TRB, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and that TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 that the Counterclaim-Defendants' RBK Marks are abandoned and therefore unenforceable.

178.    Counterclaim-Defendants have asserted the RBK Marks against TRB in this Action and in the Cancellation Proceeding and in the Opposition Proceeding.

PAGE 62 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                COUNTERCLAIMS TO THE COMPLAINT

179.    TRB denies that the Counterclaim-Defendants own any valid and enforceable trademark rights in the RBK Marks.

180.    On information and belief, Counterclaim-Defendants have abandoned all right, title, and interest in and to the RBK Marks due to a period of three or more years of non-use without intent to resume use of the RBK Marks.

181.    TRB does not and has not infringed, directly or indirectly, the RBK Marks.

182.    In light of Counterclaim-Defendants' abandonment of the RBK Marks, TRB's use of its RBX trademarks cannot cause confusion, mistake, or otherwise deceive consumers as to the affiliation, connection, or association of TRB's goods and services, or as to the origin, sponsorship, or approval by Counterclaim-Defendants of TRB's goods, services, or commercial activities.

183.    TRB is entitled to a declaration that it is not liable to Counterclaim-Defendants on account of any violation of any alleged trademark infringement of the RBK Marks, including because the RBK Marks were abandoned and are therefore unenforceable.

### EIGHTH COUNTERCLAIM
**(Declaration of Non-Infringement of the Cancelled and Unenforceable
U.S. Trademark Registration No. 3,612,991)**

184.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

185.    TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action and the Cancellation Proceeding and the Opposition Proceeding, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and that, notwithstanding the claims set forth herein as to abandonment of the RBK Marks, TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, of

PAGE 63 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
               COUNTERCLAIMS TO THE COMPLAINT

non-infringement of U.S. Trademark Registration No. 3,612,991 because that '991 Registration was cancelled in its entirety and therefore is unenforceable.

186.    Counterclaim-Defendants in this Action, and adidas AG, adidas International Marketing B.V., Reebok International Limited in the Cancellation Proceeding and in the Opposition Proceeding, have asserted the '991 Registration against TRB on the allegation that this registration covers:

**Class 9:** Hockey helmets, protective pants;

**Class 18:** Athletic bags; sports bags; gym bags; backpacks; all purpose carrying bags; trunks, namely, luggage; and traveling suitcases;

**Class 25:** Leisure and athletic footwear; headgear, namely caps, toques, hats, visors, headbands; clothing, namely, T-shirts, pants, long sleeve tops, sleeveless tops, sweaters, sweatshirts, polo shirts, jackets, coats, tracksuits, training suits, underwear, socks, shorts, and hooded sweaters;

**Class 28:** Sports balls, namely, basketballs, footballs, soccer balls, volleyballs, baseballs, and lacrosse balls; sporting articles and equipment, namely, baseball gloves, batting gloves, football gloves, goalkeepers' gloves, hockey gloves, baseball bats, exercise equipment, namely, exercise machines, exercise platforms, exercise balls, weights, exercise bands, exercise mats, and jump ropes, hockey sticks, in-line skates, protective padding for playing baseball, basketball goal sets, lacrosse equipment, namely, handles, protective shoulder pads, protective elbow pads, protective arm pads and protective wrist pads, protective gloves, and equipment bags; hockey equipment, namely, ice hockey sticks, ice skates; protective apparel for hockey players, namely, shoulder pads, elbow pads, shin guards, and hockey gloves.

187.    As of the date this counterclaim filing is made, on information and belief and according to the records of the USPTO, U.S. Trademark Registration Number 3,612,991 was not renewed by the statutory renewal deadline of October 28, 2015.

188.    On information and belief and according to the records of the USPTO, the '991 Registration was officially cancelled on December 4, 2015 by the USPTO because registrant and

PAGE 64 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

Counterclaim-Defendant Reebok International Limited did not file an acceptable declaration under Section 8.

189.    TRB is entitled to a declaration of non-infringement as to the '991 Registration because it was cancelled and is therefore unenforceable.

### NINTH COUNTERCLAIM
### (Declaration that TRB Has Not Engaged in Federal Unfair Competition)

190.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

191.    TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action and the Cancellation Proceeding and the Opposition Proceeding, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and that TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it has not engaged in federal unfair competition in violation of 15 U.S.C. § 1125(a).

192.    Counterclaim-Defendants allege in this Action that TRB's use of the RBX trademarks on apparel and footwear is likely to cause confusion, deception, and mistake by creating the false impression that TRB's goods are manufactured or distributed by Counterclaim-Defendants, or are affiliated, connected, or associated with Counterclaim-Defendants, or have the sponsorship, endorsement, or approval of Counterclaim-Defendants.

193.    TRB's use of the RBX trademarks for footwear, apparel, or any of the goods and services covered by the RBX Federal Registrations and RBX Trademark Applications does not cause confusion, deception, and mistake by creating the false impression that TRB's goods are manufactured or distributed by Counterclaim-Defendants, or are affiliated, connected, or

PAGE 65 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                   COUNTERCLAIMS TO THE COMPLAINT

associated with Counterclaim-Defendants, or have the sponsorship, endorsement, or approval of Counterclaim-Defendants.

