Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
Nichole Davis Chollet (admitted *pro hac vice*)
nchollet@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**TRB ACQUISITIONS LLC**, a New York limited liability company, **CUTIE PIE BABY, INC.**, a New York corporation, **ELITE PERFORMANCE FOOTWEAR, LLC**, a New York limited liability company, **GINA GROUP LLC**, a New York limited | No. 3:15-cv-02113-SI<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT**<br>(Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices)<br><br>**DEMAND FOR JURY TRIAL** |

1- FIRST AMENDED COMPLAINT FOR
   TRADEMARK INFRINGEMENT

liability company, **ONE STEP UP, LTD.**, a
New York limited company, **SARAMAX
APPAREL GROUP, INC.**, a New York
corporation, **UNITED LEGWEAR
COMPANY, LLC**, a New York limited
liability company, **ACTIVE BASICS LLC**,
a New York limited liability company,
**USPA ACCESSORIES, LLC DBA
CONCEPT ONE**, a New York limited
liability company, **IMX, LLC**, a New York
limited liability company, **KIDZ
CONCEPTS, LLC**, a New York limited
liability company, **Q4 DESIGNS LLC**, a
New York limited liability company,
**RBX.COM, LLC**, a New York limited
liability company, **C.D.B. BRANDS LLC**, a
New York limited liability company, and
**L.A. KIDZ, INC.**, a New York corporation,

                    Defendants.

Pursuant to Federal Rule 15(a)(1)(B), Plaintiffs adidas America, Inc., adidas AG, and

adidas International Marketing B.V. (collectively, "adidas") as well as plaintiffs Reebok

International Ltd. and Reebok International Limited (collectively, "Reebok" and together with

adidas, "Plaintiffs") state the following for their First Amended Complaint against Defendants

TRB Acquisitions LLC, Cutie Pie Baby, Inc., Elite Performance Footwear, LLC, Gina Group

LLC, One Step Up, Ltd., SaraMax Apparel Group, Inc., United Legwear Company, LLC, Active

Basics LLC, USPA Accessories, LLC dba Concept One, IMX, LLC, Kidz Concepts, LLC, Q4

Designs LLC, RBX.com, LLC, C.D.B. Brands LLC, and L.A. Kidz, Inc. (collectively,

"Defendants").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, advertised, marketed, promoted,

distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe

trademark (the "Three-Stripe Mark").  adidas has also manufactured, advertised, marketed,

promoted, distributed, and sold footwear and apparel bearing its famous, triangular logo, depicted below, which incorporates the Three-Stripe Mark (the "Badge of Sport Mark"):



2.      adidas has made longstanding use of the Three-Stripe Mark and Badge of Sport Mark on athletic footwear and apparel, examples of which are shown below:






3.      adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark and Badge of Sport Mark (collectively, the "adidas Marks") for footwear and apparel, and adidas has invested millions of dollars building its brand in connection with the adidas Marks.

3-   FIRST AMENDED COMPLAINT FOR
     TRADEMARK INFRINGEMENT

21184-0112/131203760.1

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

4.      adidas also owns the Reebok brand.  Since 1980, Reebok has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel in the United States under its well-known and famous REEBOK trademark (the "REEBOK Mark").  Reebok owns numerous incontestable federal registrations for its REEBOK Mark and has spent millions of dollars promoting and building its brand under the mark.

5.      Beginning in 2002, and leveraging the strength of the REEBOK Mark, Reebok has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel under its well-known RBK trademark (the "RBK Mark").  Reebok owns federal registrations for its RBK Mark and has invested considerable sums of money in building its brand in connection with the RBK Mark. The RBK Mark and REEBOK Mark are referred to collectively as the "Reebok Marks."

