UNITED STATES DISTRICT COURT
DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ADIDAS AMERICA, INC., ADIDAS AG, ADIDAS INTERNATIONAL MARKETING B.V., REEBOK INTERNATIONAL LTD., REEBOK INTERNATIONAL LIMITED,<br><br>       Plaintiffs,<br><br>   -against-<br><br>TRB ACQUISITIONS, LLC,<br><br>       Defendant. | No. 3:15-cv-02113 |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant TRB Acquisitions, LLC ("Defendant") hereby objects to and responds to the First Set of Interrogatories, including all applicable instructions and definitions (collectively, the "Interrogatories") served by Plaintiffs in the above-referenced action. These objections and responses are based on information currently known by, and reasonably available to, Defendant. Defendant will supplement these objections and responses if it learns of additional or different responsive information. The information supplied in these responses and objections is not based solely upon the knowledge of the executing party; it may also be based on the knowledge of the party's agents, representatives, and attorneys (unless privileged), and on information contained in Defendant's records.

**GENERAL OBJECTIONS**

1.   Defendant makes the following general objections to Plaintiffs' Interrogatories, which Defendant expressly incorporates by reference into each of its Responses to Plaintiffs' Interrogatories, regardless of whether the general objections are specifically incorporated into the

specific objections and responses below.  By providing a specific objection to any Interrogatory,

or any of the "Definitions" and "General Instructions," Defendant does not waive or otherwise

limit these general objections.  Furthermore, reference to these general objections in any specific

response, or with regard to specific "Definitions" and "Instructions," shall not waive or

otherwise limit the applicability of these general objections to each and every Interrogatory and

each "Definition" and "General Instruction."   Defendant is responding to each Interrogatory as it

interprets and understands each Interrogatory.  If Plaintiffs assert a different interpretation of any

Interrogatory, Defendant reserves the right to supplement or amend their responses and

objections.

   2. Defendant objects to the Interrogatories to the extent they incorporate terms that

are undefined, vague, ambiguous, or otherwise impermissibly imprecise.

   3. Defendant objects to the Interrogatories to the extent they seek information

beyond Defendant's possession, custody, or control, and/or that is publicly available or is

uniquely or equally available to Plaintiffs.

   4. Defendant objects to the Interrogatories to the extent they seek the disclosure of

information protected by the attorney client privilege, the work product doctrine, or any other

applicable evidentiary privilege or immunity, including, without limit, common interest or joint

defense.

   5. Defendant objects to the Interrogatories to the extent they seek to impose burdens

or obligations beyond those required by the Federal Rules of Civil Procedure and/or the Local

Rules.

   6. Defendant objects to the Interrogatories to the extent they seek to require

production of documents or information prohibited from disclosure by federal statutory and

regulatory requirements, state privacy laws, and any other provision of law prohibiting the disclosure of information.

7.     Defendant objects to the Interrogatories to the extent they are overly broad (including without limitation as a result of the absence of reasonable temporal or geographic limitations), overly inclusive, cumulative or unreasonably duplicative, unduly burdensome, oppressive, vague or ambiguous, and/or to the extent they seek information that is neither relevant to the subject matter of the pending action nor proportional to the needs of the case, and/or to the extent that the burden imposed by production would be unreasonable in view of the amount in controversy or the sources available to Defendant.

8.     Defendant objects to the Interrogatories to the extent they seek expert opinion testimony or related materials that is protected from disclosure under Rule 26 of the Federal Rules of Civil Procedure or applicable Local Rules, and/or to the extent they call for legal conclusions, legal analysis, and/or trial theories.

9.     Defendant objects to the Interrogatories to the extent they contain incorrect factual assumptions or assertions.

10.     Defendant objects to the Interrogatories to the extent that they fail to specify a relevant time period. The absence of a limited time period makes these Interrogatories overly broad, not proportional to the needs of this proceeding, and unduly burdensome in scope.

11.     Defendant objects to the term "Disputed Three Stripe Mark" on the ground that it falsely implies that the design depicted in Paragraph 8 of the Complaint filed in this action in fact contains three stripes and/or falsely implies ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear.

12.     Defendant objects to the definition of "TRB" as unduly burdensome and overbroad to the extent that they propose to cover entities and persons other than the Defendant TRB Acquisitions LLC.

13.     Defendant objects to the definition of "Plaintiffs' Marks" on the grounds that it falsely suggests that Plaintiffs own rights in those marks as described in the Complaint and as shown in the registration certificates attached to the Complaint when in fact a number of these registration rights have been abandoned and/or limited in scope.

