UNITED STATES DISTRICT COURT
DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ADIDAS AMERICA, INC., ADIDAS AG, ADIDAS INTERNATIONAL MARKETING B.V., REEBOK INTERNATIONAL LTD., REEBOK INTERNATIONAL LIMITED,<br><br>                                 Plaintiffs,<br><br>              -against-<br><br>TRB ACQUISITIONS, LLC,<br><br>                            Defendant. | No. 3:15-cv-02113 |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant TRB Acquisitions, LLC ("Defendant") hereby responds as follows to the First Request for Production of Documents and Things ("Requests") served by Plaintiffs in the above-referenced action. These objections and responses are based on documents and things currently known by, and reasonably available to, Defendant. Defendant will supplement these objections and responses if it learns of additional or different responsive documents and things.

## GENERAL OBJECTIONS

1.     Defendant makes the following general objections to Plaintiffs' Requests, which Defendant expressly incorporates by reference into each of its Responses to Plaintiffs' Requests, regardless of whether the general objections are specifically incorporated into the specific objections and responses below.  By providing a specific objection to any Requests, or any of the "Definitions" and "General Instructions," Defendant does not waive or otherwise limit these general objections.  Furthermore, reference to these general objections in any specific response, or with regard to specific "Definitions" and "Instructions," shall not waive or otherwise limit the

applicability of these general objections to each and every Request and each "Definition" and "General Instruction." Defendant is responding to each Request as it interprets and understands each Request. If Plaintiffs assert a different interpretation of any Request, Defendant reserves the right to supplement or amend their responses and objections.

2.      Defendant objects to the Requests to the extent they incorporate terms that are undefined, vague, ambiguous, or otherwise impermissibly imprecise.

3.      Defendant objects to the Requests to the extent they seek information beyond Defendant's possession, custody, or control, and/or that is publicly available or is uniquely or equally available to Plaintiffs.

4.      Defendant objects to the Requests to the extent they seek disclosure of information protected by any applicable evidentiary privilege, including but not limited to the attorney-client privilege and work product doctrine, including, without limit, common interest or joint defense.

5.      Defendant objects to the Requests to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

6.      Defendant objects to the Requests to the extent they seek disclosure of information or production of documents that are prohibited from disclosure by federal statutory and regulatory requirements, state privacy laws, and any other provision of law prohibiting the disclosure of information.

7.      Defendant objects to the Requests to the extent that they are overly broad (including without limitation as a result of the absence of reasonable temporal or geographic limitations), overly inclusive, cumulative or unreasonably duplicative, unduly burdensome, oppressive, vague, or ambiguous, and/or to the extent they seek information that is neither

relevant to the subject matter of the pending action nor proportional to the needs of the case, and/or to the extent that the burden imposed by production would be unreasonable in view of the amount in controversy or the sources available to Defendant.

8.      Defendant objects to the Requests to the extent they seek information that is confidential, proprietary, or otherwise could cause Defendants competitive harm if disclosed. Defendants will produce such information, subject to and without waiving its other objections, after the parties execute and the Court enters an appropriate protective order in this case.

9.      Defendant objects to the Requests to the extent they seek information outside the United States.

10.     Defendant objects to the Requests to the extent they seek expert opinion testimony or related materials that is protected from disclosure under Rule 26 of the Federal Rules of Civil Procedure or applicable Local Rules, and/or to the extent they call for legal conclusions, legal analysis, and/or trial theories.

11.     Defendant objects to the Requests to the extent they contain incorrect factual assumptions or assertions.

12.     Defendant objects to the Requests to the extent that they fail to specify a relevant time period. The absence of a limited time period makes these Requests overly broad, not proportional to the needs of this proceeding, and unduly burdensome in scope.

13.     Defendant objects to the term "Disputed Three Stripe Mark" on the ground that it falsely implies that the design depicted in Paragraph 8 of the Complaint filed in this action in fact contains three stripes and/or falsely implies ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear.

14.     Defendant objects to the definition of "TRB" as unduly burdensome and overbroad to the extent that they propose to cover entities and persons other than the Defendant TRB Acquisitions LLC.

15.     Defendant objects to the definition of "Plaintiffs' Marks" on the grounds that it falsely suggests that Plaintiffs own rights in those marks as described in the Complaint and as shown in the registration certificates attached to the Complaint when in fact a number of these registration rights have been abandoned and/or limited in scope.

