**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2121
Facsimile: 503.778.2200

**Michelle Mancino Marsh**, *pro hac vice*
michelle.marsh@arentfox.com
**Allen G. Reiter**, *pro hac vice*
allen.reiter@arentfoxcom
**Eric Roman**, *pro hac vice*
eric.roman@arentfox.com
**Lindsay Korotkin**, *pro hac vice*
lindsay.korotkin@arentfox.com
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019
Telephone: 212.484.3900
Facsimile: 212.484.3990

*Attorneys for Defendant TRB Acquisitions LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity,<br><br>                                              Plaintiffs,<br><br>      v.<br><br>**TRB ACQUISITIONS LLC,** a New York limited liability company,<br><br>                                              Defendant. | Case No. 3:15-CV-02113-SI<br><br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF <u>DOCUMENTS AND THINGS</u>** |

Defendant TRB Acquisitions, LLC ("TRB" or "Defendant") hereby responds as follows

to the Second Request for Production of Documents and Things (collectively, the "Requests"

and each individually, a "Request") served by Plaintiffs in the above-referenced action on May

18, 2016.  These objections and responses are based on documents and things currently known by, and reasonably available to, Defendant. Defendant will supplement these objections and responses if it learns of additional or different responsive documents and things.

## GENERAL OBJECTIONS

Defendant adopts and incorporates by reference the General Objections from Defendant's Responses and Objections to Plaintiffs' First Request for the Production of Documents ("Plaintiffs' First Request"), served on February 26, 2016.  In addition, Defendant makes the following general objections to each of the Requests:

1.  Any information produced by Defendant in response to the Requests shall be subject to the protective order stipulated to by the parties in this action and so ordered by the Court on April 22, 2016.

2.  To the extent Defendant has already produced documents responsive to the Requests, Defendant will not re-produce such documents.

3.  Defendants objects to the Requests to the extent that they seek documents that are equally available to, or in the possession, custody, or control of, Plaintiffs.

4.  Defendant objects to this Requests to the extent they are duplicative of any of the requests contained in Plaintiffs' First Request.

5.  Defendant objects to the Requests to the extent they call for the production of documents which are confidential, sensitive, or proprietary, or call for the production of other confidential research, development, commercial, financial, or proprietary information (including business information).

6.  Defendant objects to the Requests to the extent they call for an expert conclusion.

7.   Defendant objects to the definition of "Disputed Stripe Design" on the grounds that it is overly broad, vague, and ambiguous.

8.   Defendant objects to the definition of "Disputed Marks" on the ground that it incorporates the contested definition of "Disputed Stripe Design."

9.   Defendant objects to the definition of "Disputed Product" on the ground that it incorporates the contested definition of "Disputed Marks."

10. Defendant objects to the definition of "Customer" on the ground that it incorporates the contested definition of "Disputed Product."

11. Defendant objects to the definition of "Licensee" on the ground that it incorporates the contested definition of "Disputed Product."

12. Defendant objects to the definition of "Rugged Bear" to the extent it incorporates persons or entities other than The Rugged Bear Company f/d/b/a RB Acquisition Corp such as "corporate affiliates", "wholly owned or partially owned subsidiaries, parent corporations, owners, and predecessors-in-interest."

13. Defendant objects to the definition of "TRB" to the extent that it incorporates "corporate affiliates", "wholly owned or partially owned subsidiaries", "parent corporations, owners, predecessors-in-interest, successors, assignees, agents, intermediaries, legal representatives, trustees, consultants, and all representatives and other persons acting on its behalf[.]"

Without waiving the General Objections applicable to all of the Requests, Defendant responds to the Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 91:**

Documents sufficient to identify the article, style, SKU, or other identifying number for each Disputed Product.

**RESPONSE TO REQUEST NO. 91:**

Defendant objects to Request No. 91 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "article" is vague and ambiguous. Defendant further objects to this Request on the ground that it incorporates the contested definition of "Disputed Product." Defendant further objects to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 91, if any, in its possession, custody or control.

