UNITED STATES DISTRICT COURT
DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ADIDAS AMERICA, INC., ADIDAS AG, ADIDAS INTERNATIONAL MARKETING B.V., REEBOK INTERNATIONAL LTD., REEBOK INTERNATIONAL LIMITED, | No. 3:15-cv-02113 |
| Plaintiffs, | |
| -against- | |
| TRB ACQUISITIONS LLC, CUTIE PIE BABY, INC., ELITE PERFORMANCE FOOTWEAR, LLC, GINA GROUP LLC, ONE STEP UP, LTD., SARAMAX APPAREL GROUP, INC., UNITED LEGWEAR COMPANY, LLC, ACTIVE BASICS LLC, USPA ACCESSORIES, LLC DBA CONCEPT ONE, IMX, LLC, KIDZ CONCEPTS, LLC, Q4 DESIGNS LLC, RBX.COM, LLC, C.D.B. BRANDS LLC, and L.A. KIDZ, INC., | |
| Defendants. | |

**DEFENDANT TRB ACQUISITIONS LLC'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant TRB Acquisitions LLC ("Defendant") hereby objects to and responds to the First Set of Interrogatories, including all applicable instructions and definitions (collectively, the "Interrogatories") served by Plaintiffs in the above-referenced action. These objections and responses are based on information currently known by, and reasonably available to, Defendant. Defendant will supplement these objections and responses if it learns of additional or different responsive information. The information supplied in these responses and objections is not based solely upon the knowledge of the executing party; it may also be based on the knowledge of the party's agents, representatives, and attorneys (unless privileged), and on information contained in Defendant's records.

## GENERAL OBJECTIONS

1.      Defendant makes the following general objections to Plaintiffs' Interrogatories, which Defendant expressly incorporates by reference into each of its Responses to Plaintiffs' Interrogatories, regardless of whether the general objections are specifically incorporated into the specific objections and responses below.  By providing a specific objection to any Interrogatory, or any of the "Definitions" and "General Instructions," Defendant does not waive or otherwise limit these general objections.  Furthermore, reference to these general objections in any specific response, or with regard to specific "Definitions" and "Instructions," shall not waive or otherwise limit the applicability of these general objections to each and every Interrogatory and each "Definition" and "General Instruction."   Defendant is responding to each Interrogatory as it interprets and understands each Interrogatory.  If Plaintiffs assert a different interpretation of any Interrogatory, Defendant reserves the right to supplement or amend their responses and objections.

2.      Defendant objects to the Interrogatories to the extent they incorporate terms that are undefined, vague, ambiguous, or otherwise impermissibly imprecise.

3.      Defendant objects to the Interrogatories to the extent they seek information beyond Defendant's possession, custody, or control, and/or that is publicly available or is uniquely or equally available to Plaintiffs.

4.      Defendant objects to the Interrogatories to the extent they seek the disclosure of information protected by the attorney client privilege, the work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense.

5.      Defendant objects to the Interrogatories to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules.

6.      Defendant objects to the Interrogatories to the extent they seek to require production of documents or information prohibited from disclosure by federal statutory and regulatory requirements, state privacy laws, and any other provision of law prohibiting the disclosure of information.

7.      Defendant objects to the Interrogatories to the extent they are overly broad (including without limitation as a result of the absence of reasonable temporal or geographic limitations), overly inclusive, cumulative or unreasonably duplicative, unduly burdensome, oppressive, vague or ambiguous, and/or to the extent they seek information that is neither relevant to the subject matter of the pending action nor proportional to the needs of the case, and/or to the extent that the burden imposed by production would be unreasonable in view of the amount in controversy or the sources available to Defendant.

8.      Defendant objects to the Interrogatories to the extent they seek expert opinion testimony or related materials that is protected from disclosure under Rule 26 of the Federal Rules of Civil Procedure or applicable Local Rules, and/or to the extent they call for legal conclusions, legal analysis, and/or trial theories.

9.      Defendant objects to the Interrogatories to the extent they contain incorrect factual assumptions or assertions.

10.     Defendant objects to the Interrogatories to the extent that they fail to specify a relevant time period. The absence of a limited time period makes these Interrogatories overly broad, not proportional to the needs of this proceeding, and unduly burdensome in scope.

