**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2121
Facsimile: 503.778.2200

**Michelle Mancino Marsh**, *pro hac vice*
michelle.marsh@arentfox.com
**Allen G. Reiter**, *pro hac vice*
allen.reiter@arentfoxcom
**Eric Roman**, *pro hac vice*
eric.roman@arentfox.com
**Alissa G. Friedman**, *pro hac vice*
Alissa.friedman@arentfox.com
**Lindsay Korotkin**, *pro hac vice*
lindsay.korotkin@arentfox.com
**ARENT FOX LLP**
1675 Broadway
New York, NY 10019
Telephone: 212.484.3900
Facsimile: 212.484.3990

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT DISTRICT OF

OREGON PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity, | No. 3:15-cv-02113-SI |
| Plaintiffs, | **DEFENDANTS CUTIE PIE BABY, INC., ELITE PERFORMANCE FOOTWEAR, LLC, GINA GROUP LLC, ONE STEP UP, LTD., SARAMAX APPAREL GROUP, INC., UNITED LEGWEAR COMPANY LLC, ACTIVE BASICS LLC, USPA ACCESSORIES, LLC DBA CONCEPT ONE, IMX, LLC, KIDZ CONCEPTS, LLC, Q4 DESIGNS LLC, RBX.COM, LLC, C.D.B. BRANDS LLC, AND LA KIDZ INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| **TRB ACQUISITIONS LLC**, a New York limited liability company, **CUTIE PIE BABY, INC.**, a New York corporation, **ELITE PERFORMANCE FOOTWEAR, LLC**, a New York limited liability company, **GINA GROUP LLC**, a New York limited liability company, **ONE STEP UP, LTD.**, a New York limited company, **SARAMAX** | |

1

**APPAREL GROUP, INC.**, a New York corporation, **UNITED LEGWEAR COMPANY, LLC**, a New York limited liability company, **ACTIVE BASICS LLC**, a New York limited liability company, **USPA ACCESSORIES, LLC DBA CONCEPT ONE**, a New York limited liability company, **IMX, LLC**, a New York limited liability company, **KIDZ CONCEPTS, LLC**, a New York limited liability company, **Q4 DESIGNS LLC**, a New York limited liability company, **RBX.COM, LLC**, a New York limited liability company, **C.D.B. BRANDS LLC**, a New York limited liability company, and **LA KIDZ INC.**, a New York corporation,

Defendants.

Defendants Cutie Pie Baby, Inc., Elite Performance Footwear, LLC, Gina Group LLC, One Step Up, Ltd., SaraMax Apparel Group, Inc., United Legwear Company, LLC, Active Basics LLC, USPA Accessories, LLC dba Concept One, IMX, LLC, Kidz Concepts, LLC, Q4 Designs LLC, RBX.com, LLC, C.D.B. Brands LLC, and LA Kidz Inc. (collectively, the "Licensee Defendants") hereby respond as follows to the First Request for Production of Documents and Things (collectively, the "Requests" and each individually, a "Request"), served by Plaintiffs in the above-referenced action on July 29, 2016.  These objections and responses are based on documents and things currently known by, and reasonably available to, the Licensee Defendants:

### GENERAL OBJECTIONS

The Licensee Defendants make the following general objections, which the Licensee Defendants expressly incorporate by reference into each of their responses to the Requests. By providing a specific objection to any individual Request, or to any of the "Definitions" and "General Instructions" incorporated into any individual Request, the Licensee Defendants do not waive or otherwise limit these General Objections.  The Licensee

2

Defendants are responding to each Request as they interpret and understand each Request. If Plaintiffs assert a different interpretation of any Request, the Licensee Defendants reserve the right to supplement or amend their responses and objections.

The Licensee Defendants will produce such information in response to the Requests: (a) subject to and without waiving their general and specific objections and (b) subject to the parties amending the existing protective order in this case, entered on April 22, 2016, to include the Licensee Defendants as parties, and such amended protective order being entered by the Court.

1.     The Licensee Defendants object to the Requests to the extent they seek information beyond the scope of Plaintiffs' agreement to limit or withdraw the Requests, as memorialized in prior communications between Plaintiffs' counsel and Defendants' counsel, including but not limited to, Nicki Chollet's August 2, 2016 10:34 AM e-mail to Defendants' counsel (including attachments) and Charlie Henn's May 12, 2016 letter to Michelle Marsh.

