# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

May 23, 2016

**VIA ELECTRONIC MAIL**

R. Charles Henn Jr., Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

**Michelle Mancino Marsh**
Partner
212.484.3977 DIRECT
212.484.3990 FAX
michelle.marsh@arentfox.com

Re:   <u>Adidas America, Inc., et al, v. TRB Acquisitions, LLC</u>

Dear Charlie,

    We are writing in response to your May 12, 2016 letter addressing our two telephonic meet-and-confers.

<u>"Disputed Marks" and "Disputed Products"</u>

    Your letter in support of your argument that adidas is entitled to take broad and unfettered discovery in this action about the use of two and four stripes is unpersuasive for several separate and independent reasons. Among the reasons undermining your position is that no U.S. court has ever endorsed adidas' position that the scope of protection for its marks covers two or four stripes on anything other than footwear, and even in that context is narrowed to the facts of those cases; the use of two and four stripes, bands and piping on athletic clothing is simply ubiquitous, and adidas has no basis to stop such widespread usage or challenge any company employing them; and, most importantly, adidas has failed to claim in this action that the use of two and four stripes on clothing or footwear by TRB and its licensees infringes on any of its rights. Accordingly, such discovery would be wholly irrelevant and disproportional to the needs of the case.

    In addition, regardless of the resolution of the issue with respect to the number of stripes, we believe it is essential to arrive at an agreed-upon definition of "substantially parallel" stripes and "stripes." Included in your image chart emailed to us on May 10, 2016 with the statement that "[r]epresentative examples of RBX-branded products bearing disputed stripe designs are attached (in the PDF entitled "TRB 2- and 4-stripe footwear and apparel")" are the following images:

555 West Fifth Street, 48th Floor   1675 Broadway   55 Second Street, 21st Floor   1717 K Street, NW
Los Angeles, CA 90013-1065   New York, NY 10019-5820   San Francisco, CA 94105-3470   Washington, DC 20006-5344
T 213.629.7400  F 213.629.7401   T 212.484.3900  F 212.484.3990   T 415.757.5500  F 415.757.5501   T 202.857.6000  F 202.857.6395

Exhibit K - Page 1 of 4

# Arent Fox

R. Charles Henn Jr., Esq.
May 23, 2016
Page 2






These shoes obviously do not have "parallel or substantially parallel stripes." Your contention that they do only serves to highlight that not only do we disagree on the scope of appropriateness of the number of stripes identified in your requests, but it appears that we also disagree on the more foundational question of what a stripe is in the first place. To that end, a stripe is generally defined as "a long narrow band or strip, typically of the same width throughout its length, differing in color or texture from the surface on either side of it." None of these images meet this definition. To the extent you disagree, please clearly identify for us the specific features in these products that you allege to be stripes pursuant to the common definition for this term. Alternatively, please provide a new term(s) for use in place of "stripe" that better encompasses what you seek discovery on for our review and consideration, along with an explanation of the similarity between the items you are seeking and the adidas products at issue in this litigation.

     In the absence of supporting material from you, adidas' discovery requests directed at the use of two and four stripes, as well as designs that cannot fairly be characterized as containing stripes, have no possible relevance to its claims, and it would be improper to force non-parties to incur the time and expense of producing discovery materials having no bearing on this litigation. Accordingly, we once again request that you withdraw your demand that the subpoenaed non-parties produce such material. Our objections to your defined terms cover specific requests that

**Arent Fox**

R. Charles Henn Jr., Esq.
May 23, 2016
Page 3

are otherwise acceptable. So, for example, while we are pleased with your limitation of Request Nos. 8, 9 and 10, our agreement is based on our view of the proper scope of the defined terms you employ in those Requests.

Last, while we are not objecting to Request Nos. 4, 11-14, 16, 18, 21, 23-24, 29-30, 37-38, and 40 and Topics 3-6, 8, 14-16, 21-23, 26, 29-30, our position is subject to our agreement that duplicative records need not be produced and is also subject to the global issues we have identified in this letter.

<u>Specific Document Requests In Dispute</u>

Requests 5 & 6: We maintain our objection as to these requests, particularly as they relate to negotiations over royalty rates. Please present any authority supporting your position that such material is discoverable as it relates to a "reasonable royalty" theory.

Request 26: If we are able to agree on the below limitation with respect to Request 27a, it is our understanding that you will withdraw this Request.

Request 27a: While we appreciate your new version of Request 27, 27a should be further modified to require production of documents concerning Plaintiffs' Marks only in connection with RBX-branded products.

Request 28: If we are able to agree on the above limitation with respect to Request 27a, it is our understanding that you will withdraw this Request.

Requests 31 and & 32: If we are able to agree on the above limitation with respect to Request 27a, it is our understanding that you will withdraw these Requests. If you are unwilling to withdraw these Requests, they should be modified to be limited to those documents that also refer to RBX-branded products.

Requests 33-35: These Requests should be limited in the same fashion as Requests 31 and 32.

Request 36: We are in discussions with the subpoenaed parties about this Request and expect to be able to convey our position to you in a few days.

Request 39: This request has all of the hallmarks of a fishing expedition. It would capture, for example, bad faith claims asserted by others that were rightly contested or ignored. It would also cover instances where it was less expensive to contest a purported claim rather than litigate over its merits.

**Arent Fox**

R. Charles Henn Jr., Esq.
May 23, 2016
Page 4

Specific 30(b)(6) Topics in Dispute

Topic 7: See our response to Requests 5 and 6 above.

Topics 9 & 12: We are in agreement that the proper scope of these Topics includes RBX-branded merchandise that includes the use of a design employing three stripes. As noted above, we do not agree with your position that these Topics include the use of two and four stripes.

Topics 10-11, 13, 17-20 and 24-25: We agree with your position that by these Topics you are not seeking the type of detailed information that would far more readily be available through the production of documents, but, rather, that you intend to ask only general questions. We will address your inquiries on a question-by-question basis.

Topic 28: This Topic remains objectionable. It is unreasonable to expect a witness to be familiar with "all communications. In addition, while, in general, communications about any potential customer confusion about the marks at issue herein (subject to the limitation at the top of this letter) is a proper subject for examination, any communication that simply mentions the plaintiffs is not, given their dominance of the marketplace.

So as to avoid any unnecessary motion practice, we invite you to confer with us and present any authority supporting your position to see if we are able to further narrow or eliminate our differences about the proper scope of document discovery and 30(b)(6) Topics. Despite the issues that still divide us, we are diligently working with the subpoenaed parties to gather responsive documents.

Sincerely,

*Michelle Marsh*

Michelle Mancino Marsh

MMM/jf