

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

May 24, 2016

direct dial 404 815 6572
direct fax 404 541 3240
CHenn@kilpatricktownsend.com

*By Email*

Michelle Mancino Marsh
Arent Fox LLP
1675 Broadway
New York, New York 10019
michelle.marsh@arentfox.com

      Re:    <u>adidas & Reebok v. TRB Acquisitions (RBX) - Third-Party Subpoenas</u>

Dear Michelle:

Thank you for your May 23 letter.

### **"Disputed Marks"**

We have made clear in adidas's pleadings, in our telephone conversations, and in written correspondence that adidas objects to the use by TRB or its licensees of several stripe designs that are confusingly similar to the Three-Stripe Mark. Numerous courts in reported decisions (not to mention the jury in *adidas v. Payless*) have noted that stripe designs can be confusingly similar to the Three-Stripe Mark even when the shape or number of stripes is not identical to the Three-Stripe Mark. As you know, trademark infringement is determined based on consumers' *perception* of the design, and thus there is not a singular shape of "stripe" that necessarily infringes or does not infringe. We therefore provided representative examples of the products adidas has accused in this case, so you could discuss those designs with the licensees. For example, adidas objects to the use by TRB and its footwear licensees of two parallel stripes as depicted below:




ATLANTA  AUGUSTA  CHARLOTTE  DALLAS  DENVER  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO  SAN FRANCISCO
SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

Exhibit L - Page 1 of 4

Michelle Mancino Marsh
May 24, 2016
Page 2

adidas also objects to the use by TRB and its apparel licensees of two, three, or four parallel stripes running down the sleeve of a jacket or down the leg of a pant as depicted below:




adidas also alleges that the stripes on the footwear depicted below are confusingly similar to the Three-Stripe Mark – notwithstanding the fact that the stripes have angled sides:




     adidas is entitled to take discovery on designs that are potentially infringing, and TRB and its licensees cannot avoid discovery simply because they believe (wrongly) that adidas will not ultimately prevail on its infringement claims. For all of these reasons, we disagree with your continued refusal to produce documents relating to the use of two-, three-, and four-stripe designs. It appears we need to bring this issue before Judge Simon for resolution.

## Specific Document Requests

     It appears that we have resolved all but a handful of requests, subject to the stripe issue referenced above.

     **Request Nos. 5 & 6**: We propose that the licensees (or TRB) produce the relevant license agreements. Once we have reviewed them, if it appears that our expert(s) need additional documents relating to negotiations, we can revisit these requests.

Exhibit L - Page 2 of 4

Michelle Mancino Marsh
May 24, 2016
Page 3

**Request 27a, 33 & 35**: We divided Request 27 between "a" and "b" as follows:

- Request No. 27a: Documents that refer or relate to Your communications with any customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs' Marks.

- Request No. 27b: Documents that refer or relate to Your communications with any customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs or Plaintiffs' Goods <u>and also mentions or references one or more of the Disputed Products</u>.

You propose that we limit 27a in the same manner as 27b, i.e., to those documents that also mention or reference a Disputed Product. You make the same proposal with regard to Requests 33-35.

Your proposed limitation is inappropriate, because it would exclude communications that discuss adidas's or Reebok's trademarks more generally or that express a desire to mimic those trademarks but do not specifically mention a particular RBX-branded product. We will not further modify 27a or 33-35. To the extent you continue to object, we will raise this issue with Judge Simon for resolution.

**Request 39**: A party's status as a repeat or serial infringer is relevant to the issues of intent and bad faith. *See, e.g., Bear USA, Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.*, 909 F. Supp. 896, 907 n.17 (S.D.N.Y. 1995) (citing "the fact that defendants have been serial infringers, previously enjoined from infringing two other well-known brands" as evidence that "strengthens further the appearance of bad faith"); *Zerorez Franchising Sys. v. Distinctive Cleaning, Inc.*, 103 F. Supp. 3d 1032, 1049 (D. Minn. 2015) (finding bad faith because "infringing activities persisted despite multiple cease and desist letters"); *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 463 F. Supp. 2d 733, 736, 738 (E.D. Mich. 2006) (trebling jury's damages award in case where defendant was alleged to be a "serial infringer")  You have cited no authority for the proposition that the requested documents are irrelevant. Thus, responsive documents should be produced.

### Deposition Topics

We understand your position on the remaining topics and understand you will object during the deposition to individual questions if you deem them objectionable.

### Scheduling

Your letter suggests that you "are diligently working . . . to gather responsive documents." Because fact discovery closes in less than two months, we request that all responsive documents be produced by the licensees no later than June 10.

Exhibit L - Page 3 of 4

Michelle Mancino Marsh
May 24, 2016
Page 4

    Please provide dates on which the licensees can be available for their 30(b)(6) depositions during the weeks of June 20 and 27. I assume they will take place at your offices, but if you prefer that we host them at our New York office, just let me know.

    Finally, we intend to reach out to Judge Simon's courtroom deputy to schedule a telephone conference to resolve the issues on which we have reached an impasse.

                                    Sincerely,

                                    R. Charles Henn Jr.

cc:   Stephen Feldman
       Nicki Chollet

Exhibit L - Page 4 of 4