

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

June 13, 2016

direct dial 404 815 6010
direct fax 404 541 3387
nchollet@kilpatricktownsend.com

By Email

Lindsay Korotkin, Esq.
Arent Fox
1675 Broadway
New York, New York 10019-5820

Re: *adidas America Inc., et al. v. TRB Acquisitions, LLC*: Response to June 10 Letter

Dear Lindsay:

I write in response to your June 10 letter in which you identify alleged deficiencies in Plaintiffs' production of documents. As I have repeatedly stated on our numerous calls, Plaintiffs' production follows the ESI Protocol that we shared with you six months ago, and to which TRB made no objection. Nevertheless, we have endeavored to work with you to explain these issues and will continue to do so. I also write to identify some of the deficiencies in TRB's production.

## TRB's Deficiencies

As you know, Plaintiffs made a substantial production of documents on May 20, and since that time have continued to make rolling productions. TRB, on the other hand, made a small production on May 20, which consisted of documents redacted based on responsiveness claims and no emails. Almost three weeks later, TRB finally produced emails and unredacted copies of its documents. There appear, however, to still be major issues with TRB's production.

The first, and possibly the most troubling, is TRB's failure to produce families of documents. We have identified twenty-one emails that are missing attachments. Similarly, we identified five families in which the parent and the attachment are not consecutive, as required under the ESI Protocol. Additionally, we have identified five families that claim a family relationship but appear to be missing the parent email. I have provided lists of the bates numbers of these documents so you can easily identify them. These issues must be addressed immediately and the missing documents produced.

Second, TRB has produced 3,335 documents in black and white in which color is necessary. This is a trademark case. As a result, having documents in color becomes critical to clearly depicting how the marks at issue are being used. The black-and-white images that you provided make it impossible in some instances to see how TRB uses its Infringing Marks, which

ATLANTA   AUGUSTA   CHARLOTTE   DALLAS   DENVER   LOS ANGELES   NEW YORK   RALEIGH   SAN DIEGO   SAN FRANCISCO
SEATTLE   SHANGHAI   SILICON VALLEY   STOCKHOLM   TOKYO   WALNUT CREEK   WASHINGTON   WINSTON-SALEM

Exhibit M - Page 1 of 5

Lindsay Korotkin, Esq.
June 13, 2016
Page 2

is the crux of this case.  Accordingly, we insist that you produce these documents in color immediately.  I have attached a list of the bates numbers of these documents for your reference.

Third, there are three documents that have been improperly redacted (Bates Nos. TB005659, TB005661, TB009095).  From the best we can tell, these documents do not contain privileged information; instead, TRB appears to have redacted financial information that Plaintiffs are entitled to under their discovery requests.  TRB's persistent redaction of information that is relevant and responsive is troubling and needs to stop.  Please produce unredacted copies of these documents immediately.

### Plaintiffs' Production

Turning to your letter, as you know, we have dedicated a substantial amount of time to addressing the claimed deficiencies you have identified.  We believe, however, that many of these issues could have been avoided if TRB had reviewed and considered the ESI Protocol when it was originally provided on January 19, and discussed at that time, any questions or concerns. TRB's failure to do so, however, is not Plaintiffs' fault.  Nor have Plaintiffs done anything to make the review of their documents more difficult or time consuming.  In fact, it has been the opposite.  Plaintiffs have produced responsive documents in the highest quality format possible and have followed the ESI Protocol.  Any issues with Plaintiffs' production was not purposeful and we are in the process of working with you to correct any issues that may exist.  As a result, your demand for payment is indecorous.  Plaintiffs will not be paying for TRB's e-Discovery bill from its vendor.  We address your remaining questions in turn.

First, as we have discussed repeatedly, we disagree with you that Plaintiffs' production of JPEGs was improper.  The ESI Protocol clearly states black-and-white documents are produced in TIFF format, and color documents are produced in JPEG.  As discussed above, because this is a trademark case, color documents are critical, and oftentimes, important color images are embedded in the text of emails.  Kilpatrick has always endeavored to produce the highest quality version of the document as possible.  As a result, whenever color is indicated on a page, we produce in color to ensure that the other side is not forced to work with a lower quality document.  Nevertheless, because you have demanded the black-and-white versions, we have worked with our E-Discovery team to isolate all emails and similar message files, reimage those files in black-and-white TIFFs, and we will reproduce them.  The manner in which we intend to do this should not disrupt any coding or work you may have already done on the documents.  We, however, insist that the remaining documents are kept in color so if these documents are presented to the Court or the jury, they are high-quality and clearly display the images on the page.

