

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

June 28, 2016

direct dial 404 815 6010
direct fax 404 541 3387
nchollet@kilpatricktownsend.com

By Email

Lindsay Korotkin, Esq.
Arent Fox
1675 Broadway
New York, New York 10019-5820

      Re:    *adidas America Inc., et al. v. TRB Acquisitions, LLC*: Response to June 24 Letter

Dear Lindsay:

      I write in response to your June 24 letter and to follow up on the numerous conversations we have had to address any alleged issues in Plaintiffs' document production. I also write to follow up on my June 13 letter, in which we identified several issues with TRB's document production (to which we have not received a response) and to identify a number of additional deficiencies in TRB's production.

## TRB's Deficiencies

      As you know, in my June 13 letter, we identified several gaps in TRB's production of documents. Specifically, we raised the following issues:

- Missing attachments for twenty-one emails (bates numbers previously provided);

- Five non-consecutive document families (bates numbers previously provided);

- Five documents that claim a family relationship but appear to be missing the parent email (bates numbers previously provided);

- 3,335 documents in black and white in which color is necessary (bates numbers previously provided); and

- Three documents that have been improperly redacted (Bates Nos. TB005659, TB005661, TB009095).

      Despite raising these in my letter and addressing them on our June 14 call, we still have not received a substantive response or a corrected production. Please provide the corrected production by Friday, July 1.

ATLANTA   AUGUSTA   CHARLOTTE   DALLAS   DENVER   LOS ANGELES   NEW YORK   RALEIGH   SAN DIEGO   SAN FRANCISCO
SEATTLE   SHANGHAI   SILICON VALLEY   STOCKHOLM   TOKYO   WALNUT CREEK   WASHINGTON   WINSTON-SALEM

Lindsay Korotkin, Esq.
June 28, 2016
Page 2

In addition to the issues identified in my June 13 letter, further deficiencies in TRB's production have become evident. As Mr. Henn indicated in his June 17 email, we still are waiting for TRB to produce the rest of its emails and ESI. Specifically, we have identified the following requests to which we have not received any responsive document: Document Requests Nos. 2, 4, 5, 6, 7, 14, 15, 31, 32, 33, 34, 37, 38, 61, 62, 63, 67, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 88. In addition, TRB indicated for Document Request Nos. 12, 13, 17, 18, 23, 26, 28, 35, 36, 39, 40, 73 and 74 that it would produce documents and would continue its investigation into its predecessors-in-interest's activities and produce documents as they become available. Yet we have not received documents responsive to these requests or confirmation that such documents do not exist in TRB or its predecessor-in-interest's records. Further, we are surprised by the sparse number of documents we have received for Document Request Nos. 19, 24, 25, 27, 29, 41, 47, 48, 49, 53, 54, 55, 57, 68, and 69. For example, we have received no documents regarding the license agreement with RBX.com LLC, despite TRB identifying RBX.com LLC as a licensee of the Infringing Marks. To the extent TRB has produced some documents responsive to these requests, we remain concerned that TRB has not produce all relevant documents, including TRB's full set of responsive emails. Please provide us the date by which we can expect to receive these documents.

We also note that TRB has refused to produce documents to Request Nos. 11, 30, 52, 87, 89 and 90 on the basis that all documents responsive to these requests are covered by a claim of privilege. To evaluate that claim, we request that TRB provide a privilege log identifying the relevant documents and the claimed privilege.

Finally, you have failed to produce any documents or respond to the subpoenas served on each of the third-party licensees. Please provide by July 1, dates by which we can expect to receive documents, as well as dates on which the licensees' representatives will be available for depositions.

## Plaintiffs' Production

Turning to your letter, we address each of your questions.

