# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

July 8, 2016

BY E-MAIL

Nichole Davis Chollet, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA  30309-4528

**Lindsay Korotkin**
Associate
212.457.5548 DIRECT
212.484.3990 FAX
lindsay.korotkin@arentfox.com

Re:    <u>adidas America, Inc., et al. v. TRB Acquisitions, LLC</u>: <u>Response to June 28, 2016 Letter Regarding TRB's Document Production</u>

Dear Nicki:

Yesterday we produced an overlay production via FTP transfer to address your concerns with TRB's document production as follows:

<u>1) Missing attachments for twenty-one emails.</u>
Our supplemental production reproduces these emails along with their attachments. As Charlie is aware, these twenty-one emails came from a review of documents that were collected for the Seduka litigation. In the process of converting those files into Relativity-compliant format, it appears that these twenty-one email files were corrupted such that attachments were unintentionally separated from the document set. We have now reproduced the complete emails and their attachments.

<u>2) Five non-consecutive document families.</u>
We have reproduced these documents in consecutive order.

<u>3) Five documents that claim a family relationship but appear to be missing the parent email.</u>
We reviewed the cited documents and found your conclusion to be inaccurate. These five documents do claim a family relationship, but do not have a parent email. There are a number of cases in which this arises, for example, when documents are saved in a zip folder or when documents are scanned as a batch and routed to a network folder. In both such cases, the documents will claim a relationship as a group, but since they were not attached to, or collected from, an email, they will have no parent email.

555 West Fifth Street, 48th Floor    1675 Broadway    55 Second Street, 21st Floor    1717 K Street, NW
Los Angeles, CA 90013-1065    New York, NY 10019-5820    San Francisco, CA 94105-3470    Washington, DC 20006-5344
T 213.629.7400  F 213.629.7401    T 212.484.3900  F 212.484.3990    T 415.757.5500  F 415.757.5501    T 202.857.6000  F 202.857.6395

Exhibit P - Page 1 of 4

**Arent Fox**

Nichole Davis
Chollet, Esq.
July 8, 2016
Page 2

<u>4) 3,335 documents in black and white.</u>
A color overlay is provided as a courtesy, even though we disagree with your conclusion that color is necessary for these documents. None of the Adidas or Reebok trademarks or IP rights asserted in this case claim color as a feature. Color is not an element of any of Plaintiffs' claims. As we previously discussed, pursuant to your firm's ESI specifications, color images must be produced in JPG format only when color is "necessary," while black and while images are to be produced in TIFF format. Color JPG files can range as much as 10-20 times the size of the same file saved as a black and white TIFF file. Therefore, since Plaintiffs did not request that product images be produced in color, because color is irrelevant to Plaintiffs' claims, and given that the production of color documents would burden TRB with unnecessarily heightened discovery production costs, we initially produced the documents in black and white. Nonetheless, TRB has agreed to now undergo this expense of color production solely in an effort to accommodate your concerns.

The overlay production contains 3,299 documents, not your calculated 3,335 documents. A number of the documents you identified as being produced in black and white when color is "necessary" include lengthy Excel files that include merely a few words of colored text or emails where color is limited to the signature block icons. In those cases, as we previously agreed in considering Plaintiffs' production deficiencies, color is not necessary. Therefore, we are not reproducing those documents, nor the several identified documents that in fact exist only in black and white in native format.

<u>5) Three documents with redactions.</u>
Your conclusion is inaccurate, these documents are redacted for privilege. These documents will be included on TRB's privilege log.

*   *   *

You have also raised concerns about the completeness of TRB's document and ESI production. As an overarching point, we remind you that TRB Acquisitions LLC is a small organization in business for approximately five years. As such, TRB simply will not and does not have the same size or scope of documents or ESI as do international and publicly-traded companies, like Plaintiffs. To compare the number of documents produced by the five massive entities that comprise the Plaintiffs to those of TRB, a small entity, is meaningless.

