Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr., (*pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III, (*pro hac vice*)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity,<br><br>Plaintiffs,<br><br>v.<br><br>**TRB ACQUISITIONS LLC**, a New York limited liability company, **CUTIE PIE BABY, INC.**, a New York corporation, **ELITE PERFORMANCE FOOTWEAR, LLC**, a New York limited liability company, **GINA GROUP LLC**, a New York limited liability company, **ONE STEP UP, LTD.**, a New York limited company, **SARAMAX APPAREL GROUP, INC.**, a New York | No. 3:15-cv-02113-SI<br><br>**PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6) – FIRST AMENDED NOTICE OF DEPOSITION** |

1

| |
|---|
| corporation, **UNITED LEGWEAR COMPANY, LLC**, a New York limited liability company, **ACTIVE BASICS LLC**, a New York limited liability company, **USPA ACCESSORIES, LLC DBA CONCEPT ONE**, a New York limited liability company, **IMX, LLC**, a New York limited liability company, **KIDZ CONCEPTS, LLC**, a New York limited liability company, **Q4 DESIGNS LLC**, a New York limited liability company, **RBX.COM, LLC**, a New York limited liability company, **C.D.B. BRANDS LLC**, a New York limited liability company, and **LA KIDZ INC.**, a New York corporation, |
| Defendants. |

Pursuant to the Court's August 19, 2016 order that Plaintiffs "may take a Rule 30(b)(6) deposition that will not count towards any limitations on plaintiffs' discovery of the person or persons responsible for formulating, conducting, and implementing the search for responsive e-mails" and Federal Rule of Civil Procedure 30(b)(6), counsel for Plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V., Reebok International Ltd., and Reebok International Limited (collectively, "Plaintiffs") will take the testimony of **TRB Acquisitions LLC** ("TRB") by oral examination before an officer authorized by law to administer oaths at 10:00 am EST on September 29, 2016 at the offices of Arent Fox LLP, 1675 Broadway, New York, New York 10019, or at such other place as may be agreed upon by counsel.

The deposition will be taken for purposes of discovery, use at trial, and any other purpose permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The testimony will be recorded by stenographic means (including live stream transcription) and may be videotaped.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), TRB is directed to designate one or more officers, directors, managing agents or other persons to testify on TRB's behalf. Such

2 - PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

person(s) shall be the most knowledge, qualified and competent to testify on TRB's behalf as to all matters known, or reasonably available to TRB, concerning the following:

## DEFINITIONS

1. "TRB" means TRB Acquisitions LLC and each of its corporate affiliates, divisions, subgroups, wholly owned or partially owned subsidiaries, parent corporations, owners, area or regional offices, predecessors-in-interest, successors, assignees, agents, intermediaries, legal representatives, trustees, consultants, and all representatives and other persons acting on its behalf, and the present and former officers, servants, and employees of each of the entities referenced in this paragraph.

2. "Device" or "Devices" means desktop or laptop computers, mobile electronic devices, portable digital assistants, cellular phones, smart phones, mini computers, tablets, external hard drives, shared drives, servers, CDs and DVDs, and USB flash drives.

## TOPICS

1. TRB's efforts to locate, collect, and produce documents responsive to the Document Requests served by Plaintiffs.

2. The nature, scope, form, and extent of TRB's communications with its licensees, customers, and third parties concerning the mark RBX. Specifically:

    a. The kinds of communications (e.g., e-mail, written correspondence, text messages, telephone calls) that TRB has had with its licensees, customers, and third parties concerning the mark RBX; and

    b. The quantity and frequency of communications that TRB has had with its licensees, customers, and third parties concerning the mark RBX.

3 - PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

  c. The identities of any owners, employees, or agents of TRB who are responsible for, or who engage in, communications with TRB's licensees or customers concerning the RBX mark.

3. The nature, scope, form, and extent of TRB's communications with its licensees, customers, and third parties concerning the RBX logo, shown below. Specifically:



  a. The kinds of communications (e.g., e-mail, written correspondence, text messages, telephone calls) that TRB has had with its licensees, customers, and third parties concerning the RBX logo, shown above.

  b. The quantity and frequency of communications that TRB has had with its licensees, customers, and third parties concerning the RBX logo, shown above.

  c. The identities of any owners, employees, or agents of TRB who are responsible for, or who engage in, communications with TRB's licensees or customers concerning the RBX logo, shown above.

4. The nature, scope, form, and extent of TRB's communications with its licensees, customers, and third parties concerning the use of stripes on footwear and apparel. Specifically:

  a. The kinds of communications (e.g., e-mail, written correspondence, text messages, telephone calls) that TRB has had with its licensees, customers, and third parties concerning the use of stripes on footwear and apparel.

  b. The quantity and frequency of communications that TRB has had with its licensees, customers, and third parties concerning the use of stripes on footwear and apparel.

4 - PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

    c.    The identities of any owners, employees, or agents of TRB who are responsible for, or who engage in, communications with TRB's licensees or customers concerning the use of stripes on footwear and apparel.

5. TRB's document and email retention polies and practices.

6. TRB's policies and enforcement procedures regarding employees' uses of Devices and data.

7. The locations of electronically stored information ("ESI"), including any Devices containing ESI.

8. Devices currently in use and Devices no longer in use, including operating systems and software applications.

9. TRB's network architecture, including file-naming conventions and location-saving conventions.

10. TRB's databases and system administration.

11. TRB's document management systems and other third-party hosted repositories.

12. TRB's document and data sharing systems, including third-party hosted systems.

13. TRB's email and messaging systems, including its archiving features, if any.

14. The existence and maintenance of TRB's intranet.

15. TRB's onsite and off-site servers.

16. TRB's archival systems and procedures.

17. TRB's backup procedures, inventories and schedules.

18. Computer or system failures, including data crashes.

19. Data recover for any Device or system failures.

5 - PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

20. Identities of current and former personnel who have or had access to network administration, backup, archiving, or other system operations.

DATED: September 26, 2016

*[signature: Charles H. Hooker III]*

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **PLAINTIFFS' SPECIALLY SET DEPOSITION OF TRB ACQUISITIONS LLC PURSUANT TO FED. R. CIV. P. 30(b)(6) – FIRST AMENDED NOTICE** on:

| | |
|---|---|
| Kenneth R. Davis II | Michelle Mancino Marsh |
| Parna A. Mehrbani | Allen G. Reiter |
| Lane Powell PC | Eric Roman |
| 601 SW Second Avenue | Xiyin Tang |
| Suite 2100 | Lindsay Korotkin |
| Portland, OR 92704-3158 | Arent Fox LLP |
| | 1675 Broadway |
| Attorneys for Defendant | New York, NY 10019 |
| | |
| | Attorneys for Defendant |

by causing a full, true, and correct copy thereof, addressed to the last-known office address of the attorney or registered agent, to be sent by the following indicated method or methods (unless indicated otherwise above), on the date set forth below:

☐ By **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the U. S. Postal Service at Portland, Oregon.

☒ By **email transmission** to TRB-ADIDAS@arentfox.com, DavisK@LanePowell.com, mehrbanip@LanePowell.com.

☐ By **hand delivery**.

DATED: September 26, 2016

**KILPATRICK TOWNSEND & STOCKTON LLP**

_/s/ Charles H. Hooker III_

Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

1 – CERTIFICATE OF SERVICE