1

```
 1          IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF OREGON

 3  adidas America, Inc., et al., )  3:15-cv-02113-SI

 4      Plaintiffs,              )

 5          vs.                  )  September 22, 2016

 6  TRB Acquisitions, LLC,       )
    et al.,                      )
 7                               )

 8      Defendants.              )  Portland, Oregon

 9

10

11

12

13          (Telephonic Motion Hearing)

14          TRANSCRIPT OF PROCEEDINGS

15      BEFORE THE HONORABLE MICHAEL H. SIMON

16      UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25
```

2

```
 1                        APPEARANCES

 2  FOR THE PLAINTIFFS:    R. Charles Henn, Jr.
                           Nichole D. Chollet
 3                         Charles H. Hooker, III
                           Kilpatrick Townsend & Stockton, LLP
 4                         1100 Peachtree Street NE, Suite 2800
                           Atlanta, GA  30309
 5

 6                         Stephen Feldman
                           Perkins Coie, LLP
 7                         1120 NW Couch Street, Tenth Floor
                           Portland, OR  97209
 8

 9  FOR THE DEFENDANTS:    Allen G. Reiter
                           Michelle M. Marsh
10                         Alissa G. Friedman
                           Arent Fox LLP
11                         1675 Broadway
                           New York, NY  10019
12

13                         Parna A. Mehrbani
                           Lane Powell, PC
14                         601 SW Second Avenue, Suite 2100
                           Portland, OR  97204
15

16

17

18

19

20

21

22

23  COURT REPORTER:        Dennis W. Apodaca, RDR, RMR, FCRR, CRR
                           United States District Courthouse
24                         1000 SW Third Avenue, Room 301
                           Portland, OR  97204
25                         (503) 326-8182
```

3

```
 1              (September 22, 2016)

 2          P R O C E E D I N G S

 3      (In chambers; telephone conference:)

 4      THE CLERK:  Your Honor, this is the time set for a

 5  telephone conference in Case No. 15-cv-2113-SI, adidas America,

 6  Inc., versus TRB Acquisitions, LLC.

 7      Counsel, there is a court reporter present, so please

 8  be sure to state your name before you speak.  Here is

 9  Judge Simon.

10      THE COURT:  Good morning, everyone.

11      COUNSEL:  Good morning, Your Honor.

12      THE COURT:  I have read Ms. Friedman's e-mail dated

13  September 19th at 8:56 p.m., and I have read Mr. Hooker's

14  e-mail dated September 20th at 9:39 a.m., as well as the

15  attachments.

16      Have I received everything?

17      MR. HENN:  Your Honor, this is Charlie Henn.  You

18  have received everything that the plaintiffs submitted.

19      THE COURT:  Thank you.

20      MR. REITER:  Your Honor, this is Allen Reiter.  You

21  have received everything we've submitted.

22      THE COURT:  Very good.  Thank you.

23      Let me ask, and whoever wishes to speak first may;

24  just identify yourself.  What happened yesterday,

25  September 21st?  Were there any depositions taken by plaintiffs
```

4

```
 1  of any of the newly joined defendant-licensees?

 2      MR. HENN:  Your Honor, this is Charlie Henn.

 3      No, we did not take the deposition.  We received an

 4  e-mail from Mr. Reiter on Tuesday indicating that because this

 5  hearing was set for today, the witness who was subpoenaed to

 6  appear yesterday would not be made available, and so we

 7  canceled the deposition, the court reporter, et cetera.

 8      THE COURT:  Thank you.

 9      Let me ask, and whoever wishes to respond, may.

10      Have any the issues raised in either Ms. Friedman's

11  e-mail or Mr. Hooker's e-mail been resolved?

12      MR. REITER:  Your Honor, this is Allen Reiter.  Some

13  of the issues raised in the e-mail submitted by Mr. Hooker have

14  been resolved or are in the process of being resolved.  So we

15  can limit the scope of the discussion with respect to the

16  issues that were raised by Mr. Hooker.

17      With respect to the deposition of Mr. King, while the

18  plaintiffs maintain that we had noticed his deposition solely

19  for purposes of harassment and that he is an apex witness, that

20  was not our motivation in noticing him.

21      We had been informed and received copies of e-mails

22  from the person whom I believe is the president of Modell's,

23  who we understood is a personal friend of Mr. King, in which

24  Modell's brought our mark to the attention of Mr. King.  We are

25  involved in a litigation in the Southern District of New York,
```

