# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity; **REEBOK INTERNATIONAL LTD.**, a Massachusetts corporation; and **REEBOK INTERNATIONAL LIMITED**, a foreign entity, | Case No. 3:15-cv-2113-SI<br><br>**OPINION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | |
| v. | |
| **TRB ACQUISITIONS LLC**, a New York limited liability company, *et al.*, | |
| Defendants. | |

R. Charles Henn, Jr., Charles H. Hooker, III, and Nichole Davis Chollet, KILPATRICK TOWNSEND & STOCKTON LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309; Stephen M. Feldman, PERKINS COIE LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209. Of Attorneys for Plaintiffs.

Michelle Mancino Marsh, Allen G. Reiter, Eric Roman, Alissa G. Friedman, Lindsay Korotkin, and Phaik Lin Goh, ARENT FOX LLP, 1675 Broadway, New York, NY 10019; Kenneth R. Davis II, Parna A. Mehrbani, and Hans H. Huggler, LANE POWELL PC, 601 SW Second Avenue, Suite 2100, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

PAGE 1 – OPINION AND ORDER

In this lawsuit, Plaintiffs adidas and Reebok (collectively, "Plaintiffs")[1] allege claims of trademark infringement, unfair competition, trademark dilution, and deceptive trade practices against Defendant TRB Acquisitions LLC ("TRB") and fourteen licensees of TRB (the "Licensee Defendants").[2] Before the Court is Plaintiffs' Motion to Compel Production of Documents ("Motion to Compel"). ECF 131. Although there are a few concrete and specific matters presented for the Court to resolve, in general Plaintiffs' Motion to Compel mostly expresses Plaintiffs' skepticism that TRB has engaged in a diligent, sufficient, and reasonable search for and production of responsive documents. TRB maintains that it has. As discussed more fully below, the Court grants in part and defers in part Plaintiffs' Motion to Compel.

## APLICABLE RULES GOVERNING DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Federal Rule of Civil Procedure 34(a) provides, among other things, that a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit inspection and copying of any designated documents or electronically stored information ("ESI")

---

[1] Except when expressly noted, the Court refers to Plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V. collectively as "adidas." Similarly, except when expressly noted, the Court refers to Plaintiffs Reebok International Ltd. and Reebok International Limited collectively as "Reebok."

[2] The Court refers to TRB and the Licensee Defendants collectively as "Defendants."

in the responding party's possession, custody, or control. Rule 34(b)(2)(A) provides that the

party to whom the request is directed must respond in writing within 30 days after being served.

In addition, Rule 34(b)(2)(B) and (C) state:

> (B) *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. . . .

> (C) *Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B), (C).

Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling

disclosure or discovery. In addition, Rule 37(a)(5) provides:

> (5) *Payment of Expenses; Protective Orders*.

> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

PAGE 3 – OPINION AND ORDER

## BACKGROUND

### A.  The Lawsuit

On November 10, 2015, five adidas-related corporate entities commenced this lawsuit. Two of the plaintiffs are United States corporations, and three of the plaintiffs are European business entities organized under the laws of Germany, the Netherlands, and England. Plaintiff adidas America, Inc. ("adidas America") is a Delaware corporation with its principal place of business in Portland, Oregon. Plaintiff adidas AG is a joint stock company organized and existing under the laws of Germany with its principal place of business in Germany. Plaintiff adidas International Marketing B.V. is organized under the laws of the Netherlands with its principal place of business in the Netherlands. Plaintiff Reebok International Ltd. ("Reebok USA") is a Massachusetts corporation with its principal place of business in Canton, Massachusetts. Plaintiff Reebook International Limited ("Reebok UK") is a corporation organized and existing under the laws of England.