194.    The Court should declare that TRB's use of the RBX trademarks does not constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

## TENTH COUNTERCLAIM
### (Declaration that TRB Has Not Engaged in Unfair and Deceptive Trade Practices)

195.    TRB repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

196.    TRB alleges that Counterclaim-Defendants have engaged in acts, including initiation of this Action and the Cancellation Proceeding and the Opposition Proceeding, that give rise to a case of actual controversy within the meaning of 28 U.S.C. § 2201 and that TRB is entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it has not and does not engage in unfair and deceptive trade practices in violation of statutes of several states including  California CAL. BUS. & PROF. CODE § 17200, et seq. (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1¬375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

PAGE 66 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIMS TO THE COMPLAINT

197.    Counterclaim-Defendants allege in this Action that TRB has been and is passing off its goods as those of Counterclaim-Defendants, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of TRB's goods, causing a likelihood of confusion as to TRB's affiliation, connection, or association with Counterclaim-Defendants, and otherwise damaging the public.

198.    TRB has not and does not pass off its goods as those of Counterclaim-Defendants, and therefore has not and does not cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of TRB's goods, nor a likelihood of confusion as to TRB's affiliation, connection, or association with Counterclaim-Defendants, nor otherwise damaging the public.

199.    The Court should declare that TRB has not and does not engage in unfair and deceptive trade practices in violation of statutes of several states including California CAL. BUS. & PROF. CODE § 17200, et seq. (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1¬375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

PAGE 67 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## PRAYER FOR RELIEF

1.      That this Court declare that TRB's '856 Registration is valid and enforceable.

2.      That this Court declare that TRB's '857 Registration is valid and enforceable.

3.      That this Court declare that TRB's '665 Registration is valid and enforceable.

4.      That this Court declare that TRB's '054 Registration is valid and enforceable.

5.      That this Court declare that TRB's '056 Registration is valid and enforceable.

6.      That this Court declare that TRB's '666 Registration is valid and enforceable.

7.      That this Court declare that TRB does not, has not, and is not likely to infringe any the marks asserted by Counterclaim-Defendants in this Action, in the Opposition Proceeding, or in the Cancellation Proceeding.

8.      That this Court should declare that, as between TRB and Counterclaim-Defendants, TRB is entitled to registration of its currently pending RBX Trademark Applications.

9.      That this Court declare that TRB does not, has not, and is not likely to infringe the RBK Marks because they are abandoned.

10.      That this Court declare that U.S. Trademark Registration Number 3,074,802 is invalid and unenforceable because it was abandoned.

11.      That this Court declare that U.S. Trademark Registration Number 3,612,991 is invalid and unenforceable because it was abandoned, and/or because it was cancelled.

12.      That this Court declare that TRB does not, has not, and is not likely to infringe U.S. Trademark Registration Number 3,612,991 because it was cancelled and therefore is unenforceable.

13.      That this Court declare that U.S. Trademark Registration Number 3,234,100 is invalid and unenforceable because it was abandoned.

14.      That, to the extent this Court does not declare that U.S. Trademark Registration Number 3,234,100 is invalid and unenforceable because it was abandoned, that this Court enter a

PAGE 68 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
                   COUNTERCLAIMS TO THE COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

judgment directing the U.S. Trademark Office to rectify and correct the Federal Trademark Register to reflect that U.S. Trademark Registration Number 3,234,100 was limited by way of partial owner cancellation and amendment to only cover class 28 for "sports equipment, namely, volleyballs," and that it is therefore invalid and unenforceable as to any goods or services outside of "sports equipment, namely, volleyballs."

15.    That this Court declare that TRB has not and does not engage in federal unfair competition.

16.    That this Court declare that TRB has not and does not violate the unfair and deceptive trade practices statutes of several states.

17.    That this Court award TRB its costs and disbursements in this Action.

18.    That this Court declare this is an exceptional case, including without limitation, due to Plaintiffs assertion of cancelled, invalid and/or abandoned marks and registrations, and that TRB be awarded its reasonable attorneys' fees.

19.    That this Court award such other and further relief as it may deem just and proper.

PAGE 69 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
           COUNTERCLAIMS TO THE COMPLAINT

## DEMAND FOR JURY TRIAL

20.     Pursuant to Fed. R. Civ. P. 38(b), TRB demands a trial by jury of all issues so triable.

DATED:  March 9, 2016

LANE POWELL PC

By   /s/ Parna A. Mehrbani
    Kenneth R. Davis II, OSB No. 971132
    Parna A. Mehrbani, OSB No. 053235
    Telephone: 503.778.2100
    Facsimile: 503.778.2200

ARENT FOX LLP
    Michelle Mancino Marsh, *pro hac vice*
    Allen G. Reiter, *pro hac vice*
    Eric Roman, *pro hac vice*
    Telephone: 212.484.3900
    Facsimile: 212.484.3990

Attorneys for Defendant TRB Acquisitions LLC

PAGE 70 -  FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
        COUNTERCLAIMS TO THE COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200