6.      Despite Plaintiffs' longstanding rights in the adidas Marks and Reebok Marks (collectively, "Plaintiffs' Marks"), Defendants recently began offering for sale footwear and/or apparel bearing confusingly similar imitations of Plaintiffs' Marks, as shown in the representative examples below (the "Infringing Products"):




**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222






5-   FIRST AMENDED COMPLAINT FOR
      TRADEMARK INFRINGEMENT

21184-0112/131203760.1

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222










6-  FIRST AMENDED COMPLAINT FOR
    TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

 

7.     Many of Defendants' Infringing Products (as defined below) bear the letters "RBX" and a three-stripe design that, in combination with the letters "RBX," forms a triangle shape, as depicted below:



8.     On information and belief, the Infringing Products are sold alongside Plaintiffs' products in retail channels of trade, such as TJ Maxx, as shown below.



**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

9.      The footwear and apparel described above use imitations of Plaintiffs' Marks in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of the products.

10.     Defendants' actions are irreparably harming Plaintiffs' brands and their extremely valuable trademarks.  Plaintiffs, therefore, bring this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.  Among other relief, Plaintiffs ask this Court to: (a) permanently enjoin Defendants from marketing or selling footwear and apparel using or bearing confusingly similar imitations of Plaintiffs' trademarks; (b) award Plaintiffs monetary damages and to treble that award; (c) require Defendants to disgorge all of their profits from their sales of the Infringing Products; and (d) award Plaintiffs punitive damages, attorneys' fees, and costs.

## II.      PARTIES

11.     Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

12.     Plaintiff adidas International Marketing B.V. is organized under the laws of the Netherlands, having a principal place of business at Atlas Arena Offices, Africa Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

13.     Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG and adidas International Marketing B.V., including sales, brand marketing, product

marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive adidas Marks. adidas AG, adidas International Marketing B.V., and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

14.    Plaintiff Reebok International Ltd. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts 02021.

15.    Plaintiff Reebok International Limited is a corporation organized and existing under the laws of England, having its principal place of business at 11/12 Pall Mall, London SW1Y 5LU, England.  Reebok International Ltd. and Reebok International Limited are wholly owned by adidas AG.  Reebok International Ltd. and Reebok International Limited, as well as any predecessors or related entities, are collectively referred to as "Reebok."

16.    On information and belief, defendant TRB Acquisitions LLC ("TRB") is a New York limited liability company, with its principal place of business at 34 West 33rd Street, 9th Floor, New York, New York 10001. On information and belief, TRB owns the RBX mark, the Infringing Logo and the Infringing Stripe Designs, as defined below, and licenses the use of those marks on the Infringing Products.

17.    On information and belief, defendant Cutie Pie Baby, Inc. is a New York corporation, with its principal place of business at 34 West 33rd Street, 5th Floor, New York, New York 10001. On further information and belief, Cutie Pie Baby, Inc. is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

18.    On information and belief, defendant Elite Performance Footwear, LLC is a New York limited liability company, with its principal place of business at 10 West 33rd Street, Suite 804, New York, New York 10001. On further information and belief, Elite Performance

9-    FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

21184-0112/131203760.1

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Footwear, LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

19.    On information and belief, defendant Gina Group LLC is a New York limited liability company, with its principal place of business at 10 West 33rd Street, 3rd Floor, New York, New York 10001. On further information and belief, Gina Group LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells Infringing Products.

20.    On information and belief, defendant One Step Up, Ltd., is a New York limited company, with its principal place of business at 1412 Broadway, 3rd Floor, New York, New York 10018. On further information and belief, One Step Up, Ltd. is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

21.    On information and belief, defendant SaraMax Apparel Group, Inc. is a New York corporation, with a principal place of business at 1372 Broadway, 7th Floor, New York, New York 10018.  On further information and belief, SaraMax Apparel Group, Inc. is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

22.    On information and belief, defendant United Legwear Company, LLC, is a New York limited liability company, with a principal place of business at 48 West 38th Street, 3rd Floor, New York, New York 10018. On further information and belief, United Legwear Company, LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

23.    On information and belief, defendant Active Basics LLC is a New York limited liability company, with a principal place of business at 1412 Broadway, 3rd Floor, New York, New York 10018. On further information and belief, Active Basics LLC is a licensee of TRB