14.     Defendant objects to the definition of  "Disputed Products" on the grounds that it is overly broad and indefinite.

15.     Defendant objects to the definition of "Identify" on the grounds that it is overly broad, not proportional to the needs of this proceeding, and are unduly burdensome.

16.     Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation. Defendant reserves the right to make use of, or to introduce at any hearing or trial, information responsive to the Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information obtained in discovery herein.

17.     Defendant's responses to the Interrogatories shall not be interpreted to concede the truth of any factual assertion or implication contained in the Interrogatories.

18.     Defendant intends to incorporate each of the foregoing objections into, and as part of, its specific objections and responses to the Interrogatories.  By responding to the Interrogatories, Defendant does not intend to waive any objections as to relevancy, competency, authenticity, admissibility, materiality, and/or privilege (in this or any other proceeding) concerning the topics of the Interrogatories or any of the information provided in response thereto.  Defendant expressly reserves the right to raise those objections in the future and/or to object to further discovery requests related to the subjects of any of the Interrogatories.  No implied, incidental, or unintended admissions are intended as a result of responding to the Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each Person involved in TRB's design, selection, and adoption of each Disputed Three-Stripe Design, describing each Person's involvement.

**RESPONSE:**  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Further, to the extent this Interrogatory calls for the identification of individuals employed or known by TRB Acquisitions LLC's predecessors-in-interest or any Third Party, Defendant objects on the basis that it seeks information outside of Defendant's possession, custody, or control. Defendant also objects to this Interrogatory on the grounds that certain terms, including the "Disputed Three-Stripe Design," and "adoption," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear.

5

**INTERROGATORY NO. 2:**  Identify each Person involved in TRB's design, selection, and adoption of the RBX Logo, describing each Person's involvement.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "adoption," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 3:**  Identify each Person involved in TRB's design, selection, and adoption of each RBX Mark, describing each Person's involvement.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs

6

of the case.  Defendant also objects to this Interrogatory on the grounds that certain terms, including "adoption," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 4:**  Describe the typical or target consumers (*i.e.*, end users) of each Disputed Product, including the demographic and psychograhic profiles of such consumers.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," "end users," "demographic," and "psychographic profiles," are vague and ambiguous as used therein. Further, to the extent this Interrogatory calls for information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be

7

determined.

**INTERROGATORY NO. 5:**  Identify each Person who has been responsible for the creation, preparation, development, or placement of advertising or promotional materials for any Disputed Product, describing each Person's responsibility.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein.  Further, Defendant also objects to this Interrogatory to the extent it seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 6:**   State by month (if available, or, if not, for each separate period reflected in TRB's books and records) TRB's expenditures for each advertising or promotional medium used to promote each Disputed Product.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as

8

though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that  it seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 7:**  Identify each Person who has been responsible for the distribution and sale of each Disputed Product, describing each Person's responsibility

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds  that it seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-

9

privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 8:**   Identify each store, website, or other outlet through which each Disputed Product has been sold or offered for sale.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that  it seeks information outside of Defendant's possession, custody, or control. Further, to the extent this Interrogatory seeks identification of "each store, website, or other outlet," Defendant also objects that the burden imposed by answering would be unreasonable in view of the amount in controversy, the resources available to Defendant, and the relevance of the answers to the issues of this case.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

10

**INTERROGATORY NO. 9:**  State how and when TRB first learned of each of Plaintiff's Marks.

**RESPONSE:**  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it is compound, and that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "learned" and "Plaintiff's Marks," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to theattorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

The members of TRB Acquisitions LLC were generally aware of most national brands of athletic clothing upon their formation.

**INTERROGATORY NO. 10:**  Identify each instance of which TRB has actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between TRB and Plaintiffs or any Disputed Product and any of Plaintiffs' products. For illustrative purposes only and without limiting the foregoing, such