16.     Defendant objects to the definition of  "Disputed Products" on the grounds that it is overly broad and indefinite.

17.     Defendant objects to the definition of "Identify" on the grounds that it is overly broad, not proportional to the needs of this proceeding, and are unduly burdensome.

18.     In light of Defendant's objections, Defendant may be withholding documents in response to Requests.

19.     Defendant's responses to the Requests are made to the best of Defendant's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation. Defendant reserves the right to make use of, or to introduce at any hearing or trial, information responsive to the Requests but discovered subsequent to the date of these responses, including, but not limited to, any such information obtained in discovery herein.

20.     Defendant's responses to the Requests shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.

4

21.     Defendant intends to incorporate each of the foregoing objections into, and as part of, its specific objections and responses to the Requests.  By responding to the Requests, Defendant does not intend to waive any objections as to relevancy, competency, authenticity, admissibility, materiality, and/or privilege (in this or any other proceeding) concerning the topics of the Requests or any of the information provided in response thereto.  Defendant expressly reserves the right to raise those objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.  No implied, incidental, or unintended admissions are intended as a result of responding to the Requests.

**REQUESTS**

**REQUEST FOR PRODUCTION NO. 1.**  Documents that TRB has identified in response to, or upon which TRB has relied in formulating answers to, Plaintiffs' First Set of Requests.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2.**  Documents that refer or relate to TRB's design, selection, or adoption of any Disputed Three-Stripe Design.

5

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 3.**  Documents sufficient to identify any alternative designs considered by TRB, whether or not adopted, in connection with the process that resulted in the adoption of any Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 4.**  Documents that refer or relate to TRB's design, selection, or adoption of the RBX Logo.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5.**  Documents sufficient to identify any alternative designs considered by TRB, whether or not adopted, in connection with the process that resulted in the adoption of the RBX Logo.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

7

**REQUEST FOR PRODUCTION NO. 6.**  Documents that refer or relate to TRB's design, selection, or adoption of the RBX Mark.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7.**  Documents sufficient to identify any alternative designs considered by TRB, whether or not adopted, in connection with the process that resulted in the adoption of the RBX Mark.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant

8

will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8.**  Documents that refer or relate to the steps taken by TRB to determine whether any Disputed Three-Stripe Design infringed or infringes the trademark or trade dress rights of Plaintiffs or any Third Party, including any investigation, study, survey, or search that TRB conducted or had conducted.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9.**  Documents that refer or relate to the steps taken by TRB to determine whether the RBX Logo infringed or infringes the trademark or trade dress rights of Plaintiffs or any Third Party, including any investigation, study, survey, or search that TRB conducted or had conducted.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents

beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request that concern the RBX Logo.

**REQUEST FOR PRODUCTION NO. 10.**  Documents that refer or relate to the steps taken by TRB to determine whether the RBX Mark infringed or infringes the trademark or trade dress rights of Plaintiffs or any Third Party, including any investigation, study, survey, or search that TRB conducted or had conducted.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request that concern the RBX Mark

**REQUEST FOR PRODUCTION NO. 11.**  Documents that refer or relate to the steps taken by TRB to determine whether the Disputed Products infringed or infringe the trademark or trade dress rights of Plaintiffs or any Third Party, including any investigation, study, survey, or search that TRB conducted or had conducted.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 12.**  Documents sufficient to identify the date of first sale by TRB of any product bearing the RBX Logo.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's dates of first use and will produce additional documents as they become available.

**REQUEST FOR PRODUCTION NO. 13.**  Documents sufficient to identify the date of first sale by TRB of any product bearing the RBX Mark.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents

beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request,  and will continue its investigation as to its predecessors-in-interest's dates of first use and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 14.**  Documents sufficient to identify the date of first sale by TRB of any product bearing a Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15.**  Documents sufficient to identify the date of first sale by TRB of each Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

12

**REQUEST FOR PRODUCTION NO. 16.**  A representative sample or photograph of each Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged photographs of representative samples  in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17.**  Documents sufficient to identify the time period(s) during which each Disputed Product was marketed, promoted, sold, or offered for sale.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available..