**REQUEST NO. 92:**

Documents sufficient to identify TRB's competitors with regard to sales of Disputed Products.

**RESPONSE TO REQUEST NO. 92:**

Defendant objects to Request No. 92 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground

that the term "sales" is vague and ambiguous, and it is unclear whose "sales" are being referred to.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product[s]" and "TRB."

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 92, if any, in its possession, custody or control.

**REQUEST NO. 93:**

Documents that refer or relate to any research concerning the U.S. market for athletic footwear, including documents that refer or relate to market size, TRB's market share, competitor's market share, market potential, market segments, and/or current or anticipated trends that may impact demand.

**RESPONSE TO REQUEST NO. 93:**

Defendant objects to Request No. 93 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it seeks the production of confidential business and research information. Defendant further objects to this Request on the ground that it incorporates the contested definition of "TRB."  Defendant further objects to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 93, if any, in its possession, custody or control.

**REQUEST NO. 94:**

Documents that refer or relate to any research concerning the U.S. market for athletic apparel, including documents that refer or relate to market size, TRB's market share, competitor's market share, market potential, market segments, and/or current or anticipated trends that may impact demand.

**RESPONSE TO REQUEST NO. 94:**

Defendant objects to Request No. 94 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks the production of confidential business and research information. Defendant further objects to this Request on the ground that it incorporates the contested definition of "TRB." Defendant further objects to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 94, if any, in its possession, custody or control.

**REQUEST NO. 95:**

Documents that refer or relate to consumer opinion or perception of athletic footwear, including trends, factors that influence purchasing decisions, the role and importance of brand names, and desired attributes.

**RESPONSE TO REQUEST NO. 95:**

Defendant objects to Request No. 95 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 95, if any, in its possession, custody or control.

**REQUEST NO. 96:**

Documents that refer or relate to consumer opinion or perception of athletic apparel, including trends, factors that influence purchasing decisions, the role and importance of brand names, and desired attributes.

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to Request No. 96 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 96, if any, in its possession, custody or control.

**REQUEST NO. 97:**

Documents that refer or relate to any research, including studies or surveys, concerning the price elasticity of demand for athletic footwear.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to Request No. 97 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "price elasticity of demand" is vague and ambiguous. Defendant further objects to this Request on the ground that it seeks the production of confidential business and research information.

**REQUEST NO. 98:**

Documents that refer or relate to any research, including studies or surveys, concerning the price elasticity of demand for athletic apparel.

**RESPONSE TO REQUEST NO. 98:**

Defendant objects to Request No. 98 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "price elasticity of demand" is vague and ambiguous. Defendant further objects to this Request on the ground that it seeks the production of confidential business and research information.

**REQUEST NO. 99:**

Any strategic business plans that refer or relate to Disputed Products.

**RESPONSE TO REQUEST NO. 99:**

Defendant objects to Request No. 99 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definition of "Disputed Product[s]." Defendant further objects to this Request on the ground that it seeks the production of confidential and/or proprietary business information.

Subject to and without waiver of these specific objections and the General Objections, Defendant responds that, at this time, it does not believe that it has any documents responsive to this Request No. 99.

**REQUEST NO. 100:**

Any marketing plans that refer or relate to Disputed Products.

**RESPONSE TO REQUEST NO. 100:**

Defendant objects to Request No. 100 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definition of "Disputed Product[s]." Defendant further objects to this Request on the ground that it seeks the production of confidential and/or proprietary business information.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 100, if any, in its possession, custody or control.

**REQUEST NO. 101:**

Documents that refer or relate to forecasts or projections of sales, revenue, or profit for the Disputed Products.

**RESPONSE TO REQUEST NO. 101:**

Defendant objects to Request No. 101 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definition of "Disputed Product[s]." Defendant further objects to this Request on the ground that it seeks confidential business information.