3

11.     Defendant objects to the term "Disputed Three Stripe Mark" on the ground that it falsely implies that the design depicted in Paragraph 8 of the Complaint filed in this action in fact contains three stripes and/or falsely implies ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear.

12.     Defendant objects to the definition of "TRB" as unduly burdensome and overbroad to the extent that it is intended to cover entities and persons other than the Defendant TRB Acquisitions LLC.

13.     Defendant objects to the definition of "Plaintiffs' Marks" on the grounds that it falsely suggests that Plaintiffs own rights in those marks as described in the Complaint and as shown in the registration certificates attached to the Complaint when in fact a number of these registration rights have been abandoned and/or limited in scope.

14.     Defendant objects to the definition of  "Disputed Products" on the grounds that it is overly broad and indefinite.

15.     Defendant objects to the definition of "Identify" on the grounds that it is overly broad, not proportional to the needs of this proceeding, and is unduly burdensome.

16.     Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation. Defendant reserves the right to make use of, or to introduce at any hearing or trial, information responsive to the Interrogatories but discovered subsequent to the

date of these responses, including, but not limited to, any such information obtained in discovery herein.

17.     Defendant's responses to the Interrogatories shall not be interpreted to concede the truth of any factual assertion or implication contained in the Interrogatories.

18.     Defendant intends to incorporate each of the foregoing objections into, and as part of, its specific objections and responses to the Interrogatories.  By responding to the Interrogatories, Defendant does not intend to waive any objections as to relevancy, competency, authenticity, admissibility, materiality, and/or privilege (in this or any other proceeding) concerning the topics of the Interrogatories or any of the information provided in response thereto.  Defendant expressly reserves the right to raise those objections in the future and/or to object to further discovery requests related to the subjects of any of the Interrogatories.  No implied, incidental, or unintended admissions are intended as a result of responding to the Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each Person involved in TRB's design, selection, and adoption of each Disputed Three-Stripe Design, describing each Person's involvement.

**RESPONSE:**  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Further, to the extent this Interrogatory calls for the identification of individuals employed or known by TRB Acquisitions LLC's predecessors-in-interest or any Third Party, Defendant objects on the basis that it seeks information outside of Defendant's possession, custody, or control. Defendant also objects to this Interrogatory on the grounds that

5

certain terms, including the "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear.


**INTERROGATORY NO. 2:** Identify each Person involved in TRB's design, selection, and adoption of the RBX Logo, describing each Person's involvement.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

(1) Eli Yedid, Manager, TRB Acquisitions LLC,  was involved in the acquisition of the intellectual property rights of The Rugged Bear Company.

(2) The Rugged Bear Company f/d/b/a RB Acquisition Corp., a Delaware corporation, last known address 125 Lenox Street, Norwood, Massachusetts 02062  (Chief Restructuring Officer, Michael A. O'Hara), designed, selected, adopted, and used the RBX trademarks, the rights to which TRB Acquisitions LLC acquired.

**INTERROGATORY NO. 3:**  Identify each Person involved in TRB's design, selection, and adoption of each RBX Mark, describing each Person's involvement.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant also objects to this Interrogatory on the grounds that certain terms are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

(1) Eli Yedid, Manager, TRB Acquisitions LLC was involved in the acquisition of the intellectual property rights of The Rugged Bear Company.

(2) The Rugged Bear Company f/d/b/a RB Acquisition Corp., a Delaware corporation, last known address 125 Lenox Street, Norwood, Massachusetts 02062 (Chief Restructuring

7

Officer, Michael A. O'Hara), designed, selected, adopted, and used the RBX trademarks, the rights to which TRB Acquisitions LLC acquired.

(3) SmartWool LLC, a Colorado limited liability company adopted and used the RBX word mark, the rights to which TRB Acquisitions LLC acquired.