2.     The Licensee Defendants object to the Requests to the extent that, when referring to Defendants' products, they are not limited to RBX branded products.

3.     The Licensee Defendants object to the Requests to the extent they incorporate terms that are undefined, vague, ambiguous, or otherwise impermissibly imprecise.

4.     The Licensee Defendants object to the Requests to the extent they seek information beyond the Licensee Defendants' possession, custody, or control.

5.     The Licensee Defendants object to the Requests to the extent they seek information that is publicly available, equally available to, or in the possession, custody, or control of, Plaintiffs.

6.     The Licensee Defendants object to the Requests to the extent they seek disclosure of information protected by any applicable evidentiary privilege, including but not

3

limited to the attorney-client privilege, work product doctrine, common interest privilege, or joint defense privilege.

7.    The Licensee Defendants object to the Requests to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

8.    The Licensee Defendants object to the Requests to the extent they seek disclosure of information or production of documents that are prohibited from disclosure by federal statutory and regulatory requirements, privacy laws, and any other provision of law prohibiting the disclosure of information.

9.    The Licensee Defendants object to the Requests to the extent that they are overly broad (including without limitation as a result of the absence of reasonable temporal or geographic limitations), overly inclusive, cumulative, duplicative, unduly burdensome, oppressive, vague, or ambiguous, and/or to the extent they seek information that is not relevant to the subject matter of the pending action or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case, and/or to the extent that the burden imposed by production would be unreasonable in view of the amount in controversy or the sources available to the Licensee Defendants.

10.    The Licensee Defendants object to the Requests to the extent they call for the production of documents which are confidential, sensitive, or proprietary, or call for the production of other confidential research, development, commercial, financial, or proprietary information (including business information).

11.    The Licensee Defendants object to the Requests to the extent that they fail to specify a relevant time period. The absence of a limited time period makes these Requests

overly broad, not proportional to the needs of this proceeding, and unduly burdensome in scope.

12.     The Licensee Defendants object to the Requests to the extent they contain incorrect factual assumptions or assertions.

13.     The Licensee Defendants object to the Requests to the extent they seek expert opinion testimony or related materials that are protected from disclosure under Rule 26 of the Federal Rules of Civil Procedure or applicable Local Rules, and/or to the extent they call for legal conclusions, legal analysis, and/or trial theories.

14.     The Licensee Defendants object to the Requests on the ground that they seek information that was previously requested from, and produced by, defendant TRB Acquisitions LLC ("TRB").

15.     The Licensee Defendants object to the Requests to the extent that they are duplicative.

16.     The Licensee Defendants object to the definition of "Disputed Stripe Design" on the grounds that it is overly broad, vague, and ambiguous, and to the extent that it is used to refer to footwear and apparel products bearing two or four stripes.

17.     The Licensee Defendants object to the definition of "Disputed Marks" on the ground that it incorporates the contested definition of "Disputed Stripe Design."

18.     The Licensee Defendants object to the definition of "Disputed Product" on the ground that it incorporates the contested definition of "Disputed Marks" and to the extent it refers to documents that are not RBX branded products.

19.     The Licensee Defendants object to the term "Three Stripe Mark" on the ground that it falsely implies ownership of trademarks incorporating two or four parallel or substantially parallel stripes or bands for use on apparel and footwear.

20.    The Licensee Defendants object to the term "Badge of Sport Logo" on the ground that it incorporates the contested definition of "Three-Stripe Mark."

21.    The Licensee Defendants object to the term "adidas Marks" on the ground that it incorporates the contested definitions of "Three-Stripe Mark" and "Badge of Sport Logo."

22.    The Licensee Defendants object to the term "RBK Mark" on the ground that it falsely suggests that Plaintiffs own rights in the RBK trademark and that the RBK trademark has not been abandoned.

23.    The Licensee Defendants object to the term "Reebok Marks" on the ground that it incorporates the contested definition of RBK Mark.

24.    The Licensee Defendants object to the term "Plaintiffs' Marks" on the ground that it incorporates the contested definitions of "adidas Marks" and "Reebok Marks."