Second, last week you sent a chart identifying the allegedly missing metatdata in Plaintiffs' document production.  We have reviewed your chart and on its face, it is flawed.  Specifically, your vendor did not break down the metadata information by category of documents, which is a critical part of analyzing the metadata.  If you go back and review the ESI Protocol, you will see that the furthest column to the left identifies the metadata that is required for particular categories of documents.  Specifically, there are three categories of documents

Lindsay Korotkin, Esq.
June 13, 2016
Page 3

identified: (1) All Documents, (2) Email; and (3) E-Docs.  This breakdown is intentional because we recognize that not all documents will have the same metadata.  For example, a PDF will not have "TO" or "FROM" information.  Similarly, "DATE LAST MODIFIED" will not exist for emails.  Accordingly, we include these breakdowns to avoid these types of issues.

Turning to some specific questions you raised, we provide the following responses:

1. Why do the FROM and TO document fields not match? 20,030 documents have FROM metadata, but only 19,974 documents have TO metadata.

**Response:**  As an initial matter, the "FROM" and "TO" numbers you provided are incorrect because your vendor has not properly calculated its numbers according to categories of documents, as discussed above.  Further, documents that fall under the Email category do not necessarily have "TO" information for obvious reasons.  For example, some documents are classified in the Email category because of the file extension, but the document is actually a calendar item or a task reminder associated with the custodian's email platform.  Others are blast emails or subscription services with emails generated by an automated tool as opposed to an individual, and therefore, would not have a "TO" entry.  *See e.g.* AR0089489.  Others may be in draft form and do not have "TO" information because they are not actually sent to another person.

2. 6 documents do not have file names.

**RESPONSE:**  Your vendor's chart likely identified six emails as missing FILENAME information.  Under the ESI Protocol, FILENAME information must be provided for E-Docs only, not email.  While we believe that the reason your vendor identified documents with missing FILENAME information is because your vendor lumped the entire universe of documents together rather than just looking at the specific classes of documents separately, if you provide bates numbers for those that you claim are missing FILENAME information, we can confirm.

3. 24 documents do not contain file type extensions (i.e. pdf, doc, etc.).

**RESPONSE:**  Based on our review of Plaintiffs' productions, it appears that we provided the file extension for all files.  Most likely the missing extensions are due to parsing errors.  We recommend that your vendor re-check the error logs from their loading session.  If they are not able to locate these file extensions, please provide the bates numbers for these documents and we would be happy to review.

4. Why do 20,265 documents contain no DATE CREATED or DATE LAST MODIFIED metadata, when 26,657 documents contain DATE LAST ACCESSED metadata.

**RESPONSE:**  Most of these documents, if not all, are emails that do not have DATE CREATED, DATE LAST MODIFIED and DATE LAST ACCESSED information.  Emails do not contain this information because these dates are created during processing, and therefore,

Lindsay Korotkin, Esq.
June 13, 2016
Page 4

would reflect the date of processing and not the actual creation date of the document. For this reason, this information was not required under the ESI Protocol for email. Other of these documents are calendar items, and therefore, also would not have this information.

   5. Additionally, 6 documents in that batch AR001 are missing DATE LAST ACCESSED metadata, please explain why.

   **RESPONSE:** As stated above, some files will not have this metadata, including calendar items. Accordingly, this information is not required under the ESI Protocol for email. No E-Docs are missing the DATE LAST ACCESSED.

   In anticipation of any additional issues you may raise, we are providing the following information:

   1. As you will see, certain documents are missing FILEPATH information. In accordance with the ESI Protocol, FILEPATH information is provided only for native documents. As a result, non-native files will not have FILEPATH information.

   2. Certain documents are missing DATE LAST SAVED information. DATE LAST SAVED is not extracted from attachments to emails, so you will not see DATE LAST SAVED for those documents.

   3. Certain documents are missing AUTHOR and COMPANY information. AUTHOR and COMPANY information is only included when the custodian of the document inputs the information. We note that your production also is missing this information as well for certain documents. We have not objected, however, because we understand that without the custodian inputting this information, it is not available.

   We understand the importance of metadata and that is the reason we sent you the proposed ESI Protocol many months before documents were produced and asked TRB to provide comments. We hope this letter addresses all the questions you have regarding Plaintiffs' document production.

   We look forward to receiving a response to the deficiencies we have identified above and request a call about those items by June 15. Please provide times in which you are available.

Lindsay Korotkin, Esq.
June 13, 2016
Page 5

Sincerely,

Nichole Davis Chollet

Enclosures

cc:    Michelle Mancino Marsh
       Allen G. Reiter
       Kenneth R. Davis
       Parna A. Mehrbani
       R. Charles Henn Jr.
       Charles H. Hooker III