First, you have objected to Plaintiffs' reasonable temporal limitations on its discovery responses. As you know, the Federal Rules of Evidence have recently changed. Under the new rules, discovery requests must be proportional to the needs of the case. There is no rational basis under which TRB can assert that fifteen years of data or documents is proportional to the needs of the case, let alone justify TRB's even more extreme position that Plaintiffs must produce any agreement (settlement, license or otherwise) that was entered into by one of the Plaintiffs at any time during their history that is still in effect. You have argued at times that the basis for your fifteen year cutoff is related to TRB's abandonment claim for the RBK mark, but Plaintiffs are struggling to comprehend how documents dating back prior to Reebok's claimed date of first use of the RBK mark are relevant to TRB's abandonment claim. Plaintiffs set the five year date because that date coincides with TRB's claimed date of first use of the RBX and RBX Logo in its trademark applications (July 2012), which is the crux of this case. In light of this rational basis to the claims, we are having trouble understanding the logical connection to TRB's

Lindsay Korotkin, Esq.
June 28, 2016
Page 3

insistence that Plaintiffs produce documents going back to before TRB's own use of the Infringing Marks.

Plaintiffs also are having difficulty with TRB's request based on TRB's repeated assertion that Plaintiffs have produced too many documents. With the request for documents going back fifteen years, TRB is asking for potentially thousands of additional documents. Plaintiffs hesitate to produce these documents if in return, TRB will complain that the document production from Plaintiffs is too large.[1]

Nevertheless, we have gone through your list of specific document categories you identified and provided a response. We are happy to discuss this with you further.

- licenses, settlement agreements, co-existence agreements, consent injunctions, judgments, consent judgments, consent decrees, orders, decisions, judgments, and defaults of any kind, including those relating to the resolution of any civil action or proceeding before the USPTO or TTAB related in any way to Plaintiffs' trademarks at issue in this litigation ("Plaintiffs' Marks," as defined in TRB's discovery requests to Plaintiffs);

    o Response: Plaintiffs have produced all active license agreements and settlement agreements going back five years. TRB has access to publicly available consent injunctions, judgments, consent judgments, consent decrees, orders, decisions, judgments, and defaults of any kind, including those relating to the resolution of any civil action or proceeding before the USPTO or TTAB related in any way to Plaintiffs' trademarks at issue in this litigation.

- documents related to any third-party registration, application to register, or use of a triangular shaped mark containing lines in connection with apparel or footwear, and communications related thereto;

    o Response: Plaintiffs have produced settlement agreements going back five years. TRB has access to publicly available applications or actions taken by Plaintiffs before the TTAB.

- documents related to Plaintiffs' selection, use, attempts to register, or registration of the Plaintiffs' Marks;

    o Response: Plaintiffs have produced the file wrappers for each of its registrations, which go to Plaintiffs' attempts to register and registration of Plaintiffs' Marks for the lifespan of the registrations.

---

[1] We also remind you that Plaintiffs are not producing documents that are publicly available, including documents on Westlaw, Pacer, the U.S. Patent and Trademark Records, or the Trademark Trial and Appeal Board. Many of the documents you have asked for fall within those categories.

Lindsay Korotkin, Esq.
June 28, 2016
Page 4

- documents that identify each kind of apparel or footwear product sold under Plaintiffs' Marks;

    o Response: Plaintiffs have produced catalogs from Reebok identifying each kind of apparel and footwear products sold under Reebok's Marks since 2002. Similarly, Plaintiffs have produced digital catalogs from adidas identifying each kind of apparel and footwear products sold under adidas's Marks since 2011. Hardcopies of older catalogs identifying each kind of apparel and footwear products sold under adidas's Marks are available at Perkins Coie.

- a representative sample or photograph of each product ever offered or sold under the RBK Mark;

    o Response: Plaintiffs have produced catalogs from Reebok identifying each kind of apparel and footwear products sold under the RBK Mark since 2002.

- documents sufficient to identify each store, website, or other outlet through which any product offered or sold under the RBK Mark was marketed, promoted, sold, or offered for sale;

    o Response: Plaintiffs disagree that documents sufficient to identify each store, website, or other outlet through which any product offered under the RBK Mark was marketed, promoted, sold, or offered for sale for the last fifteen years are relevant. Plaintiffs will agree to produce this information for the last five years.