**Arent Fox**

Nichole Davis
Chollet, Esq.
July 8, 2016
Page 3

Regarding your specific objections:

<u>1) Your Claim that TRB Has Not Produced Documents in Response to Document Request Nos. 2, 4, 5, 6, 7, 14, 15, 31, 32, 33, 34, 37, 38, 61, 62, 63, 67, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 88.</u>
We reviewed these requests and TRB's document productions and found that for the vast majority of requests your conclusion is incorrect—TRB has produced responsive documents. In other instances, for example, Request No. 85 ("Documents that refer or relate to TRB's monitoring of its websites for visits, hits, or traffic from users or IP addresses at Plaintiffs or the law firms of Kilpatrick Townsend & Stockton LLP or Perkins Coie LLP.") there are no responsive documents because none exist. For still other requests, for example, Request No. 88 ("Documents sufficient to identify each Person that TRB may call as a fact witness at any hearing or at the trial of this civil action."), your request is premature and is better addressed, in any event, in a pre-trial order.

<u>2) Your Claim that Documents Were Not Produced in Response to Document Request Nos. 12, 13, 17, 18, 23, 26, 28, 35, 36, 39, 40, 73 and 74 or that TRB Has Not Provided a Statement that No Documents Exist in TRB Acquisitions LLC's or its Predecessor's Records.</u>
We reviewed these requests and TRB's document productions and found that for a number of requests, TRB has produced documents, including those related to the business activities of TRB Acquisitions LLC. We represent to you that our review of predecessor records is ongoing—including of historic files in formats that are not supported by modern computing software programs and document review platforms—some predecessor documents have already been produced in response to a number of Plaintiff's requests. Nonetheless, to assuage Plaintiffs' concerns and in light of an ongoing search of predecessor documents, we are currently preparing a supplemental production of documents responsive to Plaintiffs' discovery requests that will include additional predecessor documents.

Further, your inclusion of Request Nos. 28, 39, 40 in this category is improper. TRB has not said that it "will continue its investigation as to its predecessors-in-interest's activities and will produce additional documents if and when they become available" in response to these requests. We believe that your inclusion of these requests in this objection was in error.

<u>3) Your Claim that Documents Produced in Response to Document Request Nos. 19, 24, 25, 27, 29, 41, 47, 48, 49, 53, 54, 55, 57, 68, and 69 are "Sparse."</u>
As an initial matter, in a number of cases, your objections here overlook the limited nature of many of your requests. For example, Request No. 19 seeks "representative samples . . ." and Request Nos. 27, 41, 47, and 53 seek only "documents sufficient to identify . . ." Surely you can agree that a voluminous number of documents would not be necessary (or proportional) to respond to these types of limited requests.

# Arent Fox

Nichole Davis
Chollet, Esq.
July 8, 2016
Page 4

Additionally, for certain requests, like Request No. 29 ("Documents that refer or relate to TRB's communications with any of its customers, clients, sellers, distributors, licensors, or licensees concerning any of the Plaintiffs or Plaintiffs' Marks"), you comment that the production is "sparse" or non-existent. However, this is not a reasonably specific objection. That TRB's documents do not support Plaintiffs' theory of the case does not mean that TRB's document production is flawed.

<u>4) Claim that Documents Responsive to Document Request Nos. 11, 30, 52, 87, 89 and 90 are Withheld Solely on the Basis of Privilege.</u>
TRB will provide a privilege log in due course and expects Plaintiffs to similarly provide a privilege log, especially in light of Plaintiffs' recent express refusal to produce responsive documents to a number of TRB's highly-relevant discovery requests. Nonetheless, TRB disagrees with Plaintiffs' characterization that privilege was the only objection raised to these cited discovery requests. We suggest that you revisit TRB's objections for a better understanding of its position on these requests.

\*   \*   \*

We trust that yesterday's production and this letter answer the issues you have raised. Additionally, as noted above, we will be producing additional documents that include additional predecessor-in-interest documents. Please advise us of when Plaintiffs will provide a privilege log and their additional document production in response to TRB's discovery requests, including TRB's Third Set of Requests for Production of Documents.

Sincerely,

*[signature]*

Lindsay Korotkin