21

```
 1   accommodation from the Court.
 2          MR. REITER:  Understood, Your Honor.
 3          THE COURT:  Okay.  So is it possible for the
 4   defendants to file their reply in support of their motion to
 5   compel by October 7th?  That basically is after Rosh Hashanah
 6   and before Kol Nidre.
 7          MR. REITER:  I am looking at a calendar.
 8          THE COURT:  That would be Friday, the 7th.  File it
 9   before sundown.  Can you do that?
10          MR. REITER:  We will do it, Your Honor.
11          THE COURT:  Thank you very much.  The reply will be
12   due October 7th.
13          MR. HENN:  Your Honor, this is Charlie Henn.
14          THE COURT:  Yes.
15          MR. HENN:  As we raised in the e-mail, the defendants
16   also have failed to produce mass quantities of responsive
17   information.  I would propose that we file cross-motions for
18   summary judgment on the identical schedule so that you can
19   resolve all of those issues at once.
20          THE COURT:  All right.
21          Any objection to that, Mr. Reiter?
22          MR. REITER:  I'm not -- Your Honor, I don't
23   understand what he means by "cross-motions for summary
24   judgment."
25          THE COURT:  Well, I think what he is right now
```

22

```
 1   talking about --
 2          MR. HENN:  I'm sorry, Your Honor.  I meant
 3   cross-motions to compel.
 4          THE COURT:  Cross-motions to compel on the same
 5   schedule.
 6          MR. REITER:  Your Honor, I would suggest that the
 7   better practice would be -- before they do that -- is for them
 8   to take the 30(b)(6) notice that they have finally given us
 9   with respect to our document production and retention.
10          THE COURT:  Well, I'll tell you what, in response to
11   this, we know that defendant wants to file a motion to compel.
12   We have the schedule, although I do want to set an oral
13   argument on that.
14          Mr. Henn, with respect to the plaintiffs' motion to
15   compel, you have leave to file a motion to compel whenever you
16   want, so go ahead and file your motion to compel whenever you
17   are ready.
18          All right.  Do you all want to have oral argument on
19   defendants' motion to compel by telephone or in person?
20          MR. HENN:  Your Honor, I am based in Atlanta.
21   Mr. Reiter is based in New York.  My preference would be to do
22   it by phone.  But if it would be easier for Your Honor to do it
23   in person, I am happy to come to Oregon.
24          THE COURT:  I'm fine with phone.
25          MR. REITER:  Does the Court have a preference?
```

23

```
 1          THE COURT:  No, I do not.  Whatever you all want.
 2          MR. REITER:  Your Honor, in that regard, doing it by
 3   phone is obviously a lot more convenient.
 4          THE COURT:  Okay.  I'm starting a trial on the 11th.
 5   That will probably go for about two weeks, and so I will need
 6   to give you an 8:00 a.m. Pacific oral argument time date, and I
 7   want to make sure I've read everything.
 8          How does a telephone conference to deal with
 9   defendants' motion to compel on October 17th -- that's a
10   Monday -- at 8:00 a.m. Pacific Time work for you all?
11          MR. HENN:  This is Charlie Henn.  That works for us.
12          MR. REITER:  Your Honor, this is Allen Reiter.  It
13   works for us.
14          THE COURT:  Mary, that works for us?
15          THE CLERK:  Yes.
16          THE COURT:  All right.  That's when that will be.
17          If and when we have a motion to compel filed by
18   plaintiff, I'll take a look at it.  Then probably by minute
19   order we will be back in touch with you on a briefing schedule.
20   If it is filed soon enough, we will probably address that on
21   the 17th as well, but we will see.
22          With respect to the depositions of the third-party
23   licensees, I don't see any realistic option other than just
24   saying that those shall be taken between October 14th and
25   November 11th.  If it turns out that plaintiff needs additional
```

24

```
 1   discovery based upon what is learned in those depositions, I
 2   certainly will -- well, I plan to allow it.  And if defendant
 3   does not prevail on its motion to compel, that may or may not
 4   be reciprocal discovery.  It may be one-sided.  I want to see,
 5   really, you know, who is behaving appropriately, who is not.
 6          But the depositions of the licensees will have to be
 7   done between October 14th and November 11th.  But as I said, if
 8   you find that you need additional discovery from that, I will
 9   probably allow it.  And depending upon how defendants' motion
10   turns out, it may or may not be reciprocal.
11          It looks like Mr. King is off the agenda.
12          I think that takes care of the European-based
13   custodians; the licensee depositions.
14          I do want to say about the 30(b)(6) in a moment.
15          Then with respect to redactions, it does sound like
16   you might be able to resolve the problem tomorrow.  Let me add
17   the following just in case you can't resolve it:  If anything
18   is redacted based upon attorney-client privilege, there needs
19   to be a privilege list that specifically describes why those
20   things are being redacted.
21          If there are redactions that are not based on
22   attorney-client privilege or work product privilege -- I'll
23   treat it the same way -- then there needs to be a separate
24   document explaining the legal basis for any redactions based on
25   things other than attorney-client privilege or work-product
```