The adidas-named entities manufacture, market, advertise, promote, distribute, and sell footwear and apparel bearing the Three-Stripe trademark (the "Three-Stripe Mark"). The adidas-named entities also use a triangular logo that incorporates the Three-Stripe Mark (the "Badge of Sport Mark"). Plaintiff adidas AG is the owner of United States trademark registrations for several iterations of its Three-Stripe Mark. Plaintiff adidas International Marketing B.V. is the owner of trademark registrations for the Badge of Sport mark.

The Reebok-named entities manufacture, market, advertise, promote, distribute, and sell footwear and apparel under the REEBOK trademark and the RBK trademark (the "RBK Mark"). Plaintiff Reebok UK is the owner of the REEBOK and RBK marks. Plaintiff Reebok USA advertises and distributes all REEBOK-branded and RBK-branded products in the United States.

Plaintiff adidas AG wholly owns Plaintiff Reebok USA, and Plaintiff Reebok USA wholly owns Reebok UK.

Defendant TRB owns all rights, interest, and title in and to the RBX trademark (the "RBX Mark"). TRB licenses the use of the RBX Mark to others, including the Licensee Defendants, in accordance with the terms of several license agreements. Plaintiffs allege, among other things, that the RBX Mark infringes the Badge of Sport Mark and the RBK Mark.

**B.  Plaintiffs' Requests for Production and Defendants' Responses**

On January 15, 2016, Plaintiffs served their first set of document requests on Defendant TRB. Plaintiffs' first request was 23 pages in length and contained 90 separate requests. ECF 132-2. On May 18, 2016, Plaintiffs served their second set of document requests on TRB. Plaintiffs' second request was 10 pages in length and contained an additional 34 requests, resulting in a total of 124 separate requests for production. ECF 132-3. TRB's responses and objections to Plaintiffs' First Request was 55 pages in length. ECF 132-5. TRB's responses and objections to Plaintiffs' Second Request was 25 pages in length. ECF 132-6. TRB's second amended responses and objections to Plaintiffs' First Request was 119 pages in length. ECF 132-7. In response to Plaintiffs' discovery requests and before Plaintiffs filed their Motion to Compel, TRB produced documents to Plaintiffs on: (i) May 20, 2016; (ii) June 9, 2016; (iii) July 7, 2016; (iv) August 16, 2016; (v) August 17, 2016; (vi) August 18, 2016; and (vii) October 6, 2016. ECF 132 ¶ 6. In addition, after Plaintiffs filed their Motion to Compel, Defendants made several additional "supplemental productions." *See* ECF `142.

Plaintiffs also served documents requests on the Licensee Defendants. According to Plaintiffs' Motion to Compel, "all the Defendants together have produced a mere 9,500 documents, approximately 7,000 of which are merely pictures of RBX-branded products."

ECF 131 at 3. In their Motion to Compel, Plaintiffs express skepticism that all responsive

documents have been produced to Plaintiffs by TRB and the Licensee Defendants.

      In addition to document requests, Plaintiffs served 19 interrogatories on TRB.

ECF 132-1. In TRB's second amended responses and objections to Plaintiffs' first set of

interrogatories, TRB stated that, pursuant to Fed. R. Civ. P. 33(d), it will produce to Plaintiffs

documents in lieu of providing interrogatory answers in response to Plaintiffs' Interrogatory Nos.

4, 8, and 10. ECF 132-7. According to Plaintiffs, however, TRB has not yet done so. ECF 131

at 5 n.4.

      Plaintiffs also inform the Court that on September 29, 2016, Plaintiffs took a deposition

pursuant to Fed. R. Civ. P. 30(b)(6) of TRB's corporate designee regarding its document

collection and production. TRB's designee was Mr. Jeffrey Tebele, who works for an outside

information technology vender retained by TRB. Mr. Tebele testified that in the latter part of

2015 or the early part of 2016, at the direction of Defendants' litigation counsel, Mr. Tebele

collected documents and emails from ten document custodians. ECF 132-22 at 2, 11-12

(Tr. 30:7-18, 40:22-41:14). According to Mr. Tebele at the Rule 30(b)(6) deposition, he turned

over to Defendants' counsel everything that he collected. *See, e.g.*, *id.* at 22 (Tr. 109:7-25).