10-  FIRST AMENDED COMPLAINT FOR
     TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

24.     On information and belief, defendant USPA Accessories, LLC dba Concept One is a New York limited liability company, with a principal place of business at 119 West 40th Street, 3rd Floor, New York, New York, 10018. On further information and belief, USPA Accessories, LLC dba Concept One is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

25.     On information and belief, defendant IMX, LLC is a New York limited liability company, with a principal place of business at 501 7th Avenue, 12th Floor, New York, New York 10018. On further information and belief, IMX, LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

26.     On information and belief, defendant Kidz Concepts, LLC is a New York limited liability company, with a principal place of business at Kidz Concepts, LLC, 1412 Broadway, 3rd Floor, New York, New York 10018. On further information and belief, Kidz Concepts, LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

27.     On information and belief, defendant Q4 Designs LLC is a New York limited liability company, with a principal place of business at 20 W 33rd St., New York, New York 10001. On further information and belief, Q4 Designs LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

28.     On information and belief, defendant RBX.com, LLC is a New York limited liability company, with a principal place of business at 34 W. 33rd Street, 5th Floor,  New York, New York 10001. On further information and belief, RBX.com, LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

29.     On information and belief, defendant C.D.B. Brands LLC is a New York limited liability company, with a principal place of business at 1370 Broadway, Suite 810, New York, New York 10010. On further information and belief, C.D.B. Brands LLC is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

30.     On information and belief, L.A. Kidz, Inc. is a New York corporation, with a principal place of business at 34 34th Street, 4th Floor, Brooklyn, New York 11232. On further information and belief, L.A. Kidz, Inc. is a licensee of TRB and designs, manufactures, imports, distributes, offers for sale and/or sells the Infringing Products.

### III.    JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over Plaintiffs' related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

32.     This Court has personal jurisdiction over Defendants because, on information and belief, (a) Defendants have marketed, distributed, offered for sale, and/or sold the Infringing Products to persons within the State of Oregon; (b) Defendants regularly transact and conduct business within the State of Oregon; and/or (c) Defendants have otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

33.     The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    The Famous Three-Stripe and Badge of Sport Marks

34.    adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

35.    At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Pages from adidas catalogs featuring footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

36.    adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

37.    adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

      38.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 and the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

      39.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



14- FIRST AMENDED COMPLAINT FOR
    TRADEMARK INFRINGEMENT

21184-0112/131203760.1

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

40.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

41.    At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide.  Pages from adidas catalogs featuring apparel bearing the Three-Stripe Mark are attached as **Exhibit 7**.

42.    adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the PTO on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



15-  FIRST AMENDED COMPLAINT FOR
    TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

43.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 9**.

44.     adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

45.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 11**.

46.     adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO on October 12, 1996, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 12.**

47.     adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the PTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for a variety of products, including clothing, footwear, sporting goods, and bags.

17-  FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



A copy of the Certificate of Registration for this mark is attached as **Exhibit 13.**

48.    adidas also owns numerous additional trademark registrations for the Three-Stripe

Mark covering footwear and apparel, including Reg. Nos. 870,136, 961,353, 2,016,963,

2,909,861, 2,999,646, 3,063,742, 3,063,745, 3,183,656, 3,183,663 and 3,236,505.  Copies of the

Certificates of Registration for each of these marks are attached collectively as **Exhibit 14**.

49.    Additionally, adidas owns federal registrations for verbal trademarks using the

term "3 stripes," including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for

"sport and leisure wear."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham

Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate

of Registration for this mark is attached as **Exhibit 15**.

50.    One well-known mark incorporating the Three-Stripe Mark is adidas's triangular

Badge of Sport Mark, which is depicted below:



Representative photographs of footwear and apparel bearing the Badge of Sport Mark are

attached as **Exhibit 16**.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

51.     adidas owns numerous federal trademark registrations for the Badge of Sport Mark, including Reg. Nos. 2,179,796, 2,411,802, 2,532,007, 2,651,325, 2,627,645, and 3,708,658. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are incontestable.  Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 17**.