11

instances would include misdirected inquiries, orders, cancellations, or returns, misassumptions as to source or origin, and comments, complaints, or expressions by any person indicating an assumption or belief as to association or connection between TRB or any of its products and Plaintiffs or any other apparel or footwear company.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 11:**  Identify each Third Party that has offered for sale or sold products incorporating a design that TRB contends is similar to adidas's Three-Stripe Mark (*see, e.g.*, Complaint ¶¶ 20–33, Exs. 1–13) or the Disputed Three-Stripe Design.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Three-Stripe Mark" and "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs or in Plaintiffs' possession, custody or control. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 12:** Identify each Third Party that has offered for sale or sold products incorporating a design that TRB contends is similar to adidas's Badge of Sport (*see, e.g.*, Complaint ¶¶ 34–35, Ex. 14), or the RBX Logo.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 13:**  Identify each Third Party that has offered for sale or sold products incorporating a design that TRB contends is similar to Reebok's RBK Mark (*see, e.g.,* Complaint ¶¶ 48–55, Exs. 19–21), or the RBX Mark.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly

14

broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 14:** Identify each Person who has been responsible for wear testing or conducting any other quality control with regard any Disputed Product, describing each Person's responsibility.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and

ambiguous as used therein.  Defendant also objects to this Interrogatory to the extent that it seeks

information subject to the attorney-client privilege, work product doctrine, or any other

applicable evidentiary privilege or immunity, including, without limit, common interest or joint

defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is

outside of Defendant's possession, custody, or control.  Subject to and without waiving any of

the foregoing general and specific objections, Defendant will produce non-privileged documents

in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the

answer to this Interrogatory may be determined.


**INTERROGATORY NO. 15:**  Identify each Third Party that, within the past five (5)

years, has communicated to TRB a claim, objection, demand, or other assertion regarding

alleged trademark or trade dress infringement, whether or not such communication resulted in a

lawsuit.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as

though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly

broad, unduly burdensome, oppressive, and that the information sought is not proportional to the

needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains

multiple subparts and is therefore vague and ambiguous. Defendant also objects to this

Interrogatory on the grounds that it seeks information outside of Defendant's possession,

custody, or control.  Subject to and without waiving any of the foregoing general and specific

objections, Defendant responds to this Interrogatory as follows:

(1) Cougar Sport Inc., 55 West 39th Street, Suite # 305, New York, NY 10018, 212-947-

16

3054 (Raymond Dayan, CEO and President), this communication did not result in a lawsuit;

(2) Specialized Bicycle Components, Inc., 15130 Concord Circle, Morgan Hill, CA 95037, this communication did not result in a lawsuit.

**INTERROGATORY NO. 16:**  Identify each Person (including any Third Party) to whom TRB has licensed the RBX Logo, the RBX Mark, or any Disputed Three-Stripe Design.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including the Disputed Three-Stripe Design, are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear. Defendant also objects to this Interrogatory on the grounds that it seeks information outside of Defendant's possession, custody, or control. Defendant further objects that this Interrogatory is irrelevant in part because Defendant does not license any Disputed Three-Stripe Design**.** Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its

17

possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 17:**  Identify any royalty rate(s) TRB has paid or has offered to pay, whether formally or informally, to license or use the trademarks or trade dress of a Third Party.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks confidential business information that is irrelevant to this civil action. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

TRB has not paid or offered to pay, a royalty rate to license or use the trademarks or trade dress of a Third Party.

18

**INTERROGATORY NO. 18:**  Identify the royalty rate(s) any Third Party has paid or has offered to pay TRB, whether formally or informally, to license or use any trademarks or trade dress, including the RBX Logo and RBX Mark.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks confidential business information that is irrelevant to this civil action.

**INTERROGATORY NO. 19:**  For each of the interrogatories, identify each Person, other than counsel, who was consulted or who otherwise provided information in connection with the response, and identify the interrogatory or interrogatories for which each such Person provided information.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this

Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

Eli Yedid, as to all above interrogatories.

Dated:  New York, New York
        February 26, 2016

ARENT FOX LLP

By: _____

Michelle Mancino Marsh, *pro hac vice*
Allen G. Reiter, *pro hac vice*
Eric Roman, *pro hac vice*
1675 Broadway
New York, New York 10019
(212) 484-3900

LANE POWELL PC
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503-778-2100
Facsimile: 503-778-2200

**Attorneys for Defendant TRB Acquisitions LLC**

20

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2016, I caused a true and correct copy of

Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories to be delivered

by email to the following:

Stephen M. Feldman
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
Tel: 503-727-2058
Email: feldm@perkinscoie.com

R. Charles Henn, Jr.
Charles H. Hooker, III
Nicki Chollet
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Tel: 404-815-6500
Email: CHenn@kilpatricktownsend.com
        Chooker@kilpatricktownsend.com
        NChollet@kilpatricktownsend.com


_____
Michelle Mancino Marsh