**REQUEST FOR PRODUCTION NO. 18.**  Documents that refer or relate to the quality, durability, or performance characteristics of each Disputed Product, including documents that refer or relate to any testing, investigation, or study that TRB conducted or had conducted.

13

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 19.**  Representative samples of each type of label, tag, or packaging that has been used in connection with each Disputed Product, with documents sufficient to identify when each such label, tag, or packaging was used.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections,  Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 20.**  Documents that refer or relate to TRB's registrations of, or its prospective or actual applications to register, any Disputed Three-Stripe Design (as a trademark, copyright, or the subject of a patent) or any element of the thereof, excluding the RBX logo.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as the meaning of "any element of the thereof," and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21.**  Documents that refer or relate to TRB's registrations of, or its prospective or actual applications to register, the RBX logo (as a trademark, copyright, or the subject of a patent).

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22.**  Documents that refer or relate to TRB's registrations of, or its prospective or actual applications to register, the RBX Mark (as a trademark, copyright, or the subject of a patent).

15

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23.**  Representative examples of TRB's advertising, promotional materials, packaging, catalogs, data sheets, instructional materials, media documents, and other printed materials that refer or relate to the use or promotion of any Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged representative samples of documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 24.**  Documents that refer or relate to TRB's expenditures for the advertising or promotion of any Disputed Product, including expenditures for websites or web pages featuring any Disputed Product.

16

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 25.**  Documents that refer or relate to expenditures by any Third-Party licensee of TRB for the advertising or promotion of any Disputed Product, including expenditures for any Third-Party websites or web pages featuring any Disputed Product.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 26.**  Documents sufficient to identify the geographic areas in which each Disputed Product has been promoted, distributed, sold, or offered for sale.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 27.**  Documents sufficient to identify each store, website, or other outlet through which each Disputed Product has been sold or offered for sale.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 28.**  Documents sufficient to identify how and when TRB first learned of each of Plaintiff's Marks.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the

needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 29.**  Documents that refer or relate to TRB's communications with any of its customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs or Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30.**  Documents that refer or relate to TRB's communications with any of Plaintiffs' customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs or Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly

broad, unduly burdensome, oppressive, particularly as to who constitutes each of Plaintiffs' customers, clients, sellers, distributors, licensors or licensees which is unknown to Defendant, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 31.**  Documents that refer or relate to TRB's communications with Seduka, LLC concerning any of the Plaintiffs or Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   Defendant further objects to this request on the grounds that the request is of minimal or no importance to what is at stake in this action or in resolving the disputed issues. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 32.**  Documents that refer or relate to TRB's communications with One Step Up, Ltd. or Harry Adjmi concerning any of the Plaintiffs or Plaintiffs' Marks.

20

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 33.**  Documents that refer or relate to TRB's communications with United Legwear Co., LLC concerning any of the Plaintiffs or Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 34.**  Documents sufficient to identify the demographic characteristics of typical or target consumers (*i.e.*, end users) of each Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 35.**  Documents sufficient to identify the psychographic characteristics of typical or target consumers (*i.e.*, end users) of each Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

22

**REQUEST FOR PRODUCTION NO. 36.**  Documents that refer or relate to any research (including focus groups, polls, surveys, interviews, and market analysis) that TRB conducted or had conducted concerning target or typical consumers of any Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 37.**  Documents that refer or relate to any research (including focus groups, polls, surveys, interviews, and market analysis) that TRB conducted or had conducted concerning any Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity,

including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38.**  Documents that refer or relate to any research (including focus groups, polls, surveys, interviews, and market analysis) that TRB conducted or had conducted concerning the RBX Logo.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 39.**  Documents that refer or relate to any research (including focus groups, polls, surveys, interviews, and market analysis) that TRB conducted or had conducted concerning the RBX Mark.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the

attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 40.**  Documents that refer or relate to any research (including focus groups, polls, surveys, interviews, and market analysis) that TRB conducted or had conducted concerning Plaintiffs or any of Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 41.**  Documents sufficient to identify the prices, including wholesale and suggested retail (as well as any other price category utilized by TRB in the ordinary course of business), at which each Disputed Product has been sold or offered for sale.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and

that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42.**  Documents that refer or relate to any Third Party's sale or offer for sale of products incorporating a design that TRB contends is similar to adidas's Three-Stripe Mark (*see, e.g.*, Complaint ¶¶ 20–33, Exs. 1–13) or any Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request calls for or otherwise seeks a legal conclusion, and is compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  Defendant further objects to this request on the grounds that Plaintiffs have greater or equal access to the documents requested. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