**REQUEST NO. 102:**

Documents sufficient to identify all revenues earned by TRB (or any business unit of TRB) in connection with the Disputed Products.

**RESPONSE TO REQUEST NO. 102:**

Defendant objects to Request No. 102 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the terms "all revenues" and "business unit" are vague and ambiguous. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed

Product[s]" and "TRB." Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 103:**

Documents sufficient to identify all costs or expenses – whether fixed or variable – incurred by TRB (or any business unit of TRB) in connection with the Disputed Products, including profit and loss statements.

**RESPONSE TO REQUEST NO. 103:**

Defendant objects to Request No. 103 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "business unit" is vague and ambiguous. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product[s]" and "TRB."

**REQUEST NO. 104:**

Documents sufficient to identify the profit margin realized by TRB (or any business unit of TRB) in connection with the Disputed Products, including contribution margin statements.

**RESPONSE TO REQUEST NO. 104:**

Defendant objects to Request No. 104 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "business unit" is vague and ambiguous. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product[s]" and "TRB."

**REQUEST NO. 105:**

Documents sufficient to identify the net profits earned or the net losses suffered by TRB (or any business unit of TRB) in connection with the Disputed Products, including income statements.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to Request No. 105 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "business unit" is vague and ambiguous. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product[s]" and "TRB."

**REQUEST NO. 106:**

Documents sufficient to show (i) the number of units and (ii) the dollar value of Disputed Products returned to TRB. If available, please produce the information by month, by year, and by Customer for each Disputed Product.

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to Request No. 106 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product", "Customer", and

"TRB."  Defendant further objects to this Request on the ground that it wrongly assumes that RBX branded products are "returned to TRB."  Defendant further objects to this Request on the ground that it seeks confidential business information.

**REQUEST NO. 107:**

Documents sufficient to show the discounts or allowances applied by TRB to the sales price of any of the Disputed Products. If available, please produce the information by month, by year, and by Customer for each Disputed Product.

**RESPONSE TO REQUEST NO. 107:**

Defendant objects to Request No. 107 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product[s]", "Customer", and "TRB."  Defendant further objects to this Request on the ground that it wrongly assumes that "discounts or allowances" are "applied by TRB to the sales price" of RBX branded products. Defendant further objects to this Request on the ground that it seeks confidential business information.

**REQUEST NO. 108:**

Documents sufficient to identify TRB's monthly net sales by Customer for each Disputed Product.

**RESPONSE TO REQUEST NO. 108:**

Defendant objects to Request No. 108 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product", "Customer", and "TRB."  Defendant further objects to this Request on the ground that it wrongly assumes that TRB has "monthly net sales" for RBX branded products.  Defendant further objects to this Request on the ground that it seeks confidential business information.

**REQUEST NO. 109:**

Documents sufficient to identify TRB's annual net sales by Customer for each Disputed Product.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to Request No. 109 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  TRB further objects to this Request on the ground that it wrongly assumes that TRB makes "annual net sales" of RBX branded products.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Product", "Customer", and "TRB."  Defendant further objects to this Request on the ground that it wrongly assumes that TRB has "annual net sales" for RBX branded products. Defendant further objects to this Request on the ground that it seeks confidential business information.

**REQUEST NO. 110:**

Documents that refer or relate to the value or valuation of the RBX Logo.

**RESPONSE TO REQUEST NO. 110:**

Defendant objects to Request No. 110 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines.  Defendant further objects to this Request on the ground that it seeks confidential business information.  Defendant further objects to this Request on the ground that it calls for an expert conclusion.

Subject to and without waiver of these specific objections and the General Objections, Defendant responds that, at this time, it does not believe it has documents reflecting a value or valuation of the RBX Logo.

**REQUEST NO. 111:**

Documents that refer or relate to the value or valuation of the RBX Mark.

**RESPONSE TO REQUEST NO. 111:**

Defendant objects to Request No. 111 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including,

without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it seeks confidential business information. Defendant further objects to this Request on the ground that it calls for an expert conclusion.