**INTERROGATORY NO. 4:**  Describe the typical or target consumers (*i.e.*, end users) of each Disputed Product, including the demographic and psychographic profiles of such consumers.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," "end users," "demographic," and "psychographic profiles," are vague and ambiguous as used therein. Further, to the extent this Interrogatory calls for information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.


**INTERROGATORY NO. 5:**  Identify each Person who has been responsible for the creation, preparation, development, or placement of advertising or promotional materials for any Disputed Product, describing each Person's responsibility.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein.  Further, Defendant also objects to this Interrogatory to the extent it seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

(1) Eli Yedid, Manager, TRB Acquisitions LLC, has been involved in marketing, advertising, and promotion of goods bearing the RBX trademarks.

(2) RBX.com, LLC, 34 W. 33rd Street, 3rd Floor, New York, NY 10001 (Eli Yedid, Manager), has been involved in marketing, advertising, and promoting goods bearing the RBX trademarks.

(3) Lee Assoulin, E-Commerce Director, RBX.com, LLC, 34 W. 33rd St., 5th Floor, New York, NY 10011, has been involved marketing, advertising, and promoting goods bearing the RBX trademarks.

**INTERROGATORY NO. 6:**  State by month (if available, or, if not, for each separate period reflected in TRB's books and records) TRB's expenditures for each advertising or

9

promotional medium used to promote each Disputed Product.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that it seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 7:** Identify each Person who has been responsible for the distribution and sale of each Disputed Product, describing each Person's responsibility

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that it

10

seeks information outside of Defendant's possession, custody, or control. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows and further that Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be further determined.

(1) RBX.com, LLC, 34 W. 33rd Street, 3rd Floor, New York, NY 10001 (Eli Yedid, Manager), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(2) Active Basics LLC, 1412 Broadway, 3rd Floor, New York, NY 10018 (Ames Tebele, Vice President), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(3) One Step Up, Ltd., 1410 Broadway, 25th Floor, New York, NY 10018 (Ames Tebele, Vice President), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(4) USPA Accessories, LLC dba Concept One, 119 West 40th Street, 3rd Floor, New York, NY, 10018 (Sam Hafif, President), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(5) Cutie Pie Baby, Inc., 34 W. 33rd St., 5th Floor New York, NY 10011 (Eli Yedid, CEO), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(6) Elite Performance Footwear LLC, 10 West 33rd Street, Suite 804, New York, NY 10001 (Alan J. Safdeye, Manager), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(7) IMX, LLC, 501 7th Avenue, 12th Floor, New York, NY 10018 (Joe Mansour, Manager),

11

licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(8) Kidz Concepts, 1412 Broadway, 3rd Floor, New York, NY 10018 (Jason Gindi, President), sublicensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(9) Q4 Designs LLC, 20 W 33rd St., New York, NY 10001 (Harry Saul Tawil, President), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(10) SaraMax Apparel Group, Inc., 1372 Broadway, 7th Floor, New York, NY 10018 (Eddie Betesh, Manager), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(11) United Legwear Company LLC, 48 West 38th Street, 3rd Fl., New York, NY 10018 (Isaac Ash, President/CEO), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(12) Gina Group, 10 West 33rd Street, 3rd Floor, New York, NY 10001 (Edmond Harrary, President), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.

(13) C.D.B. Brands LLC, 1370 Broadway, Suite 810, New York, NY 10010 (Abe Gabbay, Manager), licensee of TRB Acquisitions LLC, has distributed and sold  RBX branded products.

(14) LA Kidz Inc. dba MMD Apparel, 35 W. 36th Street, Suite 5W, New York, NY 10018 (Isaac Franco), licensee of TRB Acquisitions LLC, has distributed and sold RBX branded products.


**INTERROGATORY NO. 8:**  Identify each store, website, or other outlet through

12

which each Disputed Product has been sold or offered for sale.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that  it seeks information outside of Defendant's possession, custody, or control. Further, to the extent this Interrogatory seeks identification of "each store, website, or other outlet," Defendant also objects that the burden imposed by answering would be unreasonable in view of the amount in controversy, the resources available to Defendant, and the relevance of the answers to the issues of this case.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 9:**  State how and when TRB first learned of each of Plaintiff's Marks.