25.    The Licensee Defendants object to the term "Plaintiffs' Goods" on the ground that it incorporates the contested definition of "Plaintiffs' Marks."

26.    The Licensee Defendants object to the definition of "Identify" on the grounds that it is overly broad, not proportional to the needs of this proceeding, and unduly burdensome.

27.    The Licensee Defendants object to the definition of "promote" on the grounds that it is vague and ambiguous.

28.    The Licensee Defendants object to the term "refer or relate" on the ground that it is vague, ambiguous, overly broad, and unduly burdensome.

29.    The Licensee Defendants object to the definition of "TRB" to the extent that it incorporates "corporate affiliates", "wholly owned or partially owned subsidiaries", "parent corporations, owners . . . predecessors-in-interest, successors, assignees, agents,

intermediaries, legal representatives, trustees, consultants, and all representatives and other persons acting on its behalf[.]"

30.    The Licensee Defendants object to the definitions of "You" and "Your", as applied to each individual Licensee Defendant, to the extent that they incorporate "corporate affiliates", "wholly owned or partially owned subsidiaries", "parent corporations, owners . . . predecessors-in-interest, successors, assignees, agents, intermediaries, legal representatives, trustees, consultants, and all representatives and other persons acting on its behalf[.]"

31.    The Licensee Defendants' responses to the Requests shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.

32.    The Licensee Defendants' responses to the Requests are made to the best of their present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose.

33.    The Licensee Defendants reserve the right to make use of, or to introduce at any hearing or trial, information responsive to the Requests but discovered subsequent to the date of these responses, including, but not limited to, any such information obtained in discovery herein.

34.    The Licensee Defendants intend to incorporate each of the foregoing objections into, and as part of, their specific objections and responses to the Requests. By responding to the Requests, the Licensee Defendants do not intend to waive any objections as to relevancy, competency, authenticity, admissibility, materiality, and/or privilege (in this or any other proceeding) concerning the topics of the Requests or any of the information provided in response thereto. The Licensee Defendants expressly reserve the right to raise those objections in the future and/or to object to further discovery requests related to the

7

subjects of any of the Requests. No implied, incidental, or unintended admissions are intended as a result of responding to the Requests.

Without waiving the General Objections applicable to all of the Requests, and incorporating the General Objections into each response to each individual Request, the Licensee Defendants respond to the individual Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

Documents that refer or relate to TRB.

**Response to Request No. 1:**

The Licensee Defendants object to Request No. 1 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "TRB". The Licensee Defendants further object to this Request to the extent that it seeks the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, including without limitation, the common interest or joint defense doctrines. The Licensee Defendants further object to this Request on the ground that it seeks confidential business information. The Licensee Defendants further object to this Request because Plaintiffs have withdrawn it by prior agreement.

**Request No. 2:**

Any written agreements between You and TRB.

8

**Response to Request No. 2:**

The Licensee Defendants object to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "TRB."  The Licensee Defendants further object to this Request on the grounds that it seeks information previously requested from, and produced by, TRB, seeks information that is in the possession, custody, or control of Plaintiffs, and is duplicative.

**Request No. 3:**

Any invoices between You and TRB.

**Response to Request No. 3:**

The Licensee Defendants object to Request No. 3 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "TRB."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants respond that they do not have any such invoices.

**Request No. 4:**

Any trademark license agreements between You and TRB concerning the Disputed Marks.

9

**Response to Request No. 4:**

The Licensee Defendants object to Request No. 4 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You", "TRB", and the "Disputed Marks." The Licensee Defendants further object to this Request on the grounds that it seeks information previously requested from, and produced by, TRB, seeks information that is in the possession, custody, or control of Plaintiffs, and is duplicative.

**Request No. 5:**

Documents that refer or relate to the negotiation, drafting, execution, and performance of any agreement, oral or written, between You and TRB relating to the Disputed Marks.

**Response to Request No. 5:**

The Licensee Defendants object to Request No. 5 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You", "TRB", and the "Disputed Marks." The Licensee Defendants further object to this Request to the extent that it seeks the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, including without limitation, the common interest or joint

10

defense doctrines.  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.  The Licensee Defendants further object to this Request because Plaintiffs have withdrawn it by prior agreement.