- documents sufficient to identify each third party that has licensed the RBK Mark;

    o Response: Plaintiffs have produced all active license agreements regardless of when the agreement was entered.

- documents sufficient to identify the monthly and annual gross revenue from products sold, and the number of units offered for sale or sold, under Plaintiffs' Marks including the RBK Mark;

    o Response: Plaintiffs disagree that documents sufficient to identify the monthly and annual gross revenue from products sold, and the number of units offered for sale or sold, under Plaintiffs' Marks for the last fifteen years is relevant. Plaintiffs will agree to produce this information for the last five years.

- documents that refer or relate to the profitability or lack of profitability of the RBK Mark;

    o Response: Plaintiffs disagree that documents that refer or relate to the profitability or lack of profitability of the RBK Mark for the last fifteen years is relevant. Plaintiffs will agree to produce this information for the last five years.

Lindsay Korotkin, Esq.
June 28, 2016
Page 5

- representative samples of each label, tag, or packaging that has been used in connection with each product ever offered for sale or sold under the RBK Mark;

    o Response: Plaintiffs have produced examples of labels, tags, or packaging that have been used in connection with products offered for sale or sold under the RBK Mark, however, Plaintiffs' document retention policy states that samples of each label, tag, or packaging are to be kept only for three years.

- documents that refer or relate to any research you conducted about TRB's Marks, the letters RBX, or the letters RB (whether or not accompanied by other words and/or designs);

    o Response: TRB has not been using the RBX mark for the past fifteen years. Accordingly, Plaintiffs do not understand the basis for requesting documents going back fifteen years for this request.

- documents referring or relating to Plaintiffs' policing of their alleged rights in Plaintiffs' Marks;

    o Response: Plaintiffs have produced settlement agreements for the past five years.

- documents relating to the use of the letters RB (whether or not accompanied by other words/designs) on footwear and apparel, including communications with third parties regarding such designations, and settlement agreements, co-existence agreements, and other documents relating to any registration, or attempt to register, a mark containing those designations;

    o Response: TRB has access to publicly available applications. Plaintiffs have produced settlement agreements for the last five years.

- documents that refer or relate to any research you have conducted concerned designs incorporating 2, 3, or 4 stripes on apparel and/or footwear;

    o Response: Plaintiffs disagree that documents that refer or relate to any research Plaintiffs have conducted concerning designs incorporating 2, 3, or 4 stripes on apparel and/or footwear for the last fifteen years is relevant. Plaintiffs will agree to produce this information for the last five years. As Mr. Henn stated, older market research may exist in the documents at Perkins Coie.

- documents sufficient to identify the stores or outlets through which Plaintiffs' and TRB's products have been sold or offered for sale;

    o Response: Plaintiffs disagree that documents sufficient to identify the stores or outlets through which Plaintiffs' and TRB's products have been sold or offered for sale for the last fifteen years is relevant. TRB has not been using the RBX

Lindsay Korotkin, Esq.
June 28, 2016
Page 6

- mark for fifteen years.  Plaintiffs will agree to produce this information for the last five years.

- documents referring or relating to consumer recognition that adidas and Reebok share common ownership;

    - Response: Plaintiffs disagree that documents referring or relating to consumer recognition that adidas and Reebok share common ownership for the last fifteen years is relevant.  adidas and Reebok have shared common ownership only since late 2005.  Plaintiffs will agree to produce this information for the last five years.

- documents referring or relating to marketing or advertising of goods sold under the RBK Mark from the date of first use to the present; and

    - Response: Plaintiffs have produced documents referring or relating to marketing or advertising of goods sold under the RBK Mark.

- documents referring or relating to the maintenance of trademark registrations for the Reebok Plaintiffs' Marks.