      According to Plaintiffs,

> TRB, [Licensee Defendant] Cutie Pie Baby, and [Licensee
> Defendant] RBX.com collected and handed over to TRB's
> attorneys entire categories of documents which Defendants had not
> produced, including: TRB's comprehensive financial records,
> costs, profits information, and royalty reports (*id.*, Ex. V at 36:7-
> 37:7; 40:7-12; 41:4-14); communications between TRB and the
> Licensee Defendants (*id.* at 31:21-24; 34:2-11); communications
> between Defendants and their customers (*id.* at 66:24-67:7);
> communications between TRB and its advertising or web-design
> personnel and agency *(id.* at 68:9-16); communications regarding
> product designs; presentations to or from the Licensee Defendants
> or customers (*id.* at 33:7-11; 70:7-71:11); and instructions to the

> Licensee Defendants regarding their use of the RBX mark and/or the RBX logo (*id*. at 71:20-72:17).

ECF 131 at 8 (footnotes omitted). Plaintiffs also state:

> Despite Mr. Tebele's testimony that TRB maintains a comprehensive financial database (*id*., Ex. V at 35:13-41:19), no comprehensive reports have been produced. *Id*. ¶ 29. Similarly, despite Mr. Tebele's testimony that TRB emails "regularly" with the Licensee Defendants (*id*., Ex. V at 34:1-12), only a smattering of emails between TRB and the Licensee Defendants have been produced. *Id*. ¶ 29. For example, Defendants have produced no correspondence regarding product approval, use of the marks at issue, advertising plans, or similar basic licensor-licensee communications. *Id*.

ECF 131 at 9.

In response, TRB asserts: (1) Plaintiffs' motion concerns 44 separate requests for production and is only directed at TRB, not at the responses by any of the Licensee Defendants; (2) no responsive documents exist in TRB's possession, custody, or control for 11 of Plaintiffs' 44 requests; and (3) 16 of Plaintiffs' requests merely require the production of documents sufficient to identify certain items or representative examples of certain items. ECF 138 at 3. TRB also explains that Mr. Tebele's role was "limited to collecting *all* of the documents possessed by custodians at TRB as well as others who were not TRB employees but were involved in TRB's business." *Id*. at 4 (footnote omitted) (emphasis in original). TRB adds that neither Mr. Tebele nor TRB "ran any search terms against those documents" and that Mr. Tebele "collected approximately 300 gigabytes of data from TRB." *Id*.

TRB further argues that Plaintiffs' motion fails to identify any discovery violation by any Defendant Licensee, that responsive documents have already been produced to Plaintiffs, that other responsive documents have already been produced by the Defendant Licensees and Plaintiffs agreed that TRB need not produce duplicate documents, that TRB does not have any documents responsive to certain requests, that certain requests are overbroad and not

proportional to the needs of the case and are the subject of TRB's timely objections, and that

certain cost and other financial information sought by Plaintiffs would be unduly burdensome for

TRB to generate at this time. *Id*. at 6-9.

Concerning this final point, TRB specifically refers to Plaintiffs' Requests for Production

("RFP") Nos. 103, 104, and 105. Those requests seek:

> 103.  Documents sufficient to identify all costs or expenses –
> whether fixed or variable – incurred by TRB (or any business unit
> of TRB) in connection with the Disputed Products, including profit
> and loss statements.
>
> 104.  Documents sufficient to identify the profit margin realized by
> TRB (or any business unit of TRB) in connection with the
> Disputed Products, including contribution margin statements.
>
> 105.  Documents sufficient to identify the net profits earned or the
> net losses suffered by TRB (or any business unit of TRB) in
> connection with the Disputed Products, including income
> statements.

ECF 132-3 at 6. In response to Plaintiffs' discussion of these three RFPs, TRM asserts: "As

RFPs 103, 104, and 105 are more properly directed to financial or economic experts, TRB

submits that it has no obligation to respond to them at this time." ECF 138 at 9.