52.     The adidas Marks are well known and famous and have been for many years. adidas has used the adidas Marks in connection with its frequent sponsorship of musical artists, including pop stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

53.     adidas also has used the adidas Marks in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, the University of Louisville, the University of Michigan, Arizona State University, and the University of Miami.  Among many others, adidas sponsors (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars James Harden, Andrew Wiggins, Damian Lillard, Tim Duncan, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, and Melvin Upton Jr.; (d) professional golfers Sergio Garcia, Dustin Johnson, and Jason Day; and (e) internationally famous soccer players David Beckham and Lionel Messi. For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

54.     The adidas Marks are nonfunctional, and the public recognizes and understands that the Three-Stripe Mark, which is incorporated in the Badge of Sport Mark, distinguishes and identifies adidas's merchandise.  Unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike,"

*The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).

55.    For decades, adidas extensively and continuously has used and promoted the adidas Marks in connection with footwear and apparel.  In recent years, annual sales of products bearing the adidas Marks have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The adidas Marks have achieved international fame and tremendous public recognition.

56.    Since introducing the adidas Marks, adidas has spent millions of dollars promoting the marks and products bearing the marks.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  A March 15, 2011, article from *The Oregonian* describing this advertising campaign is attached as **Exhibit 18**.  Similarly, adidas recently launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States.  The campaign features soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Philadelphia Eagles.  A February 13, 2015, article from *AdWeek* describing adidas's Sport 15 advertising campaign is attached as **Exhibit 19**.  As a result of adidas's continuous and exclusive use of the adidas Marks in connection with its products, the marks enjoy wide public acceptance and association with adidas, and have come to be recognized widely and favorably by the public as indicators of the origin of adidas's goods.

57.     As a result of adidas's extensive use and promotion of the adidas Marks, adidas has built up and now owns extremely valuable goodwill that is symbolized by the marks.  The purchasing public has come to associate the adidas Marks with adidas.

**B.     The Famous REEBOK and RBK Marks**

58.     Reebok currently is, and for years has been, one of the world's leading manufacturers of footwear, sportswear, and sporting equipment.  Representative photographs of footwear and apparel bearing the REEBOK Mark are attached as **Exhibit 20**.

59.     In the early 1980s, Reebok rose to prominence through its focus on the fitness and aerobics trends that were popular at that time.  Reebok's success in the fitness field propelled it to the forefront of the broader sports apparel industry.  Today, Reebok continues to focus on modern fitness trends to become the number one fitness brand in the world.

60.     Reebok first adopted and began using its REEBOK Mark on footwear at least as early as 1965.  Reebok expanded its use of the REEBOK Mark to include use on apparel at least as early as 1985.  The REEBOK Mark has come to signify the quality and reputation of Reebok footwear, apparel, and sporting equipment.

61.     Reebok is the owner of numerous federal trademark registrations for the REEBOK Mark covering footwear and apparel, including Reg. Nos. 1,133,704, 1,390,793, 1,534,383, and 1,736,143.  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and each of these registrations is incontestable.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 21**.

62.    The REEBOK Mark has been well known and famous for many years.  Reebok frequently promotes its REEBOK Mark through partnerships with internationally popular superstars, such as Australian model Miranda Kerr and American hip-hop star Kendrick Lamar.

63.    Since introducing its REEBOK Mark, Reebok has spent millions of dollars promoting the mark and products bearing the mark.  As a result of Reebok's continuous and exclusive use of the REEBOK Mark in connection with its products, the mark enjoys broad public association with Reebok and has come to be recognized widely and favorably by the public as an indicator of the origin of Reebok's goods.  Annually, Reebok has sold hundreds of millions of dollars of products bearing the REEBOK Mark.  The REEBOK Mark has achieved international fame, widespread public recognition, and tremendous goodwill and commercial value.  The purchasing public has come to associate the REEBOK Mark with Reebok.