26

**REQUEST FOR PRODUCTION NO. 43.**  Documents that refer or relate to any Third Party's sale or offer for sale of products incorporating a design that TRB contends is similar to adidas's Badge of Sport (*see, e.g.*, Complaint ¶¶ 34–35, Ex. 14) or the RBX Logo.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request calls for or otherwise seeks a legal conclusion, and is compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the inclusion of the RBX Logo, and that the documents sought are not proportional to the needs of the case. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   Defendant further objects to this request on the grounds that Plaintiffs have greater or equal access to the documents requested. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44.**  Documents that refer or relate to any Third Party's sale or offer for sale of products incorporating a design that TRB contends is similar to Reebok's RBK Mark (*see, e.g.*, Complaint ¶¶ 48–55, Exs. 19–21) or the RBX Mark.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request calls for or otherwise seeks a legal conclusion, and is compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the inclusion of the RBX Logo, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other

applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  Defendant further objects to this request on the grounds that Plaintiffs have greater or equal access to the documents requested. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45.**  Documents that refer or relate to any royalties TRB has paid, whether formally or informally, to license or use the trademarks or trade dress of a Third Party.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request seeks a legal conclusion, and is compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46.**  Documents that refer or relate to any royalties TRB has offered to pay, whether formally or informally, to license or use the trademarks or trade dress of a Third Party.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request seeks a legal conclusion, and is compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this

request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47.**  Documents sufficient to identify each Third Party that has licensed the RBX Logo from TRB.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant further objects to this request to the extent that it seeks confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48.**  Documents that refer or relate to any royalties any Third Party has paid TRB, whether formally or informally, to license or use the RBX Logo.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and

29

without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49.**  Documents that refer or relate to any royalties any Third Party has offered to pay TRB, whether formally or informally, to license or use the RBX Logo.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 50.**  Documents sufficient to identify each Third Party that has licensed any Disputed Three-Stripe Design from TRB.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.   As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

30

**REQUEST FOR PRODUCTION NO. 51.**  Documents that refer or relate to any royalties any Third Party has paid TRB, whether formally or informally, to license or use any Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52.**  Documents that refer or relate to any royalties any Third Party has offered to pay TRB, whether formally or informally, to license or use any Disputed Three-Stripe Design.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client

privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 53.**  Documents sufficient to identify each Third Party that has licensed any RBX Mark from TRB.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as duplicative of Request No. 47. Defendant further objects to this request to the extent that it seeks  confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54.**  Documents that refer or relate to any royalties any Third Party has paid TRB, whether formally or informally, to license or use any RBX Mark.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as duplicative of Request No. 49. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce

32

non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 55.**  Documents that refer or relate to any royalties any Third Party has offered to pay TRB, whether formally or informally, to license or use any RBX Mark.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as duplicative of Request No. 52. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 56.**  Documents that refer or relate to communications between TRB and One Step Up, Ltd. or Harry Adjmi that refer or relate to any Disputed Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant

will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 57.**  Documents that refer or relate to communications between TRB and United Legwear Co., LLC that refer or relate to any Disputed Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 58.**  Documents that refer or relate to any instance of which TRB has actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between TRB and Plaintiffs, any Disputed Marks and any of Plaintiffs' Marks, or any Disputed Product and any of Plaintiffs' products. For illustrative purposes only and without limiting the foregoing, such instances would include misdirected inquiries, orders, cancellations, or returns, misassumptions as to source or origin, and comments, complaints, or expressions by any person indicating an assumption or belief as to association or connection between TRB or any of its products and Plaintiffs or any other apparel or footwear company.

34

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as compound, vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 59.**  Documents that refer or relate to adidas.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 60.**  Documents that refer or relate to Reebok.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly

broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 61.**  Documents that refer or relate to adidas's Three-Stripe Mark (*see, e.g.*, Complaint ¶¶ 20–33, Exs. 1–13) or stripes on adidas apparel or footwear.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, as to the terms "stripes on adidas apparel or footwear," and that the documents sought are not proportional to the needs of the case.  Defendant also objects to this Request on the grounds that certain terms, including the "Three-Stripe Design," are vague and ambiguous as used therein.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 62.**  Documents that refer or relate to adidas's Badge of Sport (*see, e.g.*, Complaint ¶¶ 34–35, Ex. 14).