Subject to and without waiver of these specific objections and the General Objections, Defendant responds that, at this time, it does not believe it has documents reflecting a value or valuation of the RBX Mark.

**REQUEST NO. 112:**

Documents that refer or relate to the value or valuation of a Disputed Stripe Design.

**RESPONSE TO REQUEST NO. 112:**

Defendant objects to Request No. 112 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definition of "Disputed Stripe Design." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it seeks confidential business information. Defendant further objects to this Request on the ground that it calls for an expert conclusion.

**REQUEST NO. 113:**

Documents that refer or relate to the value or valuation of any intangible asset(s) owned or licensed by TRB -- other than the Disputed Marks -- used on the Disputed Products.

**RESPONSE TO REQUEST NO. 113:**

Defendant objects to Request No. 113 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that the term "intangible asset(s)" is vague and ambiguous.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Marks", "Disputed Product[s]", and "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines.  Defendant further objects to this Request on the ground that it seeks confidential business information. Defendant further objects to this Request on the ground that it calls for an expert conclusion.

**REQUEST NO. 114:**

Documents that refer or relate to the value or valuation of any of Plaintiffs' Marks.

**RESPONSE TO REQUEST NO. 114:**

Defendant objects to Request No. 114 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that the term "Plaintiffs' Marks" falsely suggest that Plaintiffs own rights in those marks as described in the Complaint and as shown in the registration certificates attached to the

Complaint when in fact a number of these registration rights have been abandoned and/or limited in scope. Defendant further objects to this Request on the ground that it calls for an expert conclusion.  Defendant further objects to this Request on the ground that the documents sought are equally available to, or in already in the possession, custody or control of, Plaintiffs. Defendant further objects to this Request on the ground that it calls for an expert conclusion.

**REQUEST NO. 115:**

Documents that refer or relate to TRB's efforts to account for the intangible value of the RBX Logo, including goodwill.

**RESPONSE TO REQUEST NO. 115:**

Defendant objects to Request No. 115 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that the term "intangible value" is vague and ambiguous.  Defendant further objects to this Request on the ground that it incorporates the contested definition of "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it seeks confidential business information.  Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 116:**

Documents that refer or relate to TRB's efforts to account for the intangible value of the RBX Mark, including goodwill.

**RESPONSE TO REQUEST NO. 116:**

Defendant objects to Request No. 116 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that the term "intangible value" is vague and ambiguous.  Defendant further objects to this Request on the ground that it incorporates the contested definition of "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it seeks confidential business information. Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 117:**

Documents that refer or relate to TRB's efforts to account for the intangible value of any Disputed Stripe Design, including goodwill.

**RESPONSE TO REQUEST NO. 117:**

Defendant objects to Request No. 117 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case.  Defendant further objects to this Request on the ground that the term "intangible value" is vague and ambiguous.  Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Disputed Stripe Design" and "TRB." Defendant further objects to this Request to the extent that it requests the production

of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it seeks confidential business information. Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 118:**

Documents that refer or relate to TRB's efforts to account for the intangible value of any of Plaintiffs' Marks, including goodwill.

**RESPONSE TO REQUEST NO. 118:**

Defendant objects to Request No. 118 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that the term "intangible value" is vague and ambiguous. Defendant further objects to this Request on the ground that the term "Plaintiffs' Marks" falsely suggest that Plaintiffs own rights in those marks as described in the Complaint and as shown in the registration certificates attached to the Complaint when in fact a number of these registration rights have been abandoned and/or limited in scope. Defendant further objects to this Request on the ground that it incorporates the contested definition of "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 119:**

Documents that refer or relate to TRB's approval of the appearance, design, or placement by a Licensee of one or more of the Disputed Marks on a Disputed Product.

**RESPONSE TO REQUEST NO. 119:**

Defendant objects to Request No. 119 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Licensee", "Disputed Marks", "Disputed Product", and "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines.