**RESPONSE:**  Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the

needs of the case.  Defendant further objects to this Interrogatory on the grounds that it is compound, and that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "learned" and "Plaintiff's Marks," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

The members of TRB Acquisitions LLC were generally aware of most national brands of athletic clothing upon their formation, but cannot state with specificity exactly how and when they first learned of the trademarks described and depicted by Plaintiffs in Paragraphs 20–54 of Complaint and Exhibits 1–21 to the Complaint.

**INTERROGATORY NO. 10:**  Identify each instance of which TRB has actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between TRB and Plaintiffs or any Disputed Product and any of Plaintiffs' products. For illustrative purposes only and without limiting the foregoing, such instances would include misdirected inquiries, orders, cancellations, or returns, misassumptions as to source or origin, and comments, complaints, or expressions by any person indicating an assumption or belief as to association or connection between TRB or any of its products and

14

Plaintiffs or any other apparel or footwear company.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 11:**  Identify each Third Party that has offered for sale or sold products incorporating a design that TRB contends is similar to adidas's Three-Stripe Mark (*see, e.g.*, Complaint ¶¶ 20–33, Exs. 1–13) or the Disputed Three-Stripe Design.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the

needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Three-Stripe Mark" and "Disputed Three-Stripe Design," are vague and ambiguous as used therein. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs or in Plaintiffs' possession, custody or control. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

Without any representations as to whether or not they are similar to adidas's Three-Stripe Mark and while expressly reserving the right to further supplement this response, the following is a representative sample of Third Parties that have offered for sale or sold products incorporating a design that contains three stripes or bands in connection with apparel and footwear:

16

| Third Party Name | Trademark Application or Registration Numbers | Product Images |
|---|---|---|
| Gucci / Gucci America, Inc. | U.S. Trademark Registration Nos. 1,122,780; 1,123,224; 1,483,526;1,495,863; 1,520,796; 4,567,112; and 4,563,151. |  |

17







| Thom Browne / Thom Browne, Inc. | U.S. Trademark Registration Nos. 4,550,034; 3,921,361. |  |
|---|---|---|

21



| | | |
|---|---|---|
| | |  |
| Bally / Bally Schuhfabriken AG | | |







| Reebok | |  |
| --- | --- | --- |



| Tommy Tickle | |  |
| --- | --- | --- |
| FrontRunners Incorporated | U.S. Trademark Registration No. 2,017,561 |  |

29



| Penguin | |  |

| Champion | |  |
|----------|--|-----|
| Sauvage | |  |

32

| New Era Cap Company, Inc. | U.S. Trademark Registration Nos. 3122529, 3744971, 3811674, 4773047, 4183968, 4166506; U.S. Trademark Application Nos. 86447010, 86447007, 86857138, 86857133, 86857130 |  |
| --- | --- | --- |

33

| Seduka, LLC / Hashem Group LLC | |  |

Without any representations as to whether or not they are similar to adidas's Three-Stripe

Mark and while expressly reserving the right to further supplement this response, the following

is a representative sample of Third Parties that have offered for sale or sold products

incorporating a design that may fall within Plaintiffs' definition of a Disputed Three-Stripe

Design in connection with apparel and footwear:

| **Third Party Name** | **Trademark Application or Registration Numbers** | **Product Images** |
|---|---|---|
| Reebok | |  |

35







38







41

| | | |
|---|---|---|
| | |  |
| Russell Athletic / H.J. Russell & Company | | |



| OshKosh | | |
|---|---|---|
| | |  |

44

| | | |
|---|---|---|
| Turner Sports | |  |
| CB Sports | |  |

45

| Lonsdale | |  |
| Azzuro | |  |

46

| | | |
|---|---|---|
| Baw Youth | |  |
| Tek Gear | |  |

47

| Thom Browne / Thom Browne, Inc. | |  |



| Gola / D. Jacobson & Sons Limited | U.S. Trademark Registration Nos. 2,839,429; 3,032,726; 4,341,524 |  |

| Cougar Sport / Cougar Sport, Inc. | U.S. Trademark Registration No. 4,733,403; U.S. Trademark Application No. 86/681,902 |  |



| | | |
|---|---|---|
| | |  |
| Keds / SR Holdings, LLC | U.S. Trademark Registration No. 2,076,036 | |

| Koala Kids | |  |
| --- | --- | --- |
| Everlast | |  |

Nike







| | | |
|---|---|---|
| | |  |
| Jumping Beans | | |

| | | |
|---|---|---|
| Joe Fresh | |  |
| Stepping Stones | |  |
| Luvable Friends | |  |
| Blades Apparel / DMC New York, LLC | U.S. Trademark Registration No. 4144968 |  |