**Request No. 6:**

Documents that refer or relate to the negotiation, drafting, execution, and performance of any agreement, oral or written, between You and TRB relating to the Disputed Products.

**Response to Request No. 6:**

The Licensee Defendants object to Request No. 6 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You", "TRB", and the "Disputed Products."  The Licensee Defendants further object to this Request to the extent that it seeks the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, including without limitation, the common interest or joint defense doctrines.  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.  The Licensee Defendants further object to this Request because Plaintiffs have withdrawn it by prior agreement.

**Request No. 7:**

Documents that refer or relate to any payments made by You to TRB, including royalty payments and license fee payments.

11

**Response to Request No. 7:**

The Licensee Defendants object to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "TRB".  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 7, if any, in their possession, custody, or control.

**Request No. 8:**

Communications between You and TRB that refer or relate to the Disputed Marks or the Disputed Products.

**Response to Request No. 8:**

The Licensee Defendants object to Request No. 8 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You", "TRB", and "Disputed Marks".  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.  The Licensee Defendants further object to this Request on the ground that it is duplicative.

12

**Request No. 9:**

Documents sufficient to identify the date(s) on which You first used each of the Disputed Marks.

**Response to Request No. 9:**

The Licensee Defendants object to Request No. 9 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that the word "used" is vague and ambiguous. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "Disputed Marks." The Licensee Defendants further object to this Request on the ground that it seeks confidential business information. The Licensee Defendants further object to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 9, if any, in their possession, custody, or control.

**Request No. 10:**

Documents sufficient to identify the date of Your first sale of any product bearing the Disputed Stripe Design.

**Response to Request No. 10:**

The Licensee Defendants object to Request No. 10 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably

calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your" and "Disputed Stripe Design."  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

**Request No. 11:**

Documents sufficient to identify the date of Your first sale of any product bearing the RBX Logo.

**Response to Request No. 11:**

The Licensee Defendants object to Request No. 11 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Your".  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.  The Licensee Defendants further object to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 11, if any, in their possession, custody, or control.

**Request No. 12:**

Documents sufficient to identify the date of Your first sale of any product bearing the RBX Mark.

14

**Response to Request No. 12:**

The Licensee Defendants object to Request No. 12 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your".  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 12, if any, in their possession, custody, or control.

**Request No. 13:**

A representative sample or photograph of each Disputed Product sold by You.

**Response to Request No. 13:**

The Licensee Defendants object to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Disputed Product" and "You".  The Licensee Defendants further object to this Request on the ground that it seeks information that is publicly available, equally available to, or in the possession, custody, or control of, Plaintiffs.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged representative samples responsive to this Request No. 13, if any, in their possession, custody, or control.

**Request No. 14:**

Documents sufficient to identify the time period(s) during which each Disputed Product was marketed, promoted, sold, or offered for sale.

**Response to Request No. 14:**

The Licensee Defendants object to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that the words "marketed", "promoted", and "offered for sale" are vague and ambiguous. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "promoted" and "Disputed Product."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 14, if any, in their possession, custody, or control.

**Request No. 15:**

Documents that refer or relate to the quality, durability, or performance characteristics of any Disputed Product.

**Response to Request No. 15:**

The Licensee Defendants object to Request No. 15 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to

the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Disputed Product."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 15, if any, in their possession, custody, or control.

**Request No. 16:**

Documents that refer or relate to any consumer complaints concerning any Disputed Product.

**Response to Request No. 16:**

The Licensee Defendants object to Request No. 16 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Disputed Product."  The Licensee Defendants further object to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 16, if any, in their possession, custody, or control.

17

**Request No. 17:**

Representative samples of each type of label, tag, or packaging that has been used in connection with each Disputed Product, with documents sufficient to identify when each such label, tag, or packaging was used.

**Response to Request No. 17:**

The Licensee Defendants object to Request No. 17 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that the word "when" is vague and ambiguous. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Disputed Product." The Licensee Defendants further object to this Request on the ground that it seeks information that is publicly available, equally available to, or in the possession, custody, or control of, Plaintiffs.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged representative samples responsive to this Request No. 17, if any, in their possession, custody, or control.