    - Response: Plaintiffs have produced the file wrappers for each of its registrations, which go to Plaintiffs' maintenance their trademark registrations.

Second, we have attached to this letter, amended responses to TRB's First and Second Set of Requests for the Production of Documents and Things to both adidas and Reebok, as well as amended responses to TRB's First Set of Interrogatories to Reebok. We reviewed adidas's Responses and Objections to TRB's Interrogatories and believe we have identified those people with the most relevant knowledge on the identified topics.  We, however, reserve our right to amend any of Plaintiffs' responses if it is deemed necessary.

Third, you asked for us to confirm that Plaintiffs' search for responsive documents and information included relevant European-based custodians and data.  As I mentioned during our last call, because this is a trademark case that is pending in the United States, documents or information regarding the use of the Plaintiffs' respective Marks outside the United States is not relevant.  Moreover, because all relevant information that would impact Plaintiffs' Marks inside the United States would be communicated to U.S.-based personnel, a collection of documents from European-based custodians is not necessary, nor will Plaintiffs be undertaking that endeavor.

Fourth, you have asked about the bankers boxes of documents at Perkins Coie.  As both Mr. Henn and Mr. Feldman have repeatedly stated, the contents of the boxes are not the same as they were in 2006.  Mr. Feldman expressly noted that new catalogs have been added.  In addition, Mr. Henn told you, as you mentioned in your letter, that documents have been removed from those boxes pursuant to adidas's document retention policy. (Additionally, we cannot guarantee that whatever numbering may have existed on the boxes in 2006 corresponds

Lindsay Korotkin, Esq.
June 28, 2016
Page 7

identically with any numbering that may presently exist on the boxes.) Accordingly, an index that was created for a prior case years ago will not be useful in identifying the current contents of the boxes at Perkins Coie. We have made these documents available to you and strongly recommend that if you are interested in the contents of the boxes that you have someone go and review those materials in light of TRB's specific claims and defenses. This is particularly important given the emphasis you have placed on documents going back more than five years. As Mr. Henn stated, certain of the documents in the boxes are much older and may satisfy TRB's desire for documents dating back fifteen years. In the meantime, we endeavor to answer your specific questions:

1. As Mr. Feldman stated, there may be correspondence within the boxes, and therefore, we cannot say that there is no correspondence. As Mr. Henn initially stated, however, the documents mainly consist of product catalogs, marketing materials, and brand tracking reports.

2. Yes, documents have been added to the boxes since 2006. As Mr. Feldman stated, new catalogs have been added. adidas has produced digital catalogs from the past five years, but hardcopies of these and older catalogs are available in the boxes.

3. Documents have been removed from the boxes pursuant to adidas's document retention policy. The last time documents were removed was in May 2013.

4. We have not undertaken any efforts to digitize the documents in the bankers boxes at Perkins Coie.

5. We have not undertaken any efforts to digitize the documents in the bankers boxes at Perkins Coie.

6. Although we do not believe that the prior index will accurately reflect the current contents of the boxes at Perkins Coie, we are willing to consider Arnett Fox's request; however, before we consent to Lane Powell sharing its index, we ask that Lane Powell share the index with us so we can consider the contents in light of the protective order in place in the K-Mart case.

7. As Mr. Henn previously stated, these documents are just adidas documents.

We hope this answers the questions you have regarding Plaintiffs' document production. We would like to set up a time to discuss the deficiencies we identified in TRB's production. If you have any remaining questions on Plaintiffs' document production, we are happy to address them at that time. Please let me know if you are available June 30 or July 5 to discuss.

Lindsay Korotkin, Esq.
June 28, 2016
Page 8

                                               Sincerely,

                                               Nichole Davis Chollet

Enclosures

cc:    Michelle Mancino Marsh
        Allen G. Reiter
        Kenneth R. Davis
        Parna A. Mehrbani
        R. Charles Henn Jr.
        Charles H. Hooker III