In addition, in reply to TRB more general comments  in its response, Plaintiffs also state:

> in recent depositions, numerous Licensee Defendants confirmed
> that TRB exchanged emails with them related to license
> agreements, royalties, product designs, sales, marketing,
> packaging, and quality control, and some Licensee Defendants also
> testified to using a cloud storage portal (Box.com) to communicate
> with TRB—but these emails have not been produced by any of the
> Defendants.

ECF 141 at 3. Plaintiffs add that their motion was directed against all Defendants, *id*. at 4, and

that Mr. Tebele, during his Rule 30(b)(6) deposition, confirmed:

> (1) TRB communicates with its customers, web-design personnel
> and agencies, and the Licensee Defendants via email, (2) TRB
> communicates with the Licensee Defendants through its cloud

>storage portal (Box.com), and (3) that Mr. Tebele collected "all of
>the documents possessed by custodians at TRB" more than six
>months before TRB produced any documents to Plaintiffs.

*Id*. at 5 (footnotes omitted). Plaintiffs also assert that TRB has collected royalties based on

hundreds of millions of dollars in sales of RBX-labeled products made by the Licensee

Defendants and that TRB requires most of its licensees to "(1) send designs to TRB for approval,

(2) submit products for quality testing, (3) invest in marketing and advertising of the RBX mark,

and (4) make royalty payments." *Id*. Finally, in their Sur-Reply, TRB reiterates that the discovery

provided by the Licensee Defendants are not properly at issue in Plaintiffs' pending Motion to

Compel, that TRB itself is a small enterprise and never had more than five full-time employees

at any given time, and that Defendants' counsel ran search terms and keywords on the gathered

ESI that were designed to identify responsive documents. ECF 144.

## DISCUSSION

### A.  Whether the Licensee Defendants Are Included in Plaintiffs' Motion to Compel

Plaintiffs maintain that both TRB and the 14 separate Licensee Defendants are all part of

Plaintiffs' Motion to Compel. Plaintiffs, however, do not specifically identify which Licensee

Defendants are not in compliance with which specific requests for production. Given the current

state of the motion papers and responses, the Court is unable fairly and meaningfully to rule on

Plaintiffs' Motion to Compel with regard to any specific Defendant Licensee. The Court,

therefore, construes Plaintiffs' Motion to Compel to be only against TRB. Because Mr. Tebele,

however, has already gathered extensive ESI that is now actually or constructively in the

custody, possession, or control of TRB, this Opinion and Order will apply to the entirety of

whatever Mr. Tebele has collected, regardless of its source. In addition, after Plaintiffs

meaningfully hold a further in-person or telephonic discovery conference, Plaintiffs have leave

to file, if necessary, separate motions to compel directed against any of the individual Licensee Defendants.

**B.  TRB's Responses to Plaintiffs' RFP Nos. 103, 104, and 105**

There is nothing premature about Plaintiffs' RFP Nos. 103, 104, and 105, and Plaintiffs need not wait to receive the requested information or direct their requests only to Defendants' financial or economic experts. Indeed, part of the purpose of civil discovery is to allow Plaintiffs to gather this sort of information so that Plaintiffs may provide the data to their own financial or economic experts. Responsive information, therefore, must be produced. If, however, Defendants continue to assert that they are technologically or financially unable to generate the specific information that Plaintiffs seek, then Defendants must allow Plaintiffs or their experts, pursuant to the "attorneys' eyes only" terms of the Stipulated Protective Order (ECF 98) if Defendants so request, to have sufficient access to Defendants' financial data in electronic format so that Plaintiffs or their outside experts may perform the requested analyses themselves. TRB shall comply with this direction within two weeks from the date of this Opinion and Order.

**C.  Plaintiffs' Interrogatory Nos. 4, 8, and 10**

TRB shall either answer Interrogatory Nos. 4, 8, and 10 or shall provide documents from which the answers may be determined. TRB shall comply with this direction within two weeks from the date of this Opinion and Order.