64.    Shortly after the turn of the 21st Century, Reebok decided to leverage the power of the REEBOK Mark in a new and distinctive word mark, RBK (which removed the vowels in "REEBOK").  Since at least 2002, Reebok has manufactured, sold, and promoted footwear and apparel under its well-known RBK Mark.  In addition to the word mark RBK, Reebok also has used a stylized version, depicted below, in connection with the manufacture, sale, and promotion of footwear and apparel:



Representative photographs of products and product packaging bearing the RBK Mark (in word and stylized form) are attached as **Exhibit 22**.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

65.     Reebok is the owner of a federal trademark registration, Reg. No. 3,074,802, issued by the PTO on March 28, 2006, for the RBK Mark, covering "footwear; headwear; apparel, namely, shirts."  A copy of the Certificate of Registration for this mark is attached as **Exhibit 23**.

66.     Since adopting the RBK Mark in 2002, Reebok has invested millions of dollars to advertise and promote its RBK Mark.  For example, Reebok has promoted its well-known RBK Mark through partnerships with popular music stars.

67.     Since 2002, sales of footwear and apparel under the REEBOK and RBK Marks have exceeded $5 billion.

68.     As a result of Reebok's longstanding use and extensive marketing, advertising, and promotional efforts over the years, the RBK Mark has come to symbolize the extensive goodwill that Reebok has built in the brand, and the RBK Mark is well known among consumers.

69.     Reebok has also used the REEBOK Mark and RBK Mark in connection with its frequent sponsorship of sports tournaments and organizations and professional athletes.  For example, Reebok sponsors numerous professional athletes, including NFL defensive end and reigning defensive player of the year J.J. Watt, former Ultimate Fighting Championship ("UFC") bantamweight champion Ronda Rousey, UFC interim featherweight champion Connor McGregor, four-time CrossFit Games Champion Rich Froning, Jr., as well as CrossFit Games Champions Camille Leblanc-Bazinet, Ben Smith, and Katrin Tanja Davidsdottir.  Additionally, Reebok has been, since 2011, the title sponsor of the annual Reebok CrossFit Games, which annually crowns the men and women as "The Fittest on Earth," and Reebok is also the exclusive apparel and footwear provider for CrossFit, one of the fastest growing sports in America. Reebok is also the exclusive apparel and footwear sponsor of the UFC, which is the largest mixed martial arts promotion company in the world.  And Reebok also sponsors the Reebok

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Spartan Race, the largest obstacle race series in the world and Les Mills, the world's largest provider of choreographed group fitness classes at health clubs.

**C.    Defendants' Unlawful Activities**

70.    In blatant disregard of Plaintiffs' rights, Defendants are importing, producing, marketing, distributing, offering for sale, and/or selling in interstate commerce footwear and apparel bearing confusingly similar imitations of Plaintiffs' Marks, including the representative examples depicted below and in the attached **Exhibit 24**:






**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222







71.     Many of Defendants' Infringing Products bear the letters "RBX" and a three-stripe design that, in combination with the letters "RBX," forms a triangle shape, as depicted below (the "Infringing Logo"):



72.     In addition, many of Defendants' Infringing Products bear stripe designs that closely mimic the placement, shape, and design of the Three-Stripe Mark (the "Infringing Stripe Designs"), examples of which are depicted below:

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222









26-  FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

73.     On information and belief, Defendants' Infringing Products – including those bearing the Infringing Logo and Infringing Stripe Designs – are sold next to Plaintiffs' products in retail channels of trade, such as TJ Maxx, as shown below.



74.     On information and belief, Defendants had knowledge of and were familiar with Plaintiffs' Marks when they began importing, designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Products.  On further information and belief, Defendants intentionally adopted and used confusingly similar imitations of Plaintiffs' Marks knowing that they would mislead and deceive consumers into believing that the footwear and apparel was produced, authorized, or licensed by Plaintiffs, or that the footwear and apparel originated from Plaintiffs.

75.     The Infringing Products imported, designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and/or sold by Defendants are not manufactured by Plaintiffs.  Nor are Defendants associated, affiliated, or connected with Plaintiffs, or licensed, authorized, sponsored, endorsed, or approved by Plaintiffs in any way.

76.     adidas used the adidas Marks extensively and continuously before Defendants began: (i) using the Infringing Logo or Infringing Stripe Designs on footwear and apparel or (ii)

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

importing, designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Products.

77.    Reebok used the Reebok Marks extensively and continuously before Defendants began (i) using the Infringing Logo or the RBX mark, or (ii) importing, designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Products.

78.    The Infringing Products are similar to, and compete with, footwear and apparel sold by Plaintiffs, and the parties' respective footwear and apparel are sold through overlapping channels of trade.

79.    Upon information and belief, Defendants' use of the Infringing Logo and other confusingly similar imitations of Plaintiffs' Marks is creating actual confusion in the marketplace, including several online retailers advertising Defendants' Infringing Products as "New Reebok RBX" products.  Attached as **Exhibit 25** are true and correct examples of such actual confusion occurring in the marketplace.

80.    Defendants' use of the Infringing Logo and other confusingly similar imitations of Plaintiffs' Marks is likely to further deceive, confuse, and mislead actual and prospective purchasers into believing that the footwear and apparel sold by Defendants is manufactured by, authorized by, or in some manner associated with Plaintiffs, which it is not.

81.    The likelihood of confusion, mistake, and deception engendered by Defendants' infringement of Plaintiffs' Marks is causing irreparable harm to the goodwill symbolized by the marks and the reputation for quality that they embody.

82.    Defendants' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendants' Infringing Products at the point of sale or on a wearer are likely—due to Defendants' use of confusingly similar imitations of Plaintiffs' Marks—to mistakenly attribute the footwear and

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

apparel to Plaintiffs.  This attribution is particularly damaging with respect to those people who perceive a defect or lack of quality in the Infringing Products.  By causing a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm on the goodwill symbolized by Plaintiffs' Marks and the reputation for quality that they embody.

83.    On information and belief, Defendants continue to use the Infringing Logo and other confusingly similar imitations of Plaintiffs' Marks in connection with the sale of footwear and apparel that directly compete with the footwear and apparel offered by Plaintiffs. Defendants began selling the Infringing Products well after adidas had established protectable rights in the adidas Marks, well after Reebok had established protectable rights in the Reebok Marks, and well after these marks had become famous.

84.    On further information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of Plaintiffs' Marks.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

85.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

86.    Defendants' use of confusingly similar imitations of Plaintiffs' Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiffs, or are associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

87.    Defendants have used marks confusingly similar to Plaintiffs' federally registered marks in violation of 15 U.S.C. §§ 1114 and 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' Marks, for which Plaintiffs have no adequate remedy at law.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

88.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to Plaintiffs' great and irreparable harm.

89.    Defendants caused and are likely to continue causing substantial injury to the public, to adidas, and to Reebok, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

90.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

91.    Defendants' use of confusingly similar imitations of Plaintiffs' Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiffs, or are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

92.    Defendants have made false representations, false descriptions, and false designations of their goods in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' Marks, for which Plaintiffs have no adequate remedy at law.

93.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to the great and irreparable injury of Plaintiffs.

94.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public, to adidas, and to Reebok.  Plaintiffs are entitled to injunctive relief and to

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution of the Three-Stripe Mark and REEBOK Mark)**

95.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

96.     For decades, adidas and Reebok, respectively, have exclusively and continuously promoted and used their registered Three-Stripe Mark and REEBOK Mark, both in the United States and throughout the world.  These marks became famous and well-known symbols of Plaintiffs and their products well before Defendants offered for sale the Infringing Products.

97.     Defendants are making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark and Reebok's REEBOK Mark by eroding the public's exclusive identification of these famous marks with adidas and Reebok, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Plaintiffs' goods.

98.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks or to cause dilution of the marks to the great and irreparable injury of Plaintiffs.

99.     Defendants have caused and will continue to cause irreparable injury to adidas's and Reebok's goodwill and business reputations, and dilution of the distinctiveness and value of adidas's and Reebok's famous and distinctive Three-Stripe Mark and REEBOK Mark in violation of 15 U.S.C. § 1125(c).  Plaintiffs therefore are entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

100.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

101.    Defendants have been and are passing off their goods as those of Plaintiffs, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiffs, and otherwise damaging the public.

102.    Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

103.    Defendants' unauthorized use of confusingly similar imitations of Plaintiffs' Marks has caused and is likely to cause substantial injury to the public, to adidas, and to Reebok. Plaintiffs, therefore, are entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

104.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

105.    Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiffs.  Plaintiffs have no adequate remedy at law for this injury.

106.    On information and belief, Defendants acted with full knowledge of Plaintiffs' use of, and statutory and common law rights to, Plaintiffs' Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

107.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to the great and irreparable injury of Plaintiffs.

108.    As a result of Defendants' acts, Plaintiffs have been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Plaintiffs are entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs.  Further, in light of the deliberate and malicious use of confusingly similar imitations of Plaintiffs' Marks, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiffs additionally are entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

109.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

110.    Plaintiffs have extensively and continuously promoted and used the Three-Stripe Mark and the REEBOK Mark throughout the United States, and these marks became distinctive,

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

famous, and well-known symbols of Plaintiffs' goods well before Defendants began offering for sale the products complained of in this Complaint.

111.    Defendants' conduct dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark and Reebok's REEBOK Mark by eroding the public's exclusive identification of these marks with Plaintiffs, and tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Plaintiffs' goods.

112.    Defendants are causing and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputations and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive marks in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

113.    Plaintiffs, therefore, are entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

      a.    using the Infringing Logo on or in connection with Defendants' goods;

      b.    using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Defendants' goods;

      c.    using the Badge of Sport Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Badge of Sport Mark on or in connection with Defendants' goods;

      d.    using the REEBOK Mark or any other copy, reproduction, colorable imitation, or simulation of the REEBOK Mark on or in connection

35-  FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

with Defendants' goods;

e.  using the RBK Mark or any other copy, reproduction, colorable imitation, or simulation of the RBK Mark on or in connection with Defendants' goods;

f.  using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Plaintiffs' trademarks, trade dresses, names, or logos;

g.  using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs;

h.  using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Plaintiffs' trademarks, trade dresses, names, or logos;

i.  passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiffs, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

j.  advertising, promoting, offering for sale, or selling the Infringing Products or other similar goods.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

2.    Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing the RBX word mark, Infringing Logo, the Infringing Stripe Design or any other confusingly similar imitations of Plaintiffs' Marks that are in Defendants' possession or have been shipped by Defendants or under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3.    Defendants be ordered to deliver up for impoundment and for destruction, all footwear, apparel, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendants that are found to adopt, infringe, or dilute any of Plaintiffs' trademarks or that otherwise unfairly compete with Plaintiffs and their products;

4.    Defendants be compelled to account to Plaintiffs for any and all profits derived by Defendants from the sale or distribution of the Infringing Products;

5.    Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint;

6.    Based on Defendants' knowing and intentional use of confusingly similar imitations of Plaintiffs' Marks, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    Defendants be required to pay to Plaintiffs the costs and reasonable attorneys' fees incurred by Plaintiffs in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Defendants' willful and deliberate infringement and/or dilution of Plaintiffs' Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

37- FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

9.     Plaintiffs be awarded prejudgment and post-judgment interest on all monetary

awards; and

10.    Plaintiffs have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

DATED:  July 26, 2016                    **PERKINS COIE LLP**

By:   */s/ Stephen M. Feldman*
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
Nichole D. Chollet (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

38-  FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT

21184-0112/131203760.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222