36

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 63.**  Documents that refer or relate to Reebok's RBK Mark (*see, e.g.*, Complaint ¶¶  48–55, Exs. 19–21).

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 64.**  Photographs or depictions of any of Plaintiffs' Marks within TRB's possession, custody, or control.

37

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 65.**  Documents sufficient to identify TRB's monthly and annual gross revenue (including any royalty revenue) from the sale of each Disputed Product.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

38

**REQUEST FOR PRODUCTION NO. 66.**  Documents sufficient to identify the number of units of each Disputed Product sold by TRB monthly and annually.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, particularly as to the definition of Disputed Product, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 67.**  Documents sufficient to identify any elements of cost or deduction claimed by TRB under 15 U.S.C. § 1117.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 68.**  Documents that refer or relate to any trademark or trade dress infringement claim, objection, demand, or other assertion communicated to TRB by a Third Party, whether or not such communication resulted in a lawsuit.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 69.**  Documents that refer or relate to any trademark or trade dress infringement claim, objection, demand, or other assertion communicated by TRB to a Third Party, whether or not such communication resulted in a lawsuit.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business

40

information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. TRB further objects to this Request as unduly burdensome to the extent it calls for the disclosure of documents that are or will be publicly available on the electronic docket for the referenced legal proceeding.  Such documents are readily accessible and need not be produced by TRB.  To the extent the requested documents are not publicly available, TRB objects to this Request as overly broad and unduly burdensome, as the documents in question have no relevance to the matters at issue in this dispute.  Further, the bulk of the requested documents that relate to the civil action captioned *Seduka, LLC v. TRB Acquisitions*, No. 15-civ-01145 (S.D.N.Y.) and any other proceedings between those parties are, or it is anticipated will be, subject to a protective order entered under Fed. R. Civ. P. 26 that will preclude their disclosure in this proceeding. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 70.**  Documents that refer or relate to any dispute between TRB and Seduka, LLC involving the RBX Logo or the RBX Mark, including any documents produced by TRB in discovery in such a dispute.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. TRB further objects to this Request as unduly burdensome to the extent it calls for

41

the disclosure of documents that are or will be publicly available on the electronic docket for the referenced legal proceeding.  Such documents are readily accessible and need not be produced by TRB.  To the extent the requested documents are not publicly available, TRB objects to this Request as overly broad and unduly burdensome, as the documents in question have no relevance to the matters at issue in this dispute.  Further, the bulk of the requested documents that relate to the civil action captioned *Seduka, LLC v. TRB Acquisitions*, No. 15-civ-01145 (S.D.N.Y.) and any other proceedings between those parties are, or it is anticipated will be, subject to a protective order entered under Fed. R. Civ. P. 26 that will preclude their disclosure in this proceeding. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.


**REQUEST FOR PRODUCTION NO. 71.**  Documents that refer or relate to any communications between Eli Yedid and Joe or Michael Dahan that refer or relate to the RBX Logo, the RBX Mark, or any of Plaintiffs' Marks.

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

42

**REQUEST FOR PRODUCTION NO. 72.**  Documents that refer or relate to any loss, destruction, deletion, or purging of TRB's communications or other documents since February 18, 2015.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 73.**  Documents that refer or relate to TRB's assertion that it has "used the RBX Marks on products that have been offered for sale or sold in the United States since as early as 2002 with respect to socks and as early as 2007 with respect to other apparel." (Dkt. 24 ¶ 6).

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or

43

joint defense.  As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request,  and will continue its investigation as to its predecessors-in-interest's dates of first use and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 74.**  Documents that refer or relate to TRB's assertion that "the letters 'RB' have been used by TRB's predecessor in interest since as early as 2007." (Dkt. 24 ¶ 6).

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 75.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part by the applicable two year statute of limitations in the state of Oregon and any other applicable statute of limitations."

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 76.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part due to waiver."

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

45

**REQUEST FOR PRODUCTION NO. 77.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part pursuant to the doctrine of laches."

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 78.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part due to their unclean hands."

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request,

notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel."

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's  activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 80.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence."

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity,

47

including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request and will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available.

**REQUEST FOR PRODUCTION NO. 81.**  Documents that refer or relate to TRB's assertion that "Plaintiffs' state law dilution claims are barred because they are preempted by federal law and TRB's ownership of federal trademark registrations.".

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 82.**  Documents that refer or relate to TRB's assertion that "Plaintiffs have failed to mitigate their damages, if any."

**RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client

48

privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 83.**  Documents that refer or relate to TRB's assertion that "Plaintiffs would be unjustly enriched if allowed to recover on their Complaint.".

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 84.**  Documents that refer or relate to TRB's assertion that "Plaintiffs have used their trademark registrations to improperly and unfairly promote a monopoly and restrict competition, and therefore should be denied enforcement of any purported rights therein.".

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as it calls for a legal conclusion Defendant objects to this Request to the extent it seeks documents that are publicly available,

uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 85.** Documents that refer or relate to TRB's monitoring of its websites for visits, hits, or traffic from users or IP addresses at Plaintiffs or the law firms of Kilpatrick Townsend & Stockton LLP or Perkins Coie LLP.

**RESPONSE**: Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant states that it has no documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 86.** Documents that refer or relate to communications between TRB and any Third Party regarding this civil action.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 87.**  Documents that refer or relate to communications between TRB and any insurance company (including any agent, adjuster, or other employees thereof) regarding any of the Disputed Marks or this civil action.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.   Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

**REQUEST FOR PRODUCTION NO. 88.**  Documents sufficient to identify each Person that TRB may call as a fact witness at any hearing or at the trial of this civil action.

51

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case. Defendant objects to this Request to the extent it seeks documents that are publicly available, uniquely or equally available to Plaintiffs, or in Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant further objects on the basis that the request is premature. As for the remainder of this Request, notwithstanding, and without waiving the same foregoing objections, Defendant will produce non-privileged documents in its possession, custody, or control responsive to this Request.


**REQUEST FOR PRODUCTION NO. 89.**   Documents that refer or relate to the opinions of any expert engaged by TRB in connection with this civil action, whether or not such expert actually will testify in this civil action, including documents relied on, considered, or examined by the expert for his or her opinions.

**RESPONSE**:   Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues.  Defendant objects to this Request to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, including, without limit, Rule 26(a)(2). Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any

52

other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

     **REQUEST FOR PRODUCTION NO. 90.**  Documents that refer or relate to the opinions of any expert engaged by TRB in connection with any dispute with Seduka, LLC, whether or not such expert actually will testify in this civil action, including documents relied on, considered, or examined by the expert for his or her opinions.

     **RESPONSE**:  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the documents sought are not proportional to the needs of the case and that the documents requested are of minimal or no importance to what is at stake in this action or in resolving the disputed issues. Defendant objects to this Request to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, including, without limit, Rule 26(a)(2).  Defendant further objects to this request to the extent that it seeks documents beyond its custody or control, or confidential business information or information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

Dated:  New York, New York
       February 26, 2016

ARENT FOX LLP

By: _____
     Michelle Mancino Marsh, *pro hac vice*
     Allen G. Reiter, *pro hac vice*
     Eric Roman, *pro hac vice*
     1675 Broadway
     New York, New York 10019
     (212) 484-3900

LANE POWELL PC
     Kenneth R. Davis II, OSB No. 971132

Parna A. Mehrbani, OSB No. 053235
Telephone: 503-778-2100
Facsimile: 503-778-2200

**Attorneys for Defendant TRB Acquisitions LLC**

54

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2016, I caused a true and correct copy of

Defendant's Second Request For Production To Adidas America, Inc., Adidas Ag, And Adidas

International Marketing B.V., to be delivered by email to the following:

Stephen M. Feldman
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
Tel: 503-727-2058
Email: feldm@perkinscoie.com

R. Charles Henn, Jr.
Charles H. Hooker, III
Nicki Chollet
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Tel: 404-815-6500
Email: CHenn@kilpatricktownsend.com
        Chooker@kilpatricktownsend.com
        NChollet@kilpatricktownsend.com

_____

Michelle Mancino Marsh

55