**REQUEST NO. 120:**

Documents that refer or relate to TRB's approval of the appearance, design, or placement by a Licensee of one or more of the Disputed Marks on packaging, labels or tags for a Disputed Product.

**RESPONSE TO REQUEST NO. 120:**

Defendant objects to Request No. 120 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Licensee", "Disputed Marks",

"Disputed Product", and "TRB".  Defendant further objects to this Request to the extent that it

requests the production of information subject to the attorney-client privilege, work product

doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation,

the common interest or joint defense doctrines.  Defendant further objects to this Request on the

ground that it is duplicative.

**REQUEST NO. 121:**

Documents that refer or relate to TRB's disapproval of the appearance, design, or

placement by a Licensee of one or more of the Disputed Marks on a Disputed Product.

**RESPONSE TO REQUEST NO. 121:**

Defendant objects to Request No. 121 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, and requests the production of documents that are neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and the documents

sought are not proportional to the needs of the case.  Defendant further objects to this Request on

the ground that it incorporates the contested definitions of "Licensee", "Disputed Marks",

"Disputed Product", and "TRB." Defendant further objects to this Request to the extent that it

requests the production of information subject to the attorney-client privilege, work product

doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation,

the common interest or joint defense doctrines.  Defendant further objects to this Request on the

ground that it is duplicative.

**REQUEST NO. 122:**

Documents that refer or relate to TRB's disapproval of the appearance, design, or

placement by a Licensee of one or more of the Disputed Marks on packaging, labels or tags for a

Disputed Product.

**RESPONSE TO REQUEST NO. 122:**

Defendant objects to Request No. 122 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Licensee", "Disputed Marks", "Disputed Product", and "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 123:**

Documents that refer or relate to TRB's efforts to review, monitor, or control the quality of Disputed Products designed, manufactured, produced, distributed, offered for sale or sold by Licensees.

**RESPONSE TO REQUEST NO. 123:**

Defendant objects to Request No. 123 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Licensee[s]", "Disputed Product[s]", and "TRB." Defendant further objects to this Request on the ground that it is duplicative.

**REQUEST NO. 124:**

Documents regarding the purchase, transfer of assets, merger, or acquisition of Rugged Bear by TRB, including any due diligence concerning the RBX Mark or the RBX Logo.

**RESPONSE TO REQUEST NO. 124:**

Defendant objects to Request No. 124 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and requests the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and the documents sought are not proportional to the needs of the case. Defendant further objects to this Request on the ground that it incorporates the contested definitions of "Rugged Bear" and "TRB." Defendant further objects to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limitation, the common interest or joint defense doctrines. Defendant further objects to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, Defendant will produce non-privileged documents responsive to this Request No. 124, if any, in its possession, custody or control.

**Dated**: New York, New York
        June 27, 2016

                              **ARENT FOX LLP**

                    By: _____
                              Michelle Mancino Marsh, *pro hac vice*
                              Allen G. Reiter, *pro hac vice*
                              Eric Roman, *pro hac vice*
                              Alissa Friedman, *pro hac vice*
                              Lindsay Korotkin, *pro hac vice*
                    1675 Broadway
                    New York, New York 10019

Tel: (212) 484-3900
Fax: (212) 484-3990

**LANE POWELL PC**
Kenneth R. Davis II, OSB No. 97113
Parna A. Mehrbani, OSB No. 053235
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Tel: 503-778-2100
Fax: 503-778-2200

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2016, I caused a true and correct copy of

Defendant's Responses and Objections to Plaintiffs' Second Requests For Production of

Documents and Things, to be delivered by e-mail to the following:

Stephen M. Feldman
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
Tel: 503-727-2058
feldm@perkinscoie.com

R. Charles Henn, Jr.
Charles H. Hooker, III
Nicki Chollet
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Tel: 404-815-6500
CHenn@kilpatricktownsend.com
Chooker@kilpatricktownsend.com
NChollet@kilpatricktownsend.com

Alissa G. Friedman

Exhibit F - Page 26 of 26