59



| Lululemon | |  |
| ProSpirit | |  |

| | | |
|---|---|---|
| | |  |
| Asics | | |

| Champion | |  |

| | | |
|---|---|---|
| | |  |
| JCrew | | |

| Outerstuff | |  |

| Alvin Ailey | |  |
| Under Armour | |  |

66

| | | |
|---|---|---|
| | |  |
| Penguin | | |
| Sauvage | | |

67

| Laguna | |  |

| Seduka, LLC / Hashem Group LLC | |  |





71













**INTERROGATORY NO. 12:**  Identify each Third Party that has offered for sale or sold

products incorporating a design that TRB contends is similar to adidas's Badge of Sport (*see, e.g.*, Complaint ¶¶ 34–35, Ex. 14), or the RBX Logo.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

Without any representations as to whether or not they are similar to adidas's Badge of Sport Mark and while expressly reserving the right to further supplement this response, the following is a representative sample of Third Parties that have offered for sale or sold products bearing "triangular" shaped marks containing lines on apparel and footwear:

78

| **Third Party Name** | **Trademark Application or Registration Numbers** | **Product Images** |
|---|---|---|
| Polartec / MMI-IPCO LLC | U.S. Trademark Registration Nos. 2,214,596; 2,056,033; 1,869,644 |  |



| | | |
|---|---|---|
| | |  |
| First Ascent / Eddie Bauer Licensing Services LLC | U.S. Trademark Registration Nos. 3,974,941; 3926934 | |

81

| | | |
|---|---|---|
| | |  |
| High Sierra / Samsonite IP Holdings SARL | U.S. Trademark Registration Nos. 4,795,561; 2,135,634; 2,142,371 | |

82



Exhibit G - Page 83 of 119

| | | |
|---|---|---|
| | |  |
| Gregory / Samsonite IP Holdings SARL | U.S. Trademark Registration No. 4,877,971 | |

84

| Recon Protection LLC DBA Strafe Outerwear | U.S. Trademark Registration No. 4,927,066 |  |
| --- | --- | --- |

85

| | | |
|---|---|---|
| | |  |
| K-way / Basicnet S.P.A. Corp. | U.S. Trademark Registration Nos. 1,167,400; 3,956,878; 4,399,069 | |

86



| K-way / Basicnet S.P.A. Corp. | |  |

| Kelty / American Recreation Products, LLC | U.S. Trademark Registration No. 3,995,061 |  |
|---|---|---|

89

| | | |
|---|---|---|
| | |  |
| Fatal / Fatal Clothing LLC | U.S. Trademark Registration No. 4,730,007 | |

90

| Antigua / The Antigua Group, Inc. | U.S. Trademark Registration No. 3,441,216 |  |
| --- | --- | --- |



| Majestic / Imagewear Apparel Corp. | U.S. Trademark Registration Nos. 4937023; 4584669 |  |



| | | |
|---|---|---|
| Kathmandu/<br>Kathmandu<br>Limited | U.S. Trademark<br>Registration No.<br>4815487 | |

94

| | | |
|---|---|---|
| | |  |
| Gerry / Studio Ray LLC | U.S. Trademark Registration Nos. 1,407,702; 3,496,958 | |

95

| | | |
|---|---|---|
| | |  |
| Eastern Mountain Sports, Inc. | U.S. Trademark Registration Nos. 2952448; 2952447; 3011752 | |

96



| | | |
|---|---|---|
| Underlash / Aaron Corporation DBA JP Sportswear | | |

97



| | | |
|---|---|---|
| Le Coq Sportif / LCS International Sas Société Par Actions Simplifiée | U.S. Trademark Registration Nos. 1189986; 1190764; 1193694; 4044214; 4710171 | |

| Palace | U.S. Trademark Registration No. 4762471 |  |



| SprayGround | |  |
|---|---|---|
| Aspire | |  |

| | | |
|---|---|---|
| | |  |
| Project 18, LLC dba Alive Magnetics | U.S. Trademark Registration No. 4579603 | |

102

| | | |
|---|---|---|
| | |  |
| Ridgemont Outfitters | | |



**INTERROGATORY NO. 13:** Identify each Third Party that has offered for sale or sold products incorporating a design that TRB contends is similar to Reebok's RBK Mark (*see, e.g.*, Complaint ¶¶ 48–55, Exs. 19–21), or the RBX Mark.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks a legal conclusion, is compound, and seeks information equally available to Plaintiffs. Subject to and without waiving

any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

While expressly reserving the right to further supplement this response, the following is a representative sample of Third Parties that have offered for sale or sold products using the letters RBK:

| Third Party Name | Product Images found on US Websites |
|---|---|
| Rosenborg Ballklub |  |

105



| RBK Jeans, 1150A Santee Alley, Los Angeles, CA |  |

https://www.facebook.com/RBKjeansusa1/

| RBK Boutique |  |
| --- | --- |

Without any representations as to whether or not they are similar, the following are representative samples of Third Parties that have offered for sale or sold, or planned to offer for sale or sell, products incorporating a design or lettering that TRB Acquisitions LLC has objected to:

| Third Party Name | Trademark Application or Registration Numbers | Image or Mark |
|---|---|---|
| Hashem Group LLC | U.S. Trademark Application Serial No. 86/628,707 |  |
| Hashem Group LLC | U.S. Trademark Registration No. 4,475,179 | R(P)R=X |
| Mr. Frank Yao, Limbr Activewear, Inc., d/b/a RXACTIVE | U.S. Trademark Application Serial Nos. 86/709,358; 86/708,6411 86/517,568 | RXACTIVE |

**INTERROGATORY NO. 14:**  Identify each Person who has been responsible for wear testing or conducting any other quality control with regard any Disputed Product, describing each Person's responsibility.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including "Disputed Product," are vague and ambiguous as used therein.  Defendant also objects to this Interrogatory to the extent that it seeks

109

information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control.  Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

(1) Eli Yedid, Manager, TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products as Manager of the licensor of the RBX brand.

(2) Active Basics LLC, 1412 Broadway, 3rd Floor, New York, NY 10018 (Ames Tebele, Vice President), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(3) One Step Up, Ltd., 1410 Broadway, 25th Floor, New York, NY 10018 (Ames Tebele, Vice President), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(4) USPA Accessories, LLC dba Concept One, 119 West 40th Street, 3rd Floor, New York, NY, 10018 (Sam Hafif, President), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(5) Cutie Pie Baby, Inc., 34 W. 33rd St., 5th Floor New York, NY 10011 (Eli Yedid, CEO), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(6) Elite Performance Footwear LLC, 10 West 33rd Street, Suite 804, New York, NY 10001 (Alan J. Safdeye, Manager), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(7) IMX, LLC, 501 7th Avenue, 12th Floor, New York, NY 10018 (Joe Mansour, Manager), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(8) Kidz Concepts, 1412 Broadway, 3rd Floor, New York, NY 10018 (Jason Gindi, President), sublicensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(9) Q4 Designs LLC, 20 W 33rd St., New York, NY 10001 (Harry Saul Tawil, President), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(10) SaraMax Apparel Group, Inc., 1372 Broadway, 7th Floor, New York, NY 10018 (Eddie Betesh, Manager), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(11) United Legwear Company LLC, 48 West 38th Street, 3rd Fl., New York, NY 10018 (Isaac Ash, President/CEO), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(12) Gina Group, 10 West 33rd Street, 3rd Floor, New York, NY 10001 (Edmond Harrary, President), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(13) RBX.com, LLC, 34 W. 33rd Street, 3rd Floor, New York, NY 10001 (Eli Yedid, Manager), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality control of RBX branded products.

(14) C.D.B. Brands LLC, 1370 Broadway, Suite 810, New York, NY 10010 (Abe Gabbay, Manager), licensee of TRB Acquisitions LLC, has conducted wear testing and/or quality

111

control of RBX branded products.

(15) LA Kidz Inc. dba MMD Apparel, 35 W. 36th Street, Suite 5W, New York, NY 10018

(Isaac Franco), licensee of TRB Acquisitions LLC, has conducted wear testing and/or

quality control of RBX branded products.


**INTERROGATORY NO. 15:**  Identify each Third Party that, within the past five (5)

years, has communicated to TRB a claim, objection, demand, or other assertion regarding

alleged trademark or trade dress infringement, whether or not such communication resulted in a

lawsuit.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as

though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly

broad, unduly burdensome, oppressive, and that the information sought is not proportional to the

needs of the case. Defendant also objects to this Interrogatory on the grounds that it seeks

information outside of Defendant's possession, custody, or control.  Subject to and without

waiving any of the foregoing general and specific objections, Defendant responds to this

Interrogatory as follows:

(1) Cougar Sport Inc., 55 West 39th Street, Suite # 305, New York, NY 10018 (Raymond

Dayan, CEO and President), this communication did not result in a lawsuit;

(2) Specialized Bicycle Components, Inc., 15130 Concord Circle, Morgan Hill, CA

95037, this communication did not result in a lawsuit.

**INTERROGATORY NO. 16:**  Identify each Person (including any Third Party) to whom TRB has licensed the RBX Logo, the RBX Mark, or any Disputed Three-Stripe Design.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that certain terms, including the Disputed Three-Stripe Design, are vague and ambiguous as used therein. Defendant also objects to this Interrogatory on the grounds that it falsely implies Plaintiffs' ownership of trademarks incorporating two or four parallel or substantially parallel stripes for use on apparel and footwear. Defendant also objects to this Interrogatory on the grounds that it seeks information outside of Defendant's possession, custody, or control. Defendant further objects that this Interrogatory is irrelevant in part because Defendant does not license any Disputed Three-Stripe Design**.** Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

TRB Acquisitions LLC has licensed the RBX Logo for apparel or footwear to the following Persons:

(1) Active Basics LLC, 1412 Broadway, 3rd Floor, New York, NY 10018 (Ames Tebele, Vice President).

(2) One Step Up, Ltd., 1410 Broadway, 25th Floor, New York, NY 10018 (Ames Tebele, Vice President).

113

(3) USPA Accessories, LLC dba Concept One, 119 West 40th Street, 3rd Floor, New York, NY, 10018 (Sam Hafif, President).

(4) Cutie Pie Baby, Inc., 34 W. 33rd St., 5th Floor New York, NY 10011 (Eli Yedid, CEO).

(5) Elite Performance Footwear LLC, 10 West 33rd Street, Suite 804, New York, NY 10001 (Alan J. Safdeye, Manager).

(6) IMX, LLC, 501 7th Avenue, 12th Floor, New York, NY 10018 (Joe Mansour, Manager).

(7) Kidz Concepts, 1412 Broadway, 3rd Floor, New York, NY 10018 (Jason Gindi, President).

(8) Q4 Designs LLC, 20 W 33rd St., New York, NY 10001 (Harry Saul Tawil, President).

(9) SaraMax Apparel Group, Inc., 1372 Broadway, 7th Floor, New York, NY 10018 (Eddie Betesh, Manager).

(10) United Legwear Company LLC, 48 West 38th Street, 3rd Fl., New York, NY 10018 (Isaac Ash, President/CEO).

(11) Gina Group, 10 West 33rd Street, 3rd Floor, New York, NY 10001 (Edmond Harrary, President).

(12) RBX.com, LLC, 34 W. 33rd Street, 3rd Floor, New York, NY 10001 (Eli Yedid, Manager).

(13) C.D.B. Brands LLC, 1370 Broadway, Suite 810, New York, NY 10010 (Abe Gabbay, Manager).

(14) LA Kidz Inc. dba MMD Apparel, 35 W. 36th Street, Suite 5W, New York, NY 10018 (Isaac Franco).

**INTERROGATORY NO. 17:**  Identify any royalty rate(s) TRB has paid or has offered to pay, whether formally or informally, to license or use the trademarks or trade dress of a Third Party.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks confidential business information that is irrelevant to this civil action. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

TRB has not paid or offered to pay, a royalty rate to license or use the trademarks or trade dress of a Third Party.

**INTERROGATORY NO. 18:**  Identify the royalty rate(s) any Third Party has paid or has offered to pay TRB, whether formally or informally, to license or use any trademarks or trade dress, including the RBX Logo and RBX Mark.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as

though fully set forth herein. Defendant objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, oppressive, and that the information sought is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Defendant also objects to this Interrogatory to the extent that it seeks information that is outside of Defendant's possession, custody, or control. Defendant further objects to this Interrogatory on the grounds that it seeks confidential business information that is irrelevant to this civil action. Subject to and without waiving any of the foregoing general and specific objections, Defendant will produce non-privileged documents in its possession reflecting the royalty rates and payments made to license or use the RBX trademarks, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 19:**  For each of the interrogatories, identify each Person, other than counsel, who was consulted or who otherwise provided information in connection with the response, and identify the interrogatory or interrogatories for which each such Person provided information.

**RESPONSE:** Defendant incorporates by reference its General Objections above, as though fully set forth herein. Defendant further objects to this Interrogatory on the grounds that it contains multiple subparts and is therefore vague and ambiguous. Defendant also objects to this

Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity, including, without limit, common interest or joint defense. Subject to and without waiving any of the foregoing general and specific objections, Defendant responds to this Interrogatory as follows:

(1) Eli Yedid, Manager, TRB Acquisitions LLC, 34 W. 33rd St., 5th Floor, New York, NY 10001.

(2) Julie Jacobs, Licensing Director, TRB Acquisitions LLC, 34 W. 33rd St., 3rd Floor, New York, NY 10001.


Objections Made By:
Dated:  New York, New York          ARENT FOX LLP
          August 29, 2016

By: _____
          Michelle Mancino Marsh, *pro hac vice*
          Allen G. Reiter, *pro hac vice*
          Eric Roman, *pro hac vice*
          Alissa G. Friedman, *pro hac vice*
          Lindsay Korotkin, *pro hac vice*
          1675 Broadway
          New York, New York 10019
          (212) 484-3900

LANE POWELL PC
          Kenneth R. Davis II, OSB No. 971132
          Parna A. Mehrbani, OSB No. 053235
          Telephone: 503-778-2100
          Facsimile: 503-778-2200

**Attorneys for Defendant TRB Acquisitions LLC**

117

## <u>VERIFICATION</u>

State of New York    )
                     )        ss.:
County of New York   )


I, Eli Yedid, am the Manager of TRB Acquisitions LLC, the defendant in the instant litigation.  I

have read the foregoing Second Amended Responses and Objections to Plaintiffs' First Set of

Interrogatories and know the contents thereof.  I declare under penalty of perjury under the laws

of the United States that the contents are true and correct to the best of my knowledge,

information, and belief.

By: _____
      Eli Yedid
Title: Manager
TRB Acquisitions LLC

**NINA CRITTI**
Notary Public, State of New York
No. 01CR6189452
Qualified in Nassau County
Commission Expires June 23, 2020

118

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August 2016, I caused a true and correct copy of Defendant TRB Acquisitions LLC's Second Amended Responses and Objections to Plaintiffs' First Set of Interrogatories to be delivered by email to the following:

Stephen M. Feldman
Perkins Coie, LLP
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
Tel: 503-727-2058
Email: feldm@perkinscoie.com

R. Charles Henn, Jr.
Charles H. Hooker, III
Nicki Chollet
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Tel: 404-815-6500
Email: CHenn@kilpatricktownsend.com
        Chooker@kilpatricktownsend.com
        NChollet@kilpatricktownsend.com

_____
Lindsay Korotkin

119