**Request No. 18:**

Representative samples of Your advertising, promotional materials, catalogs, data sheets, instructional materials, media documents, and other printed materials that refer or relate to the use or promotion of any Disputed Product.

**Response to Request No. 18:**

The Licensee Defendants object to Request No. 18 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to

18

the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that the words "promotional materials", "data sheets", "instructional materials", "media documents", and "promotion" are vague and ambiguous.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your" and "Disputed Product."  The Licensee Defendants further object to this Request on the ground that it seeks information that is publicly available, or equally available to, Plaintiffs.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 18 to the extent they are not publicly available, if any, in their possession, custody, or control.

**Request No. 19:**

Documents that refer or relate to Your expenditures for the advertising or promotion of any Disputed Product, including expenditures for websites or web pages featuring any Disputed Product.

**Response to Request No. 19:**

The Licensee Defendants object to Request No. 19 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that the words "advertising or promotion" are vague and ambiguous.  The Licensee Defendants further

object to this Request on the ground that it incorporates the contested definitions of "Your" and "Disputed Product."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 19, in their possession, custody, or control.

**Request No. 20:**

Documents sufficient to identify the geographic areas in which You have promoted, distributed, sold, or offered for sale any Disputed Product.

**Response to Request No. 20:**

The Licensee Defendants object to Request No. 20 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that the terms "geographic areas", "promoted", "distributed", and "offered for sale" are vague and ambiguous. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "promoted", and "Disputed Product."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 20, if any, in their possession, custody, or control.

**Request No. 21:**

Documents sufficient to identify Your customers, clients, sellers, retailers, distributors, or licensees of the Disputed Marks or Disputed Products.

20

**Response to Request No. 21:**

The Licensee Defendants object to Request No. 21 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "promoted", and "Disputed Product."

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 21, if any, in their possession, custody, or control.

**Request No. 22:**

Documents that refer or relate to Your communications with any customers, clients, sellers, retailers, distributors, or licensees of the Disputed Marks or Disputed Products.

**Response to Request No. 22:**

The Licensee Defendants object to Request No. 22 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "TRB", "Disputed Mark", and "Disputed Product". The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

21

**Request No. 23:**

Documents sufficient to identify each store, website, or other outlet through which You have sold any Disputed Product.

**Response to Request No. 23:**

The Licensee Defendants object to Request No. 23 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "Disputed Product." The Licensee Defendants further object to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 23, if any, in their possession, custody, or control.

**Request No. 24:**

Documents sufficient to identify the demographic characteristics of typical or target consumers (i.e. end users) of each of the Disputed Products.

**Response to Request No. 24:**

The Licensee Defendants object to Request No. 24 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Disputed Product." The Licensee Defendants

further object to this Request on the grounds that it seeks information previously requested from, and produced by, TRB, seeks information that is in the possession, custody, or control of Plaintiffs, and is duplicative.  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

**Request No. 25:**

Documents sufficient to identify the psychographic characteristics of typical or target consumers (i.e. end users) of each of the Disputed Products.

**Response to Request No. 25:**

The Licensee Defendants object to Request No. 25 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Disputed Product."  The Licensee Defendants further object to this Request on the grounds that it seeks information previously requested from, and produced by, TRB, seeks information that is in the possession, custody, or control of Plaintiffs, and is duplicative.  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

**Request No. 26:**

Documents sufficient to identify how and when You first learned of each of Plaintiffs' Marks.

**Response to Request No. 26:**

The Licensee Defendants object to Request No. 26 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to

the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You" and "Plaintiffs' Marks".

**Request No. 27:**

Documents that refer or relate to Your communications with any customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs, Plaintiffs' Marks, or Plaintiffs' Goods.

**Response to Request No. 27:**

The Licensee Defendants object to Request No. 27 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "Plaintiffs' Marks", and "Plaintiffs' Goods". The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 27, if any, in their possession, custody, or control.

**Request No. 28:**

Documents that refer or relate to Your communications with any of Plaintiffs' customers, clients, sellers, distributors, licensors, or licensees, whom You knew at the time of

the communications to be Plaintiffs' customers, clients, sellers, distributors, licensors, or licensees, concerning any of the Plaintiffs, Plaintiffs' Marks, or Plaintiffs' Goods.

**Response to Request No. 28:**

The Licensee Defendants object to Request No. 28 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "Plaintiffs' Marks", and "Plaintiffs' Goods". The Licensee Defendants further object to this Request on the ground that it seeks confidential business information. The Licensee Defendants further object to this Request on the ground that it is duplicative.

**Request No. 29:**

Documents sufficient to identify the prices, including wholesale and suggested retail (as well as any other price category utilized by You in the ordinary course of business), at which each Disputed Product has been sold or offered for sale.

**Response to Request No. 29:**

The Licensee Defendants object to Request No. 29 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your" and "Disputed Products." The Licensee

Defendants further object to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 29, if any, in their possession, custody, or control.

**Request No. 30:**

Documents that refer or relate to any instance of which You have actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between You or TRB on the one hand, and Plaintiffs on the other hand, between any Disputed Marks and any of Plaintiffs' Marks, or between any Disputed Products and any of Plaintiffs' Goods. For illustrative purposes only and without limiting the foregoing, such instances would include misdirected inquiries, orders, cancellations, or returns, misassumptions as to source or origin, and comments, complaints, or expressions by any person indicating an assumption or belief as to association or connection between You or TRB or any of the Disputed Products, on the one hand, and Plaintiffs or any of Plaintiffs' apparel or footwear, on the other.

**Response to Request No. 30:**

The Licensee Defendants object to Request No. 30 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "You", "TRB", "Disputed Marks", "Plaintiffs' Marks", "Disputed Products", and "Plaintiffs' Goods".  The Licensee Defendants further

object to this Request on the ground that it seeks confidential business information. The Licensee Defendants further object to this Request on the ground that it is duplicative.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 30, if any, in their possession, custody, or control.

**Request No. 31:**

Documents that refer or relate to adidas.

**Response to Request No. 31:**

The Licensee Defendants object to Request No. 31 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it seeks confidential business information. The Licensee Defendants further object to this Request on the ground that it is duplicative.

**Request No. 32:**

Documents that refer or relate to Reebok.

**Response to Request No. 32:**

The Licensee Defendants object to Request No. 32 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it seeks

confidential business information.  The Licensee Defendants further object to this Request on the ground that it is duplicative.

**Request No. 33:**

Documents that refer or relate to the Three-Stripe Mark.

**Response to Request No. 33:**

The Licensee Defendants object to Request No. 33 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Three-Stripe Mark."  The Licensee Defendants further object to this Request on the ground that it is duplicative.

**Request No. 34:**

Documents that refer or relate to the Badge of Sport Logo.

**Response to Request No. 34:**

The Licensee Defendants object to Request No. 34 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Badge of Sport Logo." The Licensee Defendants further object to this Request on the ground that it is duplicative.

**Request No. 35:**

Documents that refer or relate to the RBK Mark.

**Response to Request No. 35:**

The Licensee Defendants object to Request No. 35 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "RBK Mark."  The Licensee Defendants further object to this Request on the ground that it falsely suggests that Plaintiffs own rights in the RBK trademark and that it has not been abandoned.  The Licensee Defendants further object to this Request to the extent that it is duplicative.

**Request No. 36:**

Photographs or depictions of any of Plaintiffs' Marks or Plaintiffs' Goods within Your possession, custody, or control.

**Response to Request No. 36:**

The Licensee Defendants object to Request No. 36 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your", "Plaintiffs' Marks", and "Plaintiffs' Goods".  The Licensee Defendants further object to this Request on the grounds that it seeks information previously requested from, and produced by, TRB, seeks information that is equally available to, or in the possession, custody, or control of, Plaintiffs, and is duplicative.

**Request No. 37:**

Documents sufficient to identify Your monthly and annual gross revenue from the sale of each Disputed Product.

**Response to Request No. 37:**

The Licensee Defendants object to Request No. 37 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it incorporates the contested definitions of "Your" and "Disputed Product."  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

Subject to and without waiver of these specific objections and the General Objections, the Licensee Defendants will produce non-privileged documents responsive to this Request No. 37, if any, in their possession, custody, or control.

**Request No. 38:**

Documents sufficient to identify the number of units of each Disputed Product You have sold monthly and annually.

**Response to Request No. 38:**

The Licensee Defendants object to Request No. 38 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  The Licensee Defendants further object to this Request on the ground that it

30

incorporates the contested definitions of "Your" and "Disputed Product."  The Licensee

Defendants further object to this Request on the ground that it seeks confidential business

information.

Subject to and without waiver of these specific objections and the General

Objections, the Licensee Defendants will produce non-privileged documents responsive to

this Request No. 38, if any, in their possession, custody, or control.

**Request No. 39:**

Documents that refer or relate to any trademark or trade dress infringement claim,

objection, demand, or other assertion communicated to You by a Third Party, whether or not

such communication resulted in a lawsuit.

**Response to Request No. 39:**

The Licensee Defendants object to Request No. 39 on the grounds that it is overly

broad, unduly burdensome, and requests the production of documents that are not relevant to

the subject matter of the pending litigation or the jurisdiction of the Court, reasonably

calculated to lead to the discovery of admissible evidence, or proportional to the needs of the

case.  The Licensee Defendants further object to this Request on the ground that it

incorporates the contested definition of "Your".  The Licensee Defendants further object to

this Request to the extent that it requests the production of information subject to the

attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege

or immunity including, without limitation, the common interest or joint defense doctrines.

The Licensee Defendants further object to this Request on the ground that it seeks

confidential business information.

31

**Request No. 40:**

Documents that refer or relate to communications between You and any Third Party concerning the Civil Action.

**Response to Request No. 40:**

The Licensee Defendants object to Request No. 40 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request on the ground that it incorporates the contested definition of "Your". The Licensee Defendants further object to this Request to the extent that it requests the production of information subject to the attorney-client privilege, work product doctrine, or any other applicable evidentiary privilege or immunity including, without limitation, the common interest or joint defense doctrines. The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.

**Request No. 41:**

Documents that refer or relate to the issues presented in the Civil Action.

**Response to Request No. 41:**

The Licensee Defendants object to Request No. 41 on the grounds that it is overly broad, unduly burdensome, and requests the production of documents that are not relevant to the subject matter of the pending litigation or the jurisdiction of the Court, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. The Licensee Defendants further object to this Request to the extent that it seeks the production of information subject to the attorney-client privilege, work product doctrine, or

32

any other applicable privilege or immunity, including without limitation, the common interest or joint defense doctrines.  The Licensee Defendants further object to this Request on the ground that it seeks confidential business information.  The Licensee Defendants further object to this Request because Plaintiffs have withdrawn it by prior agreement.

**Dated**: New York, New York
          August 31, 2016

ARENT FOX LLP

By: _____

     Michelle Mancino Marsh, *pro hac vice*
     Allen G. Reiter, *pro hac vice*
     Eric Roman, *pro hac vice*
     Alissa Friedman, *pro hac vice*
     Lindsay Korotkin, *pro hac vice*
1675 Broadway
Tel: (212) 484-3900
Fax: (212) 484-3990

**LANE POWELL PC**
Kenneth R. Davis II, OSB No. 97113
Parna A. Mehrbani, OSB No. 053235
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Tel: 503-778-2100

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2016, I caused a true and correct copy of Defendants Cutie Pie Baby, Inc., Elite Performance Footwear, LLC, Gina Group LLC, One Step Up, Ltd., SaraMax Apparel Group, Inc., United Legwear Company, LLC, Active Basics LLC, USPA Accessories, LLC dba Concept One, IMX, LLC, Kidz Concepts, LLC, Q4 Designs LLC, RBX.com, LLC, C.D.B. Brands LLC, and LA Kidz Inc.'s Responses and Objections to Plaintiffs' First Requests For Production of Documents, to be delivered by e-mail to the following:

      Stephen M. Feldman
      Perkins Coie, LLP
      1120 NW Couch Street
      10th Floor
      Portland, OR 97209-4128
      Tel: 503-727-2058
      feldm@perkinscoie.com

      R. Charles Henn, Jr.
      Charles H. Hooker, III
      Nicki Chollet
      Kilpatrick Townsend & Stockton, LLP
      1100 Peachtree Street
      Suite 2800
      Atlanta, GA 30309
      Tel: 404-815-6500
      CHenn@kilpatricktownsend.com
      Chooker@kilpatricktownsend.com
      NChollet@kilpatricktownsend.com

Alissa G. Friedman