**D.  Remaining Requests for Production**

In response to many of Plaintiffs' other requests for production, TRB objects that those requests are overbroad and not proportional to the needs of the case. It does not appear, however, that TRB has fully complied with its obligations under Rule 34(b)(2)(C). It must do so within two weeks from the date of this Opinion and Order.

Further, the Court is concerned about the rising expense of discovery in this case and related issues of proportionality (for all parties). Therefore, the Court directs the parties to hold a meaningful additional discovery conference either in person or over the telephone within two weeks from the date of this Opinion and Order.[3] At this conference, the parties must discuss, at the minimum, how Plaintiffs reasonably may become satisfied that TRB has engaged in or promptly will perform reasonable steps to gather, identify, and produce responsive documents. The Court is considering several options, but would prefer the parties to discuss these issues and options with each other before the Court makes any further rulings.

One option under consideration by the Court is to direct TRB to provide Plaintiffs with the search terms, keywords, and related ESI parameters that TRB already has used and, if appropriate, to perform additional searches of the already-gathered ESI with any further terms, keywords, or parameters that Plaintiffs may designate. On the one hand, this may assist Plaintiffs in ensuring that they have appropriately obtained responsive documents. On the other hand, this approach contains the potential for mischief in that it may be abused by Plaintiffs in order to increase TRB's discovery costs without resulting in any meaningful and proportional discovery benefit for Plaintiffs.

Another option under consideration by the Court is simply to require TRB to make available to Plaintiffs for their own searching the entirety of the ESI that Mr. Tebele has already gathered (approximately 300 gigabytes), in a suitable electronic and searchable format, excluding only attorney-client privileged material and attorney work product. In light of TRB's relatively small enterprise size and the ability of Defendants' counsel to run search terms and keywords, locating and segregating attorney-client privilege material and attorney work product

---

[3] Merely exchanging emails is insufficient compliance with this direction.

and then excluding that material from production might not be particularly demanding, expensive, or burdensome for TRB. This option also should at least be evaluated by the parties. Further, under this option, the Court would direct that any inadvertently produced privileged or work product material could not be used, must be returned, and would not result in any subject matter waiver. Also, because what would be produced will likely include competitively sensitive information, Defendants may provide, under this option, the entirety of this ESI production subject to the "Attorneys' Eyes Only" designation described in the parties' First Amended Stipulated Protective Order (ECF 98). This will further reduce the burden and costs to TRB of having to review all of the additional material to be produced. Under this approach, Plaintiffs may then request that specific items be appropriately re-designated after Plaintiffs have reviewed what they receive and have determined which items, if any, they reasonably need to have re-designated.

Both of these approaches seem potentially reasonable to the Court in light of the discovery history between the parties in this case. There also may be other reasonable approaches. Thus, before the Court enters any other rulings on the pending Motion to Compel, the parties are directed meaningfully to confer further. If still needed, after such a conference has been held, Plaintiffs have leave to request the Court to enter a further Order on the pending motion.

**E.  The Parties' Cross-Requests for Attorney's Fees and Expenses**

Plaintiffs have requested their reasonable attorney's fees and expenses incurred in bringing its Motion to Compel, and TRB has requested its reasonable attorney's fees and expenses incurred in opposing that motion. The Court denies both requests at this time, with leave to renew if future developments in the parties' respective discovery conduct so warrant.

**CONCLUSION**

Plaintiffs' Motion to Compel Production of Documents (ECF 131) is GRANTED IN PART AND DEFERRED IN PART. Plaintiffs' request for an award of attorney's fees and expenses and TRB's cross-request for an award of attorney's fees and expenses are denied without prejudice and with leave to renew if later warranted. Within two weeks from the date of this Opinion and Order, the discovery directed shall be provided and the parties shall conduct an additional discovery conference